1
2
3
4
5
6

Honorable Ronald B. Leighton

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

9   SEAN WILSON, individually and on behalf
    of all other similarly situated,

10                        Plaintiff,

11            v.

12   PTT, LLC, a Delaware limited liability
     company d/b/a HIGH 5 GAMES, LLC, a
13   Delaware limited liability company,

14                        Defendant.

NO. 3:18-cv-05275-RBL

**DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS**

15

16       Defendant High 5 Games, LLC ("High 5"), by and through its attorneys of record,

17   Holland & Hart LLP hereby provides its responses and objections to Plaintiff Sean Wilson's

18   First Set of Request for Production of Documents as set forth below.

19       High 5 reserves the right to supplement and/or amend its responses to each Request

20   for Production as discovery unfolds.  High 5 reserves all rights to object to the competency,

21   relevancy, materiality, and admissibility of the information disclosed pursuant to each

22   Request for Production.

23       Counsel for Plaintiff and counsel for High 5 have met and conferred.  High 5 has

24   agreed to provide additional information beyond the scope of the discovery requests set forth

25   in Plaintiff Sean Wilson's First Set of Requests for Production of Documents, in the interest

26

**DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS - 1**
(3:18-CV-05275-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1   of avoiding the inefficiency and inconvenience to the parties of motion practice before the

2   Court.

### SUPPLEMENTAL RESPONSE TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Documents sufficient to Identify, including breakdowns by App and calendar year, the total number of individuals who (a) Purchased Virtual Chips from any of Your Apps during the Relevant Time Period, and (b) were, at the time of Purchase, either a Washington resident or physically located in Washington.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1

High 5 objects to this request to the extent it could be construed to seek discovery concerning information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege, right to privacy or any other applicable privilege under applicable state and federal law.

High 5 objects to this request to the extent it could be construed to seek discovery concerning information that is confidential, proprietary, and/or containing trade secret information. The parties have not yet negotiated, nor has the Court yet entered, any protective order to govern discovery in this action. High 5 will not produce any such responsive information until such time as the parties have stipulated to a protective order in this action.

High 5 objects to this request because the information it seeks is irrelevant to the issue of personal jurisdiction.

High 5 objects to the definitions of "Document," "Documents," "Electronically Stored Information," "ESI," "Media," and "Metadata," as well as the instructions, to the extent that they purport to define the scope of or otherwise govern High 5's discovery obligations with respect to electronically stored information ("ESI"). The parties have not yet negotiated any agreement, nor has the Court entered any order, regarding the scope of discovery with respect

**DEFENDANT HIGH 5 GAMES,**
**LLC'S SUPPLEMENTAL**
**RESPONSE TO PLAINTIFF SEAN**
**WILSON'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF**
**DOCUMENTS - 2**
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

to ESI.

High 5 objects to Instruction No. 6 on the ground that it is inconsistent with its rights and obligations under Fed. R. Civ. P. 34.  High 5 will endeavor to reasonably cooperate with Plaintiff in responding to Plaintiff's discovery requests and providing information on a timely basis; however, High 5 reserves all rights in this regard.  High 5 objects to Instruction Nos. 7 and 8 to the extent that they purport to require High 5 to generate documentation that does not exist in the ordinary course of business in the format requested or with respect to the content requested.

High 5 objects to this request to the extent it could be construed to seek discovery concerning information that is in the possession, custody or control of a third party.

High 5 objects to the definition of "Relevant Time Period" as overbroad and unduly burdensome.  Further, the term "Washington resident" is vague and undefined.

High 5 objects to the production of information related to Shake the Sky as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Shake the Sky is not a game Plaintiff alleges he played and is not otherwise identified in the Complaint.

**The information in this response should be regarded as Confidential pursuant to the Stipulated Protective Order to which the parties have agreed.**

███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

### REQUEST FOR PRODUCTION NO. 2

Document sufficient to Identify, including breakdowns by App and calendar year, the total numbers of times an individual (a) Purchased Virtual Chips from any of Your Apps

DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS - 3
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1  during the Relevant Time Period, and (b) was, at the time of Purchase, either a Washington

2  Resident or physically located in Washington.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

4  High 5 objects to this request to the extent it could be construed to seek discovery

5  concerning information protected from disclosure by the attorney-client privilege, the attorney

6  work product doctrine, joint defense and/or common interest privilege, right to privacy or any

7  other applicable privilege under applicable state and federal law.

8  High 5 objects to this request to the extent it could be construed to seek discovery

9  concerning information that is confidential, proprietary, and/or containing trade secret

10  information.  The parties have not yet negotiated, nor has the Court yet entered, any protective

11  order to govern discovery in this action.  High 5 will not produce any such responsive

12  information until such time as the parties have stipulated to a protective order in this action.

13  High 5 objects to this request because the information it seeks is irrelevant to the issue

14  of personal jurisdiction.

15  High 5 objects to the definitions of "Document," "Documents," "Electronically Stored

16  Information," "ESI," "Media," and "Metadata," as well as the instructions, to the extent that

17  they purport to define the scope of or otherwise govern High 5's discovery obligations with

18  respect to electronically stored information ("ESI").  The parties have not yet negotiated any

19  agreement, nor has the Court entered any order, regarding the scope of discovery with respect

20  to ESI.

21  High 5 objects to Instruction No. 6 on the ground that it is inconsistent with its rights

22  and obligations under Fed. R. Civ. P. 34.  High 5 will endeavor to reasonably cooperate with

23  Plaintiff in responding to Plaintiff's discovery requests and providing information on a timely

24  basis; however, High 5 reserves all rights in this regard.  High 5 objects to Instruction Nos. 7

25  and 8 to the extent that they purport to require High 5 to generate documentation that does not

26  **DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS - 4**
(3:18-CV-05275-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1   exist in the ordinary course of business in the format requested or with respect to the content

2   requested.

3         High 5 objects to this request to the extent it could be construed to seek discovery

4   concerning information that is in the possession, custody or control of a third party.

5         High 5 objects to the definition of "Relevant Time Period" as overbroad and unduly

6   burdensome.  Further, the term "Washington Resident" is vague and undefined.

7         High 5 objects to the production of information related to Shake the Sky as irrelevant

8   and not reasonably calculated to lead to the discovery of admissible evidence.  Shake the Sky

9   is not a game Plaintiff alleges he played and is not otherwise identified in the Complaint.

10         **The information in this response should be regarded as Confidential pursuant to**

11   **the Stipulated Protective Order to which the parties have agreed.**

DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS - 5
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1

**REQUEST FOR PRODUCTION NO. 3**

2    Documents sufficient to Identify, including breakdowns by App and calendar year, the

3    number of days out of the three hundred and sixty-five (365) days preceding the date of

4    Plaintiff's Complaint during which at least one individual (a) Purchased Virtual Chips from

5    any of Your Apps, and (b) was, at the time of Purchase, either a Washington resident or

6    physically located in Washington.

7    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

8    High 5 objects to this request to the extent it could be construed to seek discovery

9    concerning information protected from disclosure by the attorney-client privilege, the attorney

10   work product doctrine, joint defense and/or common interest privilege, right to privacy or any

11   other applicable privilege under applicable state and federal law.

12   High 5 objects to this request to the extent it could be construed to seek discovery

13   concerning information that is confidential, proprietary, and/or containing trade secret

14   information.  The parties have not yet negotiated, nor has the Court yet entered, any protective

15   order to govern discovery in this action.  High 5 will not produce any such responsive

16   information until such time as the parties have stipulated to a protective order in this action.

17   High 5 objects to this request because the information it seeks is irrelevant to the issue

18   of personal jurisdiction.

19   High 5 objects to the definitions of "Document," "Documents," "Electronically Stored

20   Information," "ESI," "Media," and "Metadata," as well as the instructions, to the extent that

21   they purport to define the scope of or otherwise govern High 5's discovery obligations with

22   respect to electronically stored information ("ESI").  The parties have not yet negotiated any

23

24

25

26   **DEFENDANT HIGH 5 GAMES,**
     **LLC'S SUPPLEMENTAL**
     **RESPONSE TO PLAINTIFF SEAN**
     **WILSON'S FIRST SET OF**
     **REQUESTS FOR PRODUCTION OF**
     **DOCUMENTS** - 6
     (3:18-CV-05275-RBL)

1  agreement, nor has the Court entered any order, regarding the scope of discovery with respect

2  to ESI.

3      High 5 objects to Instruction No. 6 on the ground that it is inconsistent with its rights

4  and obligations under Fed. R. Civ. P. 34.  High 5 will endeavor to reasonably cooperate with

5  Plaintiff in responding to Plaintiff's discovery requests and providing information on a timely

6  basis; however, High 5 reserves all rights in this regard.  High 5 objects to Instruction Nos. 7

7  and 8 to the extent that they purport to require High 5 to generate documentation that does not

8  exist in the ordinary course of business in the format requested or with respect to the content

9  requested.

10     High 5 objects to this request to the extent it could be construed to seek discovery

11  concerning information that is in the possession, custody or control of a third party.

12     High 5 objects to the definition of "Relevant Time Period" as overbroad and unduly

13  burdensome.  Further, the term "Washington Resident" is vague and undefined.

14     High 5 objects to the production of information related to Shake the Sky as irrelevant

15  and not reasonably calculated to lead to the discovery of admissible evidence.  Shake the Sky

16  is not a game Plaintiff alleges he played and is not otherwise identified in the Complaint.

17     **The information in this response should be regarded as Confidential pursuant to**

18  **the Stipulated Protective Order to which the parties have agreed.**

19  ████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████

21  ██████████████████████████████████████████████████████

22  ███████████████████████████████████████████████████

23  █████████████████████████████████████████████████████████

24  █████████████████████████████████████████████████████

25  ████████████████████████████████████████████████

26  **DEFENDANT HIGH 5 GAMES,**
    **LLC'S SUPPLEMENTAL**
    **RESPONSE TO PLAINTIFF SEAN**
    **WILSON'S FIRST SET OF**
    **REQUESTS FOR PRODUCTION OF**
    **DOCUMENTS - 7**
    (3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to Identify, including breakdowns by App and calendar year, the amount of money You received from Washington residents and from individuals physically located in Washington, Related to their Purchase of Virtual Chips from Your Apps during the Relevant Time Period.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

High 5 objects to this request to the extent it could be construed to seek discovery concerning information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege, right to privacy or any other applicable privilege under applicable state and federal law.

High 5 objects to this request to the extent it could be construed to seek discovery concerning information that is confidential, proprietary, and/or containing trade secret information. The parties have not yet negotiated, nor has the Court yet entered, any protective order to govern discovery in this action. High 5 will not produce any such responsive information until such time as the parties have stipulated to a protective order in this action.

High 5 objects to this request because the information it seeks is irrelevant to the issue of personal jurisdiction.

DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS - 8
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1   High 5 objects to the definitions of "Document," "Documents," "Electronically Stored

2   Information," "ESI," "Media," and "Metadata," as well as the instructions, to the extent that

3   they purport to define the scope of or otherwise govern High 5's discovery obligations with

4   respect to electronically stored information ("ESI").  The parties have not yet negotiated any

5   agreement, nor has the Court entered any order, regarding the scope of discovery with respect

6   to ESI.

7   High 5 objects to Instruction No. 6 on the ground that it is inconsistent with its rights

8   and obligations under Fed. R. Civ. P. 34.  High 5 will endeavor to reasonably cooperate with

9   Plaintiff in responding to Plaintiff's discovery requests and providing information on a timely

10   basis; however, High 5 reserves all rights in this regard.  High 5 objects to Instruction Nos. 7

11   and 8 to the extent that they purport to require High 5 to generate documentation that does not

12   exist in the ordinary course of business in the format requested or with respect to the content

13   requested.

14   High 5 objects to this request to the extent it could be construed to seek discovery

15   concerning information that is in the possession, custody or control of a third party.

16   High 5 objects to the definition of "Relevant Time Period" as overbroad and unduly

17   burdensome.  Further, the term "Washington residents" is vague and undefined.

18   High 5 objects to the production of information related to Shake the Sky as irrelevant

19   and not reasonably calculated to lead to the discovery of admissible evidence.  Shake the Sky

20   is not a game Plaintiff alleges he played and is not otherwise identified in the Complaint.

21   **The information in this response should be regarded as Confidential pursuant to**

22   **the Stipulated Protective Order to which the parties have agreed.**

23   █████████████████████████████████████████████████

24   ███████████████████████████████████████████████████

25   ███████████████████████████████████████████

26
**DEFENDANT HIGH 5 GAMES,**
**LLC'S SUPPLEMENTAL**
**RESPONSE TO PLAINTIFF SEAN**
**WILSON'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF**
**DOCUMENTS - 9**
(3:18-CV-05275-RBL)

Carney Badley Spellman, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Tel: (206) 622-8020  Fax: (206) 467-8215



**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to Identify, including breakdowns by App and calendar year, the cumulative number of hours that Washington residents and individuals physically located in Washington spent playing any of Your Apps during the Relevant Time Period.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

High 5 objects to this request to the extent it could be construed to seek discovery concerning information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege, right to privacy or any other applicable privilege under applicable state and federal law.

High 5 objects to this request to the extent it could be construed to seek discovery concerning information that is confidential, proprietary, and/or containing trade secret information.  The parties have not yet negotiated, nor has the Court yet entered, any protective

DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS - 10
(3:18-cv-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

order to govern discovery in this action.  High 5 will not produce any such responsive information until such time as the parties have stipulated to a protective order in this action.

High 5 objects to this request because the information it seeks is irrelevant to the issue of personal jurisdiction.

High 5 objects to the definitions of "Document," "Documents," "Electronically Stored Information," "ESI," "Media," and "Metadata," as well as the instructions, to the extent that they purport to define the scope of or otherwise govern High 5's discovery obligations with respect to electronically stored information ("ESI").  The parties have not yet negotiated any agreement, nor has the Court entered any order, regarding the scope of discovery with respect to ESI.

High 5 objects to Instruction No. 6 on the ground that it is inconsistent with its rights and obligations under Fed. R. Civ. P. 34.  High 5 will endeavor to reasonably cooperate with Plaintiff in responding to Plaintiff's discovery requests and providing information on a timely basis; however, High 5 reserves all rights in this regard.  High 5 objects to Instruction Nos. 7 and 8 to the extent that they purport to require High 5 to generate documentation that does not exist in the ordinary course of business in the format requested or with respect to the content requested.

High 5 objects to this request to the extent it could be construed to seek discovery concerning information that is in the possession, custody or control of a third party.

High 5 objects to the definition of "Relevant Time Period" as overbroad and unduly burdensome.  Further, the term "Washington residents" is vague and undefined.

High 5 objects to the production of information related to Shake the Sky as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Shake the Sky is not a game Plaintiff alleges he played and is not otherwise identified in the Complaint.

**DEFENDANT HIGH 5 GAMES, LLC'S SUPPLEMENTAL RESPONSE TO PLAINTIFF SEAN WILSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** - 11
(3:18-CV-05275-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

**The information in this response should be regarded as Confidential pursuant to the Stipulated Protective Order to which the parties have agreed.**

[redacted]

## REQUEST FOR PRODUCTION NO. 6

Document sufficient to Identify, including breakdowns by Ad Channel and calendar year, the total Ad Reach amongst Washington Residents and individuals physically located in Washington achieved by advertisements advertising Your Apps during the Relevant Time Period.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6

High 5 objects to this request to the extent it could be construed to seek discovery concerning information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, joint defense and/or common interest privilege, right to privacy or any other applicable privilege under applicable state and federal law.

High 5 objects to this request to the extent it could be construed to seek discovery concerning information that is confidential, proprietary, and/or containing trade secret information. The parties have not yet negotiated, nor has the Court yet entered, any protective order to govern discovery in this action. High 5 will not produce any such responsive information until such time as the parties have stipulated to a protective order in this action.

High 5 objects to this request because the information it seeks is irrelevant to the issue of personal jurisdiction.

DEFENDANT HIGH 5 GAMES, LLC'S SUPPLEMENTAL RESPONSE TO PLAINTIFF SEAN WILSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS - 12 (3:18-cv-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S. 701 FIFTH AVENUE, SUITE 3600 SEATTLE, WA 98104 TEL: (206) 622-8020 FAX: (206) 467-8215

High 5 objects to the definitions of "Document," "Documents," "Electronically Stored Information," "ESI," "Media," and "Metadata," as well as the instructions, to the extent that they purport to define the scope of or otherwise govern High 5's discovery obligations with respect to electronically stored information ("ESI").  The parties have not yet negotiated any agreement, nor has the Court entered any order, regarding the scope of discovery with respect to ESI.

High 5 objects to Instruction No. 6 on the ground that it is inconsistent with its rights and obligations under Fed. R. Civ. P. 34.  High 5 will endeavor to reasonably cooperate with Plaintiff in responding to Plaintiff's discovery requests and providing information on a timely basis; however, High 5 reserves all rights in this regard.  High 5 objects to Instruction Nos. 7 and 8 to the extent that they purport to require High 5 to generate documentation that does not exist in the ordinary course of business in the format requested or with respect to the content requested.

High 5 objects to this request to the extent it could be construed to seek discovery concerning information that is in the possession, custody or control of a third party.

High 5 objects to the definition of "Relevant Time Period" as overbroad and unduly burdensome.  Further, the term "Washington Residents" is vague and undefined.

High 5 objects to the production of information related to Shake the Sky as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Shake the Sky is not a game Plaintiff alleges he played and is not otherwise identified in the Complaint.

**The information in this response should be regarded as Confidential pursuant to the Stipulated Protective Order to which the parties have agreed.**

███████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

**DEFENDANT HIGH 5 GAMES, LLC'S SUPPLEMENTAL RESPONSE TO PLAINTIFF SEAN WILSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** - 13
(3:18-CV-05275-RBL)

1

2

3

4

5

6

7

8

9

10

11 **REQUEST FOR PRODUCTION NO. 7**

12    Document sufficient to Identify, including breakdowns by Ad Channel and calendar

13 year, the total number of Ad Impressions served upon Washington Residents and individuals

14 physically located in Washington that were achieved by advertisements advertising Your

15 Apps during the Relevant Time Period.

16 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

17    High 5 objects to this request to the extent it could be construed to seek discovery

18 concerning information protected from disclosure by the attorney-client privilege, the attorney

19 work product doctrine, joint defense and/or common interest privilege, right to privacy or any

20 other applicable privilege under applicable state and federal law.

21    High 5 objects to this request to the extent it could be construed to seek discovery

22 concerning information that is confidential, proprietary, and/or containing trade secret

23 information.  The parties have not yet negotiated, nor has the Court yet entered, any protective

24

25

26

**DEFENDANT HIGH 5 GAMES,**
**LLC'S SUPPLEMENTAL**
**RESPONSE TO PLAINTIFF SEAN**
**WILSON'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF**
**DOCUMENTS** - 14
(3:18-CV-05275-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1  order to govern discovery in this action.  High 5 will not produce any such responsive

2  information until such time as the parties have stipulated to a protective order in this action.

3        High 5 objects to this request because the information it seeks is irrelevant to the issue

4  of personal jurisdiction.

5        High 5 objects to the definitions of "Document," "Documents," "Electronically Stored

6  Information," "ESI," "Media," and "Metadata," as well as the instructions, to the extent that

7  they purport to define the scope of or otherwise govern High 5's discovery obligations with

8  respect to electronically stored information ("ESI").  The parties have not yet negotiated any

9  agreement, nor has the Court entered any order, regarding the scope of discovery with respect

10  to ESI.

11        High 5 objects to Instruction No. 6 on the ground that it is inconsistent with its rights

12  and obligations under Fed. R. Civ. P. 34.  High 5 will endeavor to reasonably cooperate with

13  Plaintiff in responding to Plaintiff's discovery requests and providing information on a timely

14  basis; however, High 5 reserves all rights in this regard.  High 5 objects to Instruction Nos. 7

15  and 8 to the extent that they purport to require High 5 to generate documentation that does not

16  exist in the ordinary course of business in the format requested or with respect to the content

17  requested.

18        High 5 objects to this request to the extent it could be construed to seek discovery

19  concerning information that is in the possession, custody or control of a third party.

20        High 5 objects to the definition of "Relevant Time Period" as overbroad and unduly

21  burdensome.  Further, the term "Washington Residents" is vague and undefined.

22        High 5 objects to the production of information related to Shake the Sky as irrelevant

23  and not reasonably calculated to lead to the discovery of admissible evidence.  Shake the Sky

24  is not a game Plaintiff alleges he played and is not otherwise identified in the Complaint.

25

26

**DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS** - 15
(3:18-cv-05275-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1   **The information in this response should be regarded as Confidential pursuant to**

2   **the Stipulated Protective Order to which the parties have agreed.**

3

4

5

6

7

8

9

10

11

12

13

14

15   **REQUEST FOR PRODUCTION NO. 8**

16   Document sufficient to Identify, including breakdowns by Ad Channel and calendar

17   year, the total number of Ad Impressions served upon Washington Residents and Individuals

18   physically located in Washington that were achieved by advertisements that: (a) were

19   specifically Purchased for display in Washington, and (b) advertised Your Apps during the

20   Relevant Time Period.

21   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

22   High 5 objects to this request to the extent it could be construed to seek discovery

23   concerning information protected from disclosure by the attorney-client privilege, the attorney

24

25

26   **DEFENDANT HIGH 5 GAMES,**
**LLC'S SUPPLEMENTAL**
**RESPONSE TO PLAINTIFF SEAN**
**WILSON'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF**
**DOCUMENTS - 16**
(3:18-CV-05275-RBL)

1   work product doctrine, joint defense and/or common interest privilege, right to privacy or any

2   other applicable privilege under applicable state and federal law.

3          High 5 objects to this request to the extent it could be construed to seek discovery

4   concerning information that is confidential, proprietary, and/or containing trade secret

5   information.  The parties have not yet negotiated, nor has the Court yet entered, any protective

6   order to govern discovery in this action.  High 5 will not produce any such responsive

7   information until such time as the parties have stipulated to a protective order in this action.

8          High 5 objects to this request because the information it seeks is irrelevant to the issue

9   of personal jurisdiction.

10         High 5 objects to the definitions of "Document," "Documents," "Electronically Stored

11  Information," "ESI," "Media," and "Metadata," as well as the instructions, to the extent that

12  they purport to define the scope of or otherwise govern High 5's discovery obligations with

13  respect to electronically stored information ("ESI").  The parties have not yet negotiated any

14  agreement, nor has the Court entered any order, regarding the scope of discovery with respect

15  to ESI.

16         High 5 objects to Instruction No. 6 on the ground that it is inconsistent with its rights

17  and obligations under Fed. R. Civ. P. 34.  High 5 will endeavor to reasonably cooperate with

18  Plaintiff in responding to Plaintiff's discovery requests and providing information on a timely

19  basis; however, High 5 reserves all rights in this regard.  High 5 objects to Instruction Nos. 7

20  and 8 to the extent that they purport to require High 5 to generate documentation that does not

21  exist in the ordinary course of business in the format requested or with respect to the content

22  requested.

23

24

25

26
**DEFENDANT HIGH 5 GAMES,**
**LLC'S SUPPLEMENTAL**
**RESPONSE TO PLAINTIFF SEAN**
**WILSON'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF**
**DOCUMENTS** - 17
(3:18-cv-05275-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1    High 5 objects to this request to the extent it could be construed to seek discovery

2    concerning information that is in the possession, custody or control of a third party.

3    High 5 objects to the definition of "Relevant Time Period" as overbroad and unduly

4    burdensome.  Further, the term "Washington Residents" is vague and undefined.

5    High 5 objects to the production of information related to Shake the Sky as irrelevant

6    and not reasonably calculated to lead to the discovery of admissible evidence.  Shake the Sky

7    is not a game Plaintiff alleges he played and is not otherwise identified in the Complaint.

8    **The information in this response should be regarded as Confidential pursuant to**

9    **the Stipulated Protective Order to which the parties have agreed.**

10   ███████████████████████████████████████████

11   ████████████████████████████████████████████

12   ███████████████████████████████████████████

13   ████████████████████████████████████████████

14   ### REQUEST FOR PRODUCTION NO. 9

15   Documents sufficient to Identify breakdowns by Ad Channel and calendar year, the

16   total number of Ad Impressions served nationwide by advertisements advertising Your Apps

17   during the Relevant Time Period.

18   ### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9

19   High 5 objects to this request to the extent it could be construed to seek discovery

20   concerning information protected from disclosure by the attorney-client privilege, the attorney

21   work product doctrine, joint defense and/or common interest privilege, right to privacy or any

22   other applicable privilege under applicable state and federal law.

23   High 5 objects to this request to the extent it could be construed to seek discovery

24   concerning information that is confidential, proprietary, and/or containing trade secret

25   information.  The parties have not yet negotiated, nor has the Court yet entered, any protective

26   DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS - 18
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1   order to govern discovery in this action.  High 5 will not produce any such responsive

2   information until such time as the parties have stipulated to a protective order in this action.

3        High 5 objects to the definitions of "Document," "Documents," "Electronically Stored

4   Information," "ESI," "Media," and "Metadata," as well as the instructions, to the extent that

5   they purport to define the scope of or otherwise govern High 5's discovery obligations with

6   respect to electronically stored information ("ESI").  The parties have not yet negotiated any

7   agreement, nor has the Court entered any order, regarding the scope of discovery with respect

8   to ESI.

9        High 5 objects to Instruction No. 6 on the ground that it is inconsistent with its rights

10  and obligations under Fed. R. Civ. P. 34.  High 5 will endeavor to reasonably cooperate with

11  Plaintiff in responding to Plaintiff's discovery requests and providing information on a timely

12  basis; however, High 5 reserves all rights in this regard.  High 5 objects to Instruction Nos. 7

13  and 8 to the extent that they purport to require High 5 to generate documentation that does not

14  exist in the ordinary course of business in the format requested or with respect to the content

15  requested.

16       High 5 objects to this request to the extent it could be construed to seek discovery

17  concerning information that is in the possession, custody or control of a third party.  High 5

18  objects to the definition of "Relevant Time Period" as overbroad and unduly burdensome.

19  High 5 objects to the production of information related to Shake the Sky as irrelevant and not

20  reasonably calculated to lead to the discovery of admissible evidence.  Shake the Sky is not a

21  game Plaintiff alleges he played and is not otherwise identified in the Complaint.

22       High 5 additionally objects to this document request on the following grounds:  The

23  scope of discovery at this juncture is limited to discovery that is relevant to the issue of

24  whether the Court has personal jurisdiction over High 5 in connection with this action.  To the

25  extent that this document request purports to require High 5 to produce customer data or

26

**DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS** - 19
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

information on a nationwide basis without regard to customer location, the request seeks

information that is irrelevant to the issue of personal jurisdiction, overbroad, unduly

burdensome, not proportional to the needs of the case, considering the importance of the

issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues,

and whether the burden or expense of the proposed discovery outweighs its likely benefit, and

High 5 objects.

**The information in this response should be regarded as Confidential pursuant to the Stipulated Protective Order to which the parties have agreed.**

DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS - 20
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1  **REQUEST FOR PRODUCTION NO. 10**

2      Documents sufficient to Identify, including breakdowns by Ad Channel and calendar

3  year, the total amount of money spent on digital advertisements advertising Your Apps

4  nationwide during the Relevant Time Period.

5      **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

6      High 5 objects to this request to the extent it could be construed to seek discovery

7  concerning information protected from disclosure by the attorney-client privilege, the attorney

8  work product doctrine, joint defense and/or common interest privilege, right to privacy or any

9  other applicable privilege under applicable state and federal law.

10      High 5 objects to this request to the extent it could be construed to seek discovery

11  concerning information that is confidential, proprietary, and/or containing trade secret

12  information.  The parties have not yet negotiated, nor has the Court yet entered, any protective

13  order to govern discovery in this action.  High 5 will not produce any such responsive

14  information until such time as the parties have stipulated to a protective order in this action.

15      High 5 objects to the definitions of "Document," "Documents," "Electronically Stored

16  Information," "ESI," "Media," and "Metadata," as well as the instructions, to the extent that

17  they purport to define the scope of or otherwise govern High 5's discovery obligations with

18  respect to electronically stored information ("ESI").  The parties have not yet negotiated any

19  agreement, nor has the Court entered any order, regarding the scope of discovery with respect

20  to ESI.

21      High 5 objects to Instruction No. 6 on the ground that it is inconsistent with its rights

22  and obligations under Fed. R. Civ. P. 34.  High 5 will endeavor to reasonably cooperate with

23  Plaintiff in responding to Plaintiff's discovery requests and providing information on a timely

24  basis; however, High 5 reserves all rights in this regard.  High 5 objects to Instruction Nos. 7

25  and 8 to the extent that they purport to require High 5 to generate documentation that does not

26  

**DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS** - 21
(3:18-CV-05275-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1   exist in the ordinary course of business in the format requested or with respect to the content

2   requested.

3       High 5 objects to this request to the extent it could be construed to seek discovery

4   concerning information that is in the possession, custody or control of a third party.

5       High 5 objects to the definition of "Relevant Time Period" as overbroad and unduly

6   burdensome.

7       High 5 objects to the production of information related to Shake the Sky as irrelevant

8   and not reasonably calculated to lead to the discovery of admissible evidence.  Shake the Sky

9   is not a game Plaintiff alleges he played and is not otherwise identified in the Complaint.

10      High 5 additionally objects to this document request on the following grounds:  The

11  scope of discovery at this juncture is limited to discovery that is relevant to the issue of

12  whether the Court has personal jurisdiction over High 5 in connection with this action.  To the

13  extent that this document request purports to require High 5 to produce customer data or

14  information on a nationwide basis without regard to customer location, the request seeks

15  information that is irrelevant to the issue of personal jurisdiction, overbroad, unduly

16  burdensome, not proportional to the needs of the case, considering the importance of the

17  issues at stake in the action, the amount in controversy, the parties' relative access to relevant

18  information, the parties' resources, the importance of the discovery in resolving the issues,

19  and whether the burden or expense of the proposed discovery outweighs its likely benefit, and

20  High 5 objects.

21      **The information in this response should be regarded as Confidential pursuant to**

22  **the Stipulated Protective Order to which the parties have agreed.**

23  ███████████████████████████████████

24  ███████████████████████████████████████

25  ███████████████████████████████████

26
**DEFENDANT HIGH 5 GAMES,**
**LLC'S SUPPLEMENTAL**
**RESPONSE TO PLAINTIFF SEAN**
**WILSON'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF**
**DOCUMENTS -** 22
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215



DATED this 10th day of September, 2018.

       *s/ Christopher A. Wright*
Christopher A. Wright, WSBA #26601
Emilia J. Sweeney, WSBA #23371
Attorneys for Defendant
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Tel: (206) 622-8020 / Fax: (206) 467-8215


       *s/ Erik F. Stidham*
Erik F. Stidham (Admitted *Pro Hac Vice*)
Teague I. Donahey (Admitted *Pro Hac Vice*)
Jennifer M. Jensen *(Admitted Pro Hac Vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702
Tel: (208) 342-5000
Fax: (208) 343-8869
efstidham@hollandhart.com
tidonahey@hollandhart.com
jmjensen@hollandhart.com

Robert C. Ryan (Admitted *Pro Hac Vice*)
HOLLAND & HART LLP

**DEFENDANT HIGH 5 GAMES,**
**LLC'S SUPPLEMENTAL**
**RESPONSE TO PLAINTIFF SEAN**
**WILSON'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF**
**DOCUMENTS - 23**
(3:18-cv-05275-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

5441 Kietzke Lane
Reno, NV 89511
Tel: (775) 327-3000
rcryan@hollandhart.com

DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS - 24
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1

## CERTIFICATE OF SERVICE

2

     I hereby certify that on this 10th day of September, 2018, I served the above mentioned

3

paper via Email and U.S. Mail to the following:

4

     **Attorneys for Plaintiff**
Janissa Ann Strabuk

5

Cecily C. Shiel
TOUSLEY BRAIN STEPHENS PLLC

6

1700 7th Ave Ste 2200
Seattle WA  98101-4416

7

Tel: (206) 682-5600
jstrabuk@tousley.com

8

cshiel@tousley.com

9

     **Attorneys for Plaintiff**

10

Benjamin H. Richman
EDELSON PC

11

350 North LaSalle St 14th Fl
Chicago IL  60654

12

Tel: (312) 589-6370
brichman@edelson.com

13

14

     **Attorneys for Plaintiff**
Todd Logan

15

Rafey S. Balabanian
Eve-Lynn Rapp

16

EDELSON PC

17

123 Townsend St Ste 100
San Francisco CA  94107

18

Tel: (415) 638-9660
tlogan@edelson.com

19

rbalabanian@edelson.com
erapp@edelson.com

20

21

22

     */s/ Stacy Gust*
     Stacy Gust, Legal Assistant

23

24

11390726_1

25

26

**DEFENDANT HIGH 5 GAMES,
LLC'S SUPPLEMENTAL
RESPONSE TO PLAINTIFF SEAN
WILSON'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS** - 25
(3:18-CV-05275-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215