Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>PTT, LLC, a Delaware limited liability company d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>    Defendant. | NO. 3:18-cv-05275-RBL<br><br>**ANSWER TO COMPLAINT**<br><br>**JURY DEMAND** |

Defendant High 5 Games, LLC ("High 5"), by and through its attorneys of record, Holland & Hart LLP, admits, denies, and states as follows in response to the Class Action Complaint ("Complaint") filed by Plaintiff Sean Wilson ("Wilson") on April 6, 2018.

## NATURE OF THE ACTION[1]

1.  Responding to paragraph 1 of the Complaint, High 5 admits that it develops video games for the online market; that at least some video games in the online market are from time-to-time referred to as "casual games"; and that High 5's online video games appeal to a mass audience and are popular. Except as so admitted, High 5 denies the allegations contained in paragraph 1.

---

[1] High 5's Answer repeats the same headings utilized in the Complaint filed by Wilson simply for organizational clarity, and by doing so High 5 does not concede the accuracy or appropriateness of such headings or waive any objections thereto.

ANSWER TO COMPLAINT -1
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

2.      Responding to paragraph 2 of the Complaint, High 5 admits that High 5 online video games can be played on the Apple iOS, Android, and Facebook platforms.  Except as so admitted, High 5 denies the allegations contained in paragraph 2.

3.      Responding to paragraph 3 of the Complaint, High 5 admits that individuals playing its online video games are awarded free virtual coins when they begin playing a game.  Except as so admitted, High 5 denies the allegations contained in paragraph 3.

4.      Responding to paragraph 4 of the Complaint, High 5 denies the allegations.

5.      Responding to paragraph 5 of the Complaint, High 5 admits that this action was filed by Wilson.  Except as so admitted, High 5 denies the allegations contained in paragraph 5.

## PARTIES

6.      Responding to paragraph 6 of the Complaint, High 5 lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

7.      Responding to paragraph 7 of the Complaint, High 5 admits that it is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located at One World Trade Center, Floors 58 and 59, New York, New York 10007, and High 5 further avers that its formal legal name is no longer PTT, LLC.  Except as so admitted and averred, High 5 denies the allegations contained in paragraph 7.

## JURISDICTION AND VENUE

8.      Responding to paragraph 8 of the Complaint, High 5 denies the allegations.

9.      Responding to paragraph 9 of the Complaint, High 5 denies the allegations.

10.     Responding to paragraph 10 of the Complaint, High 5 denies the allegations.

## FACTUAL ALLEGATIONS

11.     Responding to paragraph 11 of the Complaint, High 5 admits that technology associated with mobile telephone devices has developed over time; that various types of online video games have been developed for play on mobile devices; that at least some video

ANSWER TO COMPLAINT -2
(3:18-CV-05275-RBL)

1  games in the online market are from time-to-time referred to as "free-to-play" video games;

2  and that in some instances at least some online video games permit players to purchase

3  various items in transactions that are from time-to-time referred to as "micro-transactions" or

4  "in-app purchases."  Except as so admitted, High 5 denies the allegations contained in

5  paragraph 11.

6        12.     Responding to paragraph 12 of the Complaint and footnotes 1 and 2 thereto,

7  High 5 denies the allegations.  High 5 further avers that the articles referenced therein are not

8  proper subjects of judicial notice.

9        13.     Responding to paragraph 13 of the Complaint and footnote 3 thereto, High 5

10  denies the allegations.  High 5 further avers that the articles referenced therein are not proper

11  subjects of judicial notice.

12        14.     Responding to paragraph 14 of the Complaint and footnote 4 thereto, High 5

13  denies the allegations.  High 5 further avers that the articles referenced therein are not proper

14  subjects of judicial notice.

15        15.     Responding to paragraph 15 of the Complaint and footnote 5 thereto, High 5

16  denies the allegations.  High 5 further avers that the articles referenced therein are not proper

17  subjects of judicial notice.

18        16.     Responding to paragraph 16 of the Complaint and footnote 6 thereto, High 5

19  denies the allegations.  High 5 further avers that the articles referenced therein are not proper

20  subjects of judicial notice.

21        17.     Responding to paragraph 17 of the Complaint and footnote 7 thereto, High 5

22  denies the allegations.  High 5 further avers that the articles referenced therein are not proper

23  subjects of judicial notice.

24        18.     Responding to paragraph 18 of the Complaint and footnote 8 thereto, High 5

25  denies the allegations.  High 5 further avers that the articles referenced therein are not proper

26  subjects of judicial notice.

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

19.     Responding to paragraph 19 of the Complaint and footnote 9 thereto, High 5 denies the allegations.  High 5 further avers that the articles referenced therein are not proper subjects of judicial notice.

20.     Responding to paragraph 20 of the Complaint, High 5 admits that it is a leading developer and provider of game content for "land-based" platforms; that High 5 was the developer of the Da Vinci Diamonds game, which was released in 2008 and was one of the best performing games in High 5's history; and that High 5 subsequently launched the Golden Goddess and Black Widow games, both of which have likewise been successful and have been described as "mega hits."  Except as so admitted, High 5 denies the allegations contained in paragraph 20.

21.     Responding to paragraph 21 of the Complaint, High 5 admits that it develops video games for the online market; that at least some video games in the online market are from time-to-time referred to as "casual games"; and that High 5 online video games can be played on the Apple iOS, Android, and Facebook platforms.  Except as so admitted, High 5 denies the allegations contained in paragraph 21.

22.     Responding to paragraph 22 of the Complaint, High 5 denies the allegations.

23.     Responding to paragraph 23 of the Complaint, High 5 admits that individuals playing its online video games are awarded free virtual coins when they begin playing a game.  Except as so admitted, High 5 denies the allegations contained in paragraph 23.

24.     Responding to paragraph 24 of the Complaint, High 5 admits that it is possible that an individual playing certain High 5 online video games could be shown an image depicted in Figure 1, the wording of which speaks for itself.  Except as so admitted, High 5 denies the allegations contained in paragraph 24.

25.     Responding to paragraph 25 of the Complaint, High 5 admits that it is possible that an individual playing certain High 5 online video games could be shown the image depicted in Figure 2, the wording of which speaks for itself.  Except as so admitted, High 5 denies the allegations contained in paragraph 25.

ANSWER TO COMPLAINT -4
(3:18-CV-05275-RBL)

26.     Responding to paragraph 26 of the Complaint, High 5 denies the allegations.

27.     Responding to paragraph 27 of the Complaint, High 5 admits that it is possible that an individual playing certain High 5 online video games could be shown the image depicted in Figure 3, the wording of which speaks for itself.  Except as so admitted, High 5 denies the allegations contained in paragraph 27.

28.     Responding to paragraph 28 of the Complaint, High 5 admits that, once a player of High 5 online video games presses the spin button, no further action on his or her part is required for purposes of that spin; that the player's computer or mobile device communicates with and sends information to High 5 servers; that High 5 servers execute game algorithms that determine the outcome of a spin; and that spin outcomes do not depend on player skill.  Except as so admitted, High 5 denies the allegations contained in paragraph 28.

29.     Responding to paragraph 29 of the Complaint, High 5 admits that individuals playing High 5 online video games, at the conclusion of a spin, can continue playing the game or can exit and return at a later time to initiate a new spin; and that High 5 maintains records of each High 5 online game player's spins and virtual coin balances.  Except as so admitted, High 5 denies the allegations contained in paragraph 29.

## FACTS SPECIFIC TO PLAINTIFF WILSON

30.     Responding to paragraph 30 of the Complaint, High 5 admits that Wilson has used the High 5 Casino app, that Wilson made a single in-app purchase of virtual coins on December 17, 2016 through Apple's App Store, and that for purposes of that single in-app purchase from Apple's App Store, Wilson was using an Apple iOS device to obtain access. Except as so admitted, High 5 denies the allegations contained in paragraph 30.

31.     Responding to paragraph 31 of the Complaint, High 5 admits that, between December 17, 2016 (the date that Wilson made his single in-app purchase of virtual coins through Apple's App Store) and April 6, 2018 (the date of the Complaint):  (1) Wilson logged into the High 5 Casino on December 21 and 22, 2016, and January 1, 2017, receiving free

ANSWER TO COMPLAINT -5
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1   virtual coins but not playing any video games in each instance; and (2) Wilson logged into the

2   High 5 Casino on January 4 and 14, 2017, receiving free coins in each instance, and playing

3   the "Bah, Humbug!," "Aegean Sunset," and "Hoot Loot" video games.  Except as so

4   admitted, High 5 denies the allegations contained in paragraph 31.

5                                              **CLASS ALLEGATIONS**

6          32.      Responding to paragraph 32 of the Complaint, High 5 admits that Wilson

7   purports to bring this action as a class action lawsuit on behalf of himself and a particular

8   class of individuals, with particular people purportedly excluded from the class.  Except as so

9   admitted, High 5 denies the allegations contained in paragraph 32.

10         33.      Responding to paragraph 33 of the Complaint, High 5 denies the allegations.

11         34.      Responding to paragraph 34 of the Complaint, High 5 denies the allegations.

12         35.      Responding to paragraph 35 of the Complaint, High 5 denies the allegations.

13         36.      Responding to paragraph 36 of the Complaint, High 5 denies the allegations.

14         37.      Responding to paragraph 37 of the Complaint, High 5 denies the allegations.

15         38.      Responding to paragraph 38 of the Complaint, High 5 denies the allegations.

16         39.      Responding to paragraph 39 of the Complaint, High 5 states that no response

17  to the statement contained therein is required.  To the extent a response is required, High 5

18  avers that it reserves the right to respond should Wilson attempt to revise any aspect of his

19  "Class Allegations" or "Class Definition," and High 5 expressly preserves any and all

20  objections to any such attempted revisions.

21                                         **FIRST CAUSE OF ACTION**
                                    **Violations of Revised Code of Washington § 4.24.070**
22                                       **(On behalf of Plaintiff and the Class)**

23         40.      Responding to paragraph 40 of the Complaint, High 5 incorporates the

24  foregoing responses to Wilson's allegations as if fully set forth herein.

25         41.      Responding to paragraph 41 of the Complaint, High 5 admits that RCW

26  9.46.0289 is a statute and that the statutory language speaks for itself.  Except as so admitted,

    High 5 denies the allegations contained in paragraph 41.

ANSWER TO COMPLAINT -6
(3:18-CV-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

42.      Responding to paragraph 42 of the Complaint, High 5 admits that RCW 9.24.070 is a statute and that the statutory language speaks for itself.  Except as so admitted, High 5 denies the allegations contained in paragraph 42.

43.      Responding to paragraph 43 of the Complaint, High 5 admits that RCW 9.46.0237 is a statute and that the statutory language speaks for itself.  Except as so admitted, High 5 denies the allegations contained in paragraph 43.

44.      Responding to paragraph 44 of the Complaint, High 5 denies the allegations.

45.      Responding to paragraph 45 of the Complaint, High 5 denies the allegations.

46.      Responding to paragraph 46 of the Complaint, High 5 denies the allegations.

47.      Responding to paragraph 47 of the Complaint, High 5 denies the allegations.

48.      Responding to paragraph 48 of the Complaint, High 5 denies the allegations.

49.      Responding to paragraph 49 of the Complaint, High 5 admits that RCW 9.46.0285 is a statute and that the statutory language speaks for itself.  Except as so admitted, High 5 denies the allegations contained in paragraph 49.

50.      Responding to paragraph 50 of the Complaint, High 5 denies the allegations.

51.      Responding to paragraph 51 of the Complaint, High 5 admits that RCW 9.46.0225 is a statute and that the statutory language speaks for itself.  Except as so admitted, High 5 denies the allegations contained in paragraph 51.

52.      Responding to paragraph 52 of the Complaint, High 5 admits that RCW 9.46.0201 is a statute and that the statutory language speaks for itself.  Except as so admitted, High 5 denies the allegations contained in paragraph 52.

53.      Responding to paragraph 53 of the Complaint, High 5 admits that Wilson has filed this action, purportedly on behalf of himself and a "Class," and purportedly seeking certain relief.  Except as so admitted, High 5 denies the allegations contained in paragraph 53.

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

## SECOND CAUSE OF ACTION

**Violations of the Washington Consumer Protection Act, § RCW 19.86.010, et seq.**
**(On behalf of Plaintiff and the Class)**

54.     Responding to paragraph 54 of the Complaint, High 5 incorporates the foregoing responses to Wilson's allegations as if fully set forth herein.

55.     Responding to paragraph 55 of the Complaint, High 5 admits that RCW 19.86.010 *et seq.* is a series of statutes and that the statutory language speaks for itself. Except as so admitted, High 5 denies the allegations contained in paragraph 55.

56.     Responding to paragraph 56 of the Complaint, High 5 admits that RCW 19.86.020 is a statute and that the statutory language speaks for itself. Except as so admitted, High 5 denies the allegations contained in paragraph 56.

57.     Responding to paragraph 57 of the Complaint, High 5 admits that RCW 19.86.010 *et seq.* is a series of statutes and that the statutory language speaks for itself. Except as so admitted, High 5 denies the allegations contained in paragraph 57.

58.     Responding to paragraph 58 of the Complaint, High 5 admits that RCW 19.86.010 *et seq.* is a series of statutes and that the statutory language speaks for itself. Except as so admitted, High 5 denies the allegations contained in paragraph 58.

59.     Responding to paragraph 59 of the Complaint, High 5 denies the allegations.

60.     Responding to paragraph 60 of the Complaint, High 5 denies the allegations.

61.     Responding to paragraph 61 of the Complaint, High 5 denies the allegations.

62.     Responding to paragraph 62 of the Complaint, High 5 denies the allegations.

63.     Responding to paragraph 63 of the Complaint, High 5 denies the allegations.

64.     Responding to paragraph 64 of the Complaint, High 5 denies the allegations.

65.     Responding to paragraph 65 of the Complaint, High 5 admits that Wilson has filed this action, purportedly on behalf of himself and a "Class," and purportedly seeking certain relief. Except as so admitted, High 5 denies the allegations contained in paragraph 65.

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1
2

### THIRD CAUSE OF ACTION
**Unjust Enrichment**
**(On behalf of Plaintiff and the Class)**

3
4

66.     Responding to paragraph 66 of the Complaint, High 5 incorporates the

foregoing responses to Wilson's allegations as if fully set forth herein.

5

67.     Responding to paragraph 67 of the Complaint, High 5 denies the allegations.

6

68.     Responding to paragraph 68 of the Complaint, High 5 denies the allegations.

7

69.     Responding to paragraph 69 of the Complaint, High 5 denies the allegations.

8

70.     Responding to paragraph 70 of the Complaint, High 5 denies the allegations.

9

71.     Responding to paragraph 71 of the Complaint, High 5 admits that Wilson has

10

filed this action, purportedly on behalf of himself and a "Class," and purportedly seeking

11

certain relief.  Except as so admitted, High 5 denies the allegations contained in paragraph 71.

12

### RESPONSE TO WILSON PRAYER FOR RELIEF

13

High 5 responds that Wilson is not entitled to any relief in this action.

14

### AFFIRMATIVE DEFENSES

15

As affirmative defenses, High 5 alleges and states as follows:

16

### FIRST AFFIRMATIVE DEFENSE

17

### (Failure to State a Claim)

18

The Complaint, and each cause of action alleged therein, fails to set forth facts

19

sufficient to state a claim upon which relief may be granted against High 5 and further fails to

20

state facts sufficient to entitle Wilson or any members of the putative class to the relief sought

21

or to any other relief whatever from High 5.

22

### SECOND AFFIRMATIVE DEFENSE

23

### (Lack of Personal Jurisdiction)

24

The Court lacks personal jurisdiction over High 5.

25
26

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1

**THIRD AFFIRMATIVE DEFENSE**

2

**(Lack of Subject Matter Jurisdiction)**

3

The Court lacks subject matter jurisdiction over the putative class claims under the

4

Class Action Fairness Act, 28 U.S.C. § 1332(d).

5

**FOURTH AFFIRMATIVE DEFENSE**

6

**(Failure to Mitigate)**

7

Wilson and putative class members' claims are barred, in whole or in part, by their

8

failure to mitigate damages, if any.

9

**FIFTH AFFIRMATIVE DEFENSE**

10

**(Waiver, Estoppel, Unclean Hands, and/or Laches)**

11

Wilson's claims, and those claims Wilson purports to bring on behalf of members of

12

the putative class, are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean

13

hands, and laches.

14

**SIXTH AFFIRMATIVE DEFENSE**

15

**(Statute of Limitations)**

16

Some or all of Wilson's claims, and those claims Wilson purports to bring on behalf of

17

members of the putative class, are barred by the applicable statutes of limitations.

18

**SEVENTH AFFIRMATIVE DEFENSE**

19

**(Choice of Law)**

20

Wilson and putative class members have contractually agreed to the application of

21

New Jersey law to disputes at issue in the Complaint.

22

**EIGHTH AFFIRMATIVE DEFENSE**

23

**(Lack of Standing)**

24

Wilson's claims, and those claims Wilson purports to bring on behalf of the putative

25

class, are barred in whole or in part because Wilson and the putative class members lack

26

standing to assert the alleged claims.

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

**NINTH AFFIRMATIVE DEFENSE**

**(Consent, Notification, Ratification, Acquiescence, Authorization, Account Stated, and/or Acceptance)**

Wilson's claims, and those claims Wilson purports to bring on behalf of members of the putative class, are barred, in whole or in part, by the existence of consent, notification, ratification, acquiescence, authorization, account stated, and/or acceptance.

**TENTH AFFIRMATIVE DEFENSE**

**(Voluntary Payment Doctrine)**

Wilson's claims, and those claims Wilson purports to bring on behalf of members of the putative class, are barred by the voluntary payment doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault and/or Assumption of Risk)**

Wilson's claimed damages, and any alleged damages of putative class, are in whole or in part due to the actions and/or omissions of Wilson and putative class members, which conduct will bar such claims or reduce such claims in an amount to be determined at the time of trial.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Establish Conditions Precedent, Statutory Defenses)**

Wilson has not and cannot establish the conditions precedent to asserting any claims arising out of or relating to High 5 under the Washington Gambling Act, Recovery of Money Lost at Gambling Act, or the Washington Consumer Protection Act.  High 5 is entitled to any and all limitations of liability and defenses provided under the foregoing statutes.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Acts or Omissions of Third Parties)**

All or part of the damages alleged in the Complaint, if any, were caused by the acts and/or omissions of third parties.

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Wilson's claims, and those claims Wilson purports to bring on behalf of members of the putative class, are barred by the economic loss rule.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Reliance on Government Agencies)

Wilson's claims, and the claims of putative class members, are barred on the ground that High 5 relied on guidance from relevant government agencies, including, without limitation, the Washington Gambling Commission.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Contractual Limitations)

Wilson and putative class members are barred from recovery, in whole or in part, because of the terms to which Wilson and putative class members agreed in the applicable Terms of Use.

## PRAYER FOR RELIEF

WHEREFORE High 5 respectfully prays as follows:

A.  That Wilson takes nothing by way of his Complaint;

B.  That judgment be entered in favor of High 5 and against Wilson on all alleged causes of action;

C.  That High 5 be awarded attorneys' fees and costs of suit as may be appropriate under applicable statutes and law; and

D.  That the Court award High 5 such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

High 5 hereby demands trial by jury on all issues so triable.

ANSWER TO COMPLAINT -12
(3:18-cv-05275-RBL)

CARNEY BADLEY SPELLMAN, P.S.
701 FIFTH AVENUE, SUITE 3600
SEATTLE, WA 98104
TEL: (206) 622-8020  FAX: (206) 467-8215

1    DATED this 7th day of January, 2019.

2
                                              _s/ Christopher A. Wright_
3                                             Christopher A. Wright, WSBA #26601
                                              Emilia J. Sweeney, WSBA #23371
4                                             CARNEY BADLEY SPELLMAN, P.S.
                                              701 Fifth Avenue, Suite 3600
5                                             Seattle, Washington 98104
                                              Tel: (206) 622-8020 / Fax: (206) 467-8215
6

7                                             _s/ Erik F. Stidham_
                                              Erik F. Stidham (Admitted *Pro Hac Vice*)
8                                             Jennifer M. Jensen *(*Admitted *Pro Hac Vice*)
                                              Teague I. Donahey (Admitted *Pro Hac Vice*)
9                                             HOLLAND & HART LLP
                                              800 W. Main Street, Suite 1750
10                                            Boise, Idaho 83702
                                              Tel: (208) 342-5000 / Fax: (208) 343-8869
11                                            E-mail: efstidham@hollandhart.com
                                                     jmjensen@hollandhart.com
12                                                   tidonahey@hollandhart.com

13                                            Robert C. Ryan (Admitted *Pro Hac Vice*)
                                              HOLLAND & HART LLP
14                                            5441 Kietzke Lane
                                              Reno, Nevada 89511
15                                            Tel: (775) 327-3000 / Fax: (775) 786-6179
                                              E-mail:  rcryan@hollandhart.com
16

17

18

19

20

21

22

23

24

25

26

ANSWER TO COMPLAINT -13
(3:18-CV-05275-RBL)

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on this 7th day of January, 2019, I electronically filed the foregoing

3

**Answer to Complaint and Jury Demand** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

4

**Attorneys for Plaintiff**

5

Janissa Ann Strabuk

Cecily C. Shiel

6

TOUSLEY BRAIN STEPHENS PLLC

1700 7th Ave Ste 2200

7

Seattle WA  98101-4416

Tel: (206) 682-5600

8

jstrabuk@tousley.com

9

cshiel@tousley.com

10

**Attorneys for Plaintiff**

Benjamin H. Richman

11

EDELSON PC

12

350 North LaSalle St 14th Fl

Chicago IL  60654

13

Tel: (312) 589-6370

brichman@edelson.com

14

15

**Attorneys for Plaintiff**

Todd Logan

16

Rafey S. Balabanian

Eve-Lynn Rapp

17

EDELSON PC

123 Townsend St Ste 100

18

San Francisco CA  94107

Tel: (415) 638-9660

19

tlogan@edelson.com

20

rbalabanian@edelson.com

erapp@edelson.com

21

22

23

*/s/ Stacy Gust*

Stacy Gust, Legal Assistant

24

25

26

ANSWER TO COMPLAINT -14

(3:18-CV-05275-RBL)

**CARNEY BADLEY SPELLMAN, P.S.**

701 FIFTH AVENUE, SUITE 3600

SEATTLE, WA 98104

TEL: (206) 622-8020  FAX: (206) 467-8215