Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PTT, LLC, a Delaware limited liability company d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>    Defendant. | NO. 3:18-cv-05275-RBL<br><br>**MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC**<br><br>**NOTE ON MOTION CALENDAR: February 7, 2020** |

MOTION AND MEMORANDUM IN
SUPPORT OF MOTION FOR
PROTECTIVE ORDER RE PLAINTIFF'S
SUBPOENAS TO APPLE INC. AND
GOOGLE LLC
(3:18-CV-05275-RBL)

**HOLLAND & HART LLP**
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................... 1

II. BACKGROUND ..................................................................................................... 1

III. ARGUMENT ......................................................................................................... 3

    A. The Subpoenas Improperly Seek Data Reflecting Purchases Outside The State Of Washington. ............................................................................................... 4

    B. The Subpoenas Improperly Seek Purchase Data Outside The Statute of Limitations. ..................................................................................................... 5

    C. The Subpoenas Improperly Seek Data From In-App Purchases In High 5 Vegas. 6

        1. No claim arising from High 5 Vegas has been alleged, and Wilson may not use the Subpoenas to develop new, unpleaded claims. ................................. 6

        2. As an additional and independent basis, the Court should bar production related to High 5 Vegas because Wilson lacks standing to pursue any claim arising from High 5 Vegas. ........................................................................ 7

    D. Wilson And His Counsel May Not Obtain Names Or Contact Information Of Putative Class Members Unless And Until A Class Is Certified. ....................... 10

IV. CONCLUSION ................................................................................................... 11

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-i
(3:18-CV-05275-RBL)

**HOLLAND & HART LLP**
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Bess v. Ocwen Loan Servicing, LLC*,
  No C15-5020, 2018 WL 3625335 (W.D. Wash. May 10, 2018) ...................................... 10

*Broyles v. Convergent Outsourcing, Inc.*,
  No. C16-775-RAJ, 2017 WL 2256773 (W.D. Wash. May 23, 2017) .............................. 10

*Cabell v. Zorro Prods., Inc.*,
  294 F.R.D. 604 (W.D. Wash. 2013) .......................................................................... 3, 4

*Daniels Sharpsmart, Inc. v. Smith*,
  889 F.3d 608 (9th Cir. 2018) ........................................................................................ 4

*DeFreitas v. Tillinghast*,
  No. 2:12-CV-00235-JLR, 2013 WL 209277 (W.D. Wash. Jan. 17, 2013) ......................... 4

*Dysthe v. Basic Research LLC*,
  No. CV 09-8013 AG, 2011 WL 5868307 (C.D. Cal. June 13, 2011) ............................. 7, 8

*Hart v. Clark Cnty.*,
  758 P.2d 515 (Wash. Ct. App. 1988) ............................................................................ 6

*Healy v. Beer Inst.*,
  491 U.S. 324 (1989) ..................................................................................................... 4

*Heitfeld v. Benevolent & Protective Order of Keglers*,
  220 P.2d 655 (Wash. 1950) .......................................................................................... 5

*In re Williams Sonoma, Inc.*,
  2020 WL 131360, --- F.3d --- (9th Cir. 2020) ............................................................... 10

*Johns v. Bayer Corp.*,
  2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ..................................................................... 7

*Miller v. Ghirardelli Chocolate Co.*,
  912 F. Supp. 2d 861 (N.D. Cal. 2012) ........................................................................ 7, 8

*Murphy v. Nat'l Collegiate Athletic Ass'n*,
  138 S.Ct. 1461 (2018) ................................................................................................... 5

*S.R.L. v. Full Speed Ahead, Inc.*,
  No. C08-1372 RSM, 2010 WL 11527270 (W.D. Wash. Jan. 4, 2010) ............................. 4

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-ii
(3:18-CV-05275-RBL)

**HOLLAND & HART LLP**
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000  ●  FAX: 208.343.8869

*Sam Francis Found. v. Christies, Inc.*,
    784 F.3d 1320 (9th Cir. 2015) ................................................................................ 4, 5

*T-Mobile USA, Inc. v. Huawei Device USA, Inc.*,
    No. C14-01351 RAJ, 2016 WL 1597102 (W.D. Wash. Apr. 20, 2016) ............................... 7

*Tri-Star Elecs. Int'l, Inc. v. Preci-Dip Durtal SA*,
    No. CV 08-04226 GAF, 2012 WL 12964849 (C.D. Cal. Mar. 27, 2012) ............................. 6

*U.S. Bank N.A. for Truman 2012 SC2 Tit. Trust v. Dirwayi*,
    No. C17-5532 BHS, 2018 WL 1726402 (W.D. Wash. Apr. 10, 2018) ................................ 5

*Wash. Environmental Council v. Bellon*,
    732 F.3d 1131 (9th Cir. 2013) ................................................................................... 7

*Wilson v. Frito-Lay N. Am. Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ................................................................... 6, 7

## STATUTES

RCW 4.16.130 .................................................................................................................. 5

RCW 4.24.070 .................................................................................................................. 5

RCW 19.86.120 ................................................................................................................ 5

Washington Consumer Protection Act (RCW 19.86.010, *et seq.*) ............................................. 5

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 ............................................................................................................. 4

Fed. R. Civ. P. 26 ............................................................................................................. 3

LCR 26 ............................................................................................................................ 3

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-iii
(3:18-cv-05275-RBL)

**HOLLAND & HART LLP**
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

## I. INTRODUCTION

High 5 seeks a protective order to limit any production from Apple, Inc. ("Apple") or Google LLC ("Google") of High 5's in-app purchase data to a relevant scope, within Rule 26 discovery limits. The discovery requests in the subpoenas Plaintiff Wilson served on Apple and Google are far overbroad. The subpoenas seek in-app purchase history without geographical or temporal limit, even though Wilson's and putative class members' claims cannot reach beyond purchases in Washington, within the statute of limitations. The subpoenas also improperly seek purchase information from High 5 Vegas, an application that is not part of the claims alleged in the Complaint, that Wilson never used, and that is materially different to the application Wilson did use, High 5 Casino. A user of High 5 Vegas cannot run out of free virtual coins at any point in time. High 5 requests a protective order limiting the scope of production to solely Washington transactions from High 5 Casino during the longest potential limitations period (April 7, 2014 to the present).

Further, to the extent Apple or Google has and intends to produce the names or contact information of the individuals who made purchases responsive to the subpoenas, High 5 requests that names and contact information be withheld or redacted from any production.

## II. BACKGROUND

On January 13, 2020, Wilson's counsel sent notice to High 5 that Wilson had served subpoenas on Apple and Google. Declaration of Jennifer M. Jensen ("Jensen Decl."), Ex. A (Subpoena to Apple); *id.*, Ex. B (Subpoena to Google).

The subpoenas to Apple and Google (collectively the "Subpoenas") contain substantially similar requests, which High 5 challenges in this Motion:

**REQUEST FOR PRODUCTION NO. 1**
Documents sufficient to identify all Virtual Chip Transactions in each of the following casino apps offered on the Apple App Store: High 5 Casino and High 5 Vegas.

**REQUEST FOR PRODUCTION NO. 2**

MOTION AND MEMORANDUM IN
SUPPORT OF MOTION FOR
PROTECTIVE ORDER RE PLAINTIFF'S
SUBPOENAS TO APPLE INC. AND
GOOGLE LLC-1
(3:18-CV-05275-RBL)

**HOLLAND & HART LLP**
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

> Documents sufficient to identify all Purchase Information for all Virtual Chip Transactions responsive to Request for Production No. 1.

*Id.*, Ex. A at 5.

**REQUEST FOR PRODUCTION NO. 1**
> Documents sufficient to identify all Virtual Chip Transactions in each of the following casino apps offered on the Google Play Store: High 5 Casino and High 5 Vegas.

**REQUEST FOR PRODUCTION NO. 2**
> Documents sufficient to identify the Purchase Information for all Virtual Chip Transactions responsive to Request for Production No. 1.

*Id.*, Ex. B at 5.

The Subpoenas define "Virtual Chip Transactions" identically as "a transaction where a casino app user exchanges money for Virtual Chips." *Id.*, Ex. A at 4; *id.*, Ex. B at 4. The Subpoenas define "Purchase Information" identically as "the Date, time, dollar amount, number of Virtual Chips purchased, and UserID associated with a Virtual Chip Transaction." *Id.*, Ex. A at 3; *id.*, Ex. B at 3.

Counsel for High 5 attempted to contact via telephone and email counsel in Apple's and Google's legal departments concerning the Subpoenas. Jensen Decl., ¶¶ 4-5. High 5's counsel received no response from Apple's legal department. *Id.*

On January 27, 2020, High 5's counsel received an email from Google's legal department stating that it had served objections to Wilson's counsel but did not attach a copy of the objections. *Id.*

The next day, counsel for High 5 and counsel for Wilson held a telephone conference and met and conferred in good faith about Requests for Production 1 and 2 in the Subpoenas. *Id.*, ¶ 6. Wilson's counsel represented he had not received any response from Apple. Wilson's counsel stated that a copy of Google's objections would only be provided to High 5's counsel if Google had no objection to sharing the copy. *Id.* Wilson's counsel gave High

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-2
(3:18-CV-05275-RBL)

HOLLAND & HART LLP
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

5's counsel the name of the individual who had served the objections. *Id.* It was the same individual who had emailed High 5's counsel. *Id.* High 5's counsel sought from Google's legal department a copy of the objections. *Id.* On January 30, 2020, by return email, Google's legal department stated its refusal to provide the objections to High 5's counsel. *Id.*

The parties were unable to reach a mutually agreeable compromise on the scope of the Subpoenas, necessitating this Motion. *Id.*, ¶ 7.

## III. ARGUMENT

Federal Rule of Civil Procedure "26(c)(1) permits a party to seek a protective order from the presiding court in order to restrict the party seeking discovery from pursuing certain requests on third parties." *Cabell v. Zorro Prods., Inc.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013) (granting party's motion for protective order related to an overbroad subpoena seeking information on the party's sales and the party's business relationship with licensees); *see also* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).").

Discovery requests, including subpoenas, fall outside the scope of discovery when they seek information irrelevant to any party's claim or defense or fail Rule 26's proportionality test. Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"). Local Rule 26(f) provides that "[t]o further the application of the proportionality standard in discovery, discovery requests and related responses should be reasonably targeted, clear, and as specific as possible."

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-3
(3:18-CV-05275-RBL)

**HOLLAND & HART LLP**
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

"Where the relevance of the requested information is low, avoiding the harm that comes with the burden of overbroad discovery constitutes 'good cause' for a protective order." *Cabell*, 294 F.R.D. at 609 (quoting *DeFreitas v. Tillinghast*, No. 2:12-CV-00235-JLR, 2013 WL 209277, at *3 (W.D. Wash. Jan. 17, 2013)); *see also S.R.L. v. Full Speed Ahead, Inc.*, No. C08-1372 RSM, 2010 WL 11527270, at *2 (W.D. Wash. Jan. 4, 2010) (considering burden to third parties to produce pursuant to overbroad document requests in subpoenas and granting defendant's motion for protective order).

### A. The Subpoenas Improperly Seek Data Reflecting Purchases Outside The State Of Washington.

Only in-app purchases made in the State of Washington are potentially relevant to the claims in this lawsuit. First, the Complaint does not seek a class of individuals who made purchases anywhere but in Washington. The Complaint alleges, "**Class Definition**: Plaintiff Wilson brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and a Class of similarly situated individuals, defined as follows: All persons in the State of Washington who purchased and lost chips by wagering at Defendant High 5 Games' online casino games." Dkt. 1 (Complaint), ¶ 32. There is no valid claim that purchases outside Washington are part of this lawsuit. They are not properly discoverable, especially through this end-run attempt to obtain them from third parties.

Second, even if the Complaint alleged claims involving purchases outside Washington, those claims would be invalidated by extraterritoriality principles and the Dormant Commerce Clause. The Dormant Commerce Clause "'precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State.'" *Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608, 614 (9th Cir. 2018) (quoting *Healy v. Beer Inst.*, 491 U.S. 324, 336 (1989)) (upholding preliminary injunction against regulators' attempts to enforce California regulations against California waste disposal company's conduct outside the state). For example, the Ninth

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-4
(3:18-CV-05275-RBL)

HOLLAND & HART LLP
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

Circuit held a California statute violated the Dormant Commerce Clause when the statute required a royalty be paid on art purchases if the seller was a California resident. *Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1323-24 (9th Cir. 2015). The court reasoned that the statute regulated art purchases that might entirely occur outside California, and the fact a California resident was on one side of the transaction was not enough to save the statute from violating the Dormant Commerce Clause. *See id.* at 1323 ("We easily conclude that the royalty requirement, as applied to out-of-state sales by California residents, violates the dormant Commerce Clause.").

Purchases that occurred outside the State of Washington are irrelevant to the claims in this lawsuit. To hold that Washington statutes applied extraterritorially would improperly interpret the statutes as violating the Dormant Commerce Clause. *See Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S.Ct. 1461, 1475 (2018) (citing "the canon of interpretation that a statute should not be held to be unconstitutional if there is any reasonable interpretation that can save it").

### B. The Subpoenas Improperly Seek Purchase Data Outside The Statute of Limitations.

Apple and Google should not produce any purchase information predating April 7, 2014. Wilson has alleged three causes of action, for which the longest statute of limitations is four years. The Subpoena seeks data reflecting in-app purchases that occurred outside the limitations period. Such purchase information has no relevance to Wilson's or any absent putative class members' claims and is outside the scope of permissible discovery.

The longest potential statute of limitations in this lawsuit is four years. Wilson has asserted three causes of action: Recovery of Money Lost at Gambling (RCW 4.24.070), Washington Consumer Protection Act (RCW 19.86.010, *et seq.*), and Unjust Enrichment. Dkt. 1 (Complaint). These causes of action have statutes of limitation of four years or less. *See* RCW 19.86.120 (Washington Consumer Protection Act, four years); RCW 4.16.130

MOTION AND MEMORANDUM IN
SUPPORT OF MOTION FOR
PROTECTIVE ORDER RE PLAINTIFF'S
SUBPOENAS TO APPLE INC. AND
GOOGLE LLC-5
(3:18-CV-05275-RBL)

HOLLAND & HART LLP
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

(catchall statute of limitations, two years); *Heitfeld v. Benevolent & Protective Order of Keglers*, 220 P.2d 655, 667 (Wash. 1950) (catchall statute of limitations applies to Recovery of Money Lost at Gambling); *U.S. Bank N.A. for Truman 2012 SC2 Tit. Trust v. Dirwayi*, No. C17-5532 BHS, 2018 WL 1726402, at *7 (W.D. Wash. Apr. 10, 2018) (quoting *Hart v. Clark Cnty.*, 758 P.2d 515, 516 (Wash. Ct. App. 1988)) (unjust enrichment, three years).

The Subpoenas seek purchase information on in-app purchases with no specified date range, meaning purchases from more than four years before the Complaint (filed April 6, 2018) are arguably within the scope of documents requested. This is improper. While purchases within the limitations period (April 7, 2014 and later) may be relevant to alleged damages, purchases outside the limitations period have no relevance to the claims or defenses in this case. Further, such information is not proportional to the needs of the case, the issues at stake, or the importance of the discovery in resolving any issue.

The Court should order that Apple and Google not produce any purchase information predating April 7, 2014.

### C. The Subpoenas Improperly Seek Data From In-App Purchases In High 5 Vegas.

#### 1. No claim arising from High 5 Vegas has been alleged, and Wilson may not use the Subpoenas to develop new, unpleaded claims.

High 5 Vegas is not part of this lawsuit. No claim arising from High 5 Vegas has been alleged. A passing reference to a product plaintiff does not allege he used does not constitute a claim based on that product. *See Wilson v. Frito-Lay N. Am. Inc.*, 961 F. Supp. 2d 1134, 1141-42 (N.D. Cal. 2013) (named plaintiffs had not stated a claim as to unpurchased products when they only listed names of products they had not purchased and stated without underlying facts that the unpurchased products were "the same or similar" to the products named plaintiffs had purchased).

MOTION AND MEMORANDUM IN
SUPPORT OF MOTION FOR
PROTECTIVE ORDER RE PLAINTIFF'S
SUBPOENAS TO APPLE INC. AND
GOOGLE LLC-6
(3:18-CV-05275-RBL)

**HOLLAND & HART LLP**
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

A party may not use "discovery to develop new claims that are not already identified in the pleadings." Fed. R. Civ. P. 26 advisory committee note to 2000 amendment; *see also Tri-Star Elecs. Int'l, Inc. v. Preci-Dip Durtal SA*, No. CV 08-04226 GAF (AJWx), 2012 WL 12964849, at *3-4 (C.D. Cal. Mar. 27, 2012) (affirming denial of motion to compel because information sought was related to an unpleaded unfair competition theory and noting that a "stray allegation does not automatically become the basis of all claims that later incorporate it by reference."); *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, No. C14-01351 RAJ, 2016 WL 1597102, at *2 (W.D. Wash. Apr. 20, 2016) (granting motion for protective order because discovery was not relevant to any party's claim or defense).

Here, other than one passing reference to High 5 Vegas in the Complaint (¶ 1), there is nothing to indicate High 5 Vegas has any relation to this lawsuit at all. Plaintiff did not play High 5 Vegas. *See* ECF No. 1. There is no claim arising from High 5 Vegas. No production pursuant to the Subpoenas, relating to High 5 Vegas should be permitted.

### 2. As an additional and independent basis, the Court should bar production related to High 5 Vegas because Wilson lacks standing to pursue any claim arising from High 5 Vegas.

Additionally, Wilson lacks standing to pursue claims arising from High 5 Vegas, an app he never used, which is materially different from High 5 Casino. Standing is the plaintiff's burden to prove. *Wash. Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). Courts have held that a named plaintiff in a putative class action lacks standing to pursue claims on behalf of absent class members arising from products the named plaintiff did not purchase, unless the product named plaintiff purchased and the related analysis of the legal elements are identical in all material respects to the products he did not purchase and legal analysis related to the unpurchased products. *See, e.g.*, *Frito-Lay N. Am. Inc.*, 961 F. Supp. 2d at 1141-42 (named plaintiffs lacked standing to pursue claims arising from products they did not purchase); *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d

MOTION AND MEMORANDUM IN
SUPPORT OF MOTION FOR
PROTECTIVE ORDER RE PLAINTIFF'S
SUBPOENAS TO APPLE INC. AND
GOOGLE LLC-7
(3:18-CV-05275-RBL)

HOLLAND & HART LLP
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

861, 870-72 (N.D. Cal. 2012) (same); *Dysthe v. Basic Research LLC*, No. CV 09-8013 AG (SSx), 2011 WL 5868307, at *4 (C.D. Cal. June 13, 2011) (dismissing claim as to product named plaintiff did not buy); *Johns v. Bayer Corp.*, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (same).

For instance, in *Miller*, differences in white chocolate products would affect how the court would analyze the element of misrepresentation, so the named plaintiffs lacked standing to assert claims as to white chocolate products they had not purchased. 912 F. Supp. 2d at 870-72; *see also Dysthe*, 2011 WL 5868307, at *4 (differences in ingredients and packaging of products would affect whether advertising of the products was false, so named plaintiff lacked standing to assert claims as to unpurchased product).

Here, material differences between High 5 Casino and High 5 Vegas, two separate High 5 apps, defeat any notion that Wilson has standing to assert claims arising from High 5 Vegas. As described more fully below, in High 5 Vegas, a player cannot run out of free virtual coins at any point in the game play because there is a constant free virtual coin flow, in addition to other opportunities to obtain free virtual coins. *See* Declaration of Philip Welty ("Welty Decl."), ¶ 4. And the High 5 Vegas platform does not even offer the game called "Bah Humbug!" which Wilson played the session he made his only purchase in High 5 Casino. *Id.*, ¶ 6; ECF No. 23-7.

High 5 Casino and High 5 Vegas are two different social gaming applications created by High 5. Welty Decl., ¶ 2. Each must be downloaded separately from an app store in order to be used by a consumer on a mobile device or in separate pages on a web browser if using on a personal computing device. *Id.* Each must be opened and played separately. *Id.* The virtual coins in High 5 Casino cannot be transferred to High 5 Vegas, nor can the virtual coins in High 5 Vegas be transferred to High 5 Casino. *Id.*

For background, both High 5 Casino and High 5 Vegas offer players free virtual coins. *Id.*, ¶ 3. Both applications offer a first-time player an allotment of free virtual coins. *Id.* A

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-8
(3:18-CV-05275-RBL)

HOLLAND & HART LLP
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

player is a first-time player upon entering each of the applications for the first time. *Id.* That is, a long-time player of High 5 Casino is a first-time player of High 5 Vegas the first time he or she downloads and opens High 5 Vegas. *Id.* But after a first-time player receives his or her first allotment of free virtual coins, further free virtual coins are available in High 5 Casino and High 5 Vegas through different means. *Id.*

High 5 Vegas offers free virtual coins on a constant, ongoing basis so that the player never runs out of virtual coins. *Id.*, ¶ 4. In the High 5 Vegas app, the top center portion of the screen displays a free virtual coin counter under a button marked "COLLECT." *Id.* The free virtual coin counter is constantly ticking up the balance of available free virtual coins. *Id.* Whether the app is open or closed, the counter continues until it reaches a set maximum. *Id.* At any point in time, the player may push the "COLLECT" button, and the free virtual coins will be added to his or her bank of virtual coins. *Id.* The free virtual coin counter resumes ticking upward immediately upon collection. *Id.* High 5 Vegas offers additional free virtual coins including with a daily bonus. *Id.* One of the primary means of collecting free virtual coins in High 5 Vegas, however, is by pushing the "COLLECT" button to harvest the constantly accruing virtual coins. *Id.* A player of High 5 Vegas may collect free virtual coins without exiting a game and going to the app's "lobby." *Id.*

High 5 Casino offers free virtual coins through different means. *Id.*, ¶ 5. Free virtual coins are available to a player by opening the app and collecting coins every four hours, through a daily bonus, and free spins of a wheel in the app's "lobby," (known as "lobby spins"), among other ways. *Id.* Unlike High 5 Vegas, High 5 Casino does not offer free virtual coins through a virtual coin counter that constantly ticks up a balance of available coins. *Id.*

The High 5 Casino and High 5 Vegas applications are platforms that provide numerous games to play within the respective application. *Id.*, ¶ 6. High 5 Casino's platform provides a user with a number of unique games to play, and High 5 Vegas's platform provides

MOTION AND MEMORANDUM IN
SUPPORT OF MOTION FOR
PROTECTIVE ORDER RE PLAINTIFF'S
SUBPOENAS TO APPLE INC. AND
GOOGLE LLC-9
(3:18-CV-05275-RBL)

HOLLAND & HART LLP
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

a user with a number of unique games to play. *Id.* Several of the games available on High 5 Casino, including the game called "Bah, Humbug!" and several of the games that Plaintiff Wilson played on High 5 Casino, are not available on High 5 Vegas. *Id.* Several of the games available on High 5 Vegas are not available on High 5 Casino. *Id.*

These differences between High 5 Casino (which Wilson played) and High 5 Vegas (which Wilson did not play) affect the legal analysis of Wilson's and absent class members' claims, including elements of causation, "thing of value," public interest, harm, and damages. Because Wilson lacks standing as to High 5 Vegas, no production related to High 5 Vegas may be permitted.

### D. Wilson And His Counsel May Not Obtain Names Or Contact Information Of Putative Class Members Unless And Until A Class Is Certified.

To the extent Apple's or Google's responsive data contains the names or contact information of the individuals making in-app purchases, names and contact information should not be provided to Wilson or his counsel.[1] Names and contact information of putative class members is not discoverable precertification. The Ninth Circuit recently granted mandamus on this very issue, holding a district court clearly erred by ordering defendant to produce the names of customers who had purchased the product from which the putative class action arose. *In re Williams Sonoma, Inc.*, 2020 WL 131360, --- F.3d --- (9th Cir. 2020). The Ninth Circuit reasoned that disclosure of the list of customer names pre-certification, even if relevant to class certification issues, would cause harm and prejudice to defendant that could not be corrected on appeal. *Id.; see also Bess v. Ocwen Loan Servicing, LLC*, No C15-5020, 2018 WL 3625335, at *1-2 (W.D. Wash. May 10, 2018) (holding production of "all class members' contact information" during precertification stage "unnecessarily burdensome for

---

[1] Counsel for Wilson confirmed during the meet and confer call on January 28, 2020 that the Subpoenas were not intended to seek names or contact information of absent class members. Jensen Decl., ¶ 6. But High 5 includes this argument in the event that Apple or Google have and intend to produce such information with the information responsive to the Subpoenas.

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-10
(3:18-CV-05275-RBL)

**HOLLAND & HART LLP**
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

questions of class certification"); *Broyles v. Convergent Outsourcing, Inc.*, No. C16-775-RAJ, 2017 WL 2256773, at *4 (W.D. Wash. May 23, 2017) (denying motion to compel "names, addresses, and telephone numbers of all putative class members").

The Court should order that, to the extent Apple's or Google's responsive information includes names or contact information of putative class members, that information must not be produced, or must be redacted from the production.

## IV. CONCLUSION

For all of the foregoing reasons, High 5 requests that the Court enter a protective order:

- Limiting any production of purchase information from Apple and Google to purchases (1) in Washington, (2) between April 7, 2014 and the present, and (3) from the High 5 Casino app.
- Precluding production or requiring redaction of customer names and contact information.

DATED this 30th day of January, 2020.

        *s/ Christopher A. Wright*
Christopher A. Wright, WSBA #26601
Emilia J. Sweeney, WSBA #23371
Attorneys for Defendant
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Tel: (206) 622-8020 / Fax: (206) 467-8215
E-mail:  wright@carneylaw.com
       sweeney@carneylaw.com

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-11
(3:18-CV-05275-RBL)

HOLLAND & HART LLP
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000  •  FAX: 208.343.8869

    s/ Erik F. Stidham
Erik F. Stidham (Admitted *Pro Hac Vice*)
Jennifer M. Jensen *(*Admitted *Pro Hac Vice*)
Teague I. Donahey (Admitted *Pro Hac Vice*)
Attorneys for Defendant
Holland & Hart LLP
800 W. Main Street, Suite 1750
Boise, ID 83702
Tel: (208) 342-5000 / Fax: (208) 343-8869
E-mail: efstidham@hollandhart.com
       jmjensen@hollandhart.com
       tidonahey@hollandhart.com


Robert C. Ryan (*Admitted Pro Hac Vice*)
Attorney for Defendant
Holland & Hart LLP
5441 Kietzke Lane
Reno, NV 89511
Tel: (775) 327-3000 / Fax: (775) 786-6179
E-mail:  rcryan@hollandhart.com

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-12
(3:18-CV-05275-RBL)

**HOLLAND & HART LLP**
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000 ● FAX: 208.343.8869

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2020, I electronically filed the foregoing **MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**
Cecily C. Shiel
TOUSLEY BRAIN STEPHENS PLLC
1700 7th Ave Ste 2200
Seattle WA  98101-4416
Tel: (206) 682-5600
cshiel@tousley.com

**Attorneys for Plaintiff**
Benjamin H. Richman
EDELSON PC
350 North LaSalle St 14th Fl
Chicago IL  60654
Tel: (312) 589-6370
brichman@edelson.com

**Attorneys for Plaintiff**
Todd Logan
Rafey S. Balabanian
Eve-Lynn Rapp
Brandt Silver-Korn
EDELSON PC
123 Townsend St Ste 100
San Francisco CA  94107
Tel: (415) 638-9660
tlogan@edelson.com
rbalabanian@edelson.com
erapp@edelson.com
bsilverkorn@edelson.com

*/s/ Stacy Gust*
Stacy Gust, Legal Assistant

MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE PLAINTIFF'S SUBPOENAS TO APPLE INC. AND GOOGLE LLC-13
(3:18-CV-05275-RBL)

**HOLLAND & HART LLP**
800 W. MAIN STREET, SUITE 1750
BOISE, ID 83702
TEL: 208.342.5000  ●  FAX: 208.343.8869