THE HONORABLE RONALD B. LEIGHTON

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated, | Case No. 18-cv-05275-RBL |
| *Plaintiff*, | **DECLARATION OF TODD LOGAN** |
| v. | |
| PTT, LLC, a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company, | |
| *Defendant*. | |

Pursuant to 28 U.S.C. § 1746, I declare and state as follows:

1.      I am an attorney at Edelson PC, which has been retained to represent Plaintiff Sean Wilson in this matter. I am entering this declaration in opposition to Defendant's Motion for Protective Order Re: Plaintiff's Subpoenas to Apple Inc. and Google LLC (the "Motion").

2.      I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

3.      Before February 14, 2020, I will communicate to Apple and Google, through their counsel, that: (i) Plaintiff does not seek Purchase Information for transactions occurring prior to April 7, 2014, and (ii) Plaintiff does not seek the names or contact information of putative class members. I will likewise ensure that—in the event Plaintiff pursues an enforcement action against Apple and/or Google—the court assigned to that enforcement action is made aware of Plaintiff's concessions.

4.      Plaintiff has been pursuing High 5 transaction history information through traditional party-discovery Requests for Production since January 2019.

5.      On December 10, 2019, High 5 produced a dataset of transaction history information (the "First Dataset").

6.      That day, I requested by email that High 5 identify "which transactions are included in this file? (*e.g.*, are these transactions associated with Washington IP addresses? Is it all Washington transactions during the included time period?)."

7.      On December 11, 2019, Defendant's counsel responded by email that the First Dataset reflected "purchase history from IP addresses associated with Washington," but that transactions from a several-month-long time period might be missing from the First Dataset.

8.      After a telephonic meet and confer in which I identified other concerns regarding the First Dataset, Defendant's counsel stated by email on December 12, 2019, that the First Dataset reflected "more than just purchases from Washington IP addresses."

9.      Also on December 12, 2019, Defendant's counsel produced a new dataset (the "Second Dataset") and represented that it contained "the results of the query of Washington IP address purchases" but was missing approximately eleven months of transactions.

10.      I followed up via both email and telephonic meet and confer over the next several weeks in an attempt to interpret the First and Second Datasets.

11.      Notwithstanding those efforts, High 5's counsel refused—and continues to refuse—to explain the inconsistencies that I identified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2020 at San Francisco, California.

/s/ Todd Logan
Todd Logan