The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>PTT, LLC, a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>*Defendant*. | CASE NO. 3:18-cv-05275-RBL<br><br>**STIPULATED MODEL AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the

1  application of the proportionality standard in discovery, requests for production of ESI and related

2  responses should be reasonably targeted, clear, and as specific as possible.

3  **B.   ESI Disclosures**

4  Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each

5  party shall disclose:

6  1.   <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their

7  possession, custody, or control. The custodians shall be identified by name, title, connection to

8  the instant litigation, and the type of the information under the custodian's control.

9  2.   <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared

10  drives, servers), if any, likely to contain discoverable ESI.

11  3.   <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to

12  contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud

13  storage) and, for each such source, the extent to which a party is (or is not) able to preserve

14  information stored in the third-party data source.

15  4.   <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI

16  (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the

17  data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

18  5.   <u>Foreign data privacy laws.</u>  Nothing in this Order is intended to prevent either party

19  from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European

20  Union's General Data Protection Regulation (GDPR) (EU) 2016/679.  The parties agree to meet

21  and confer before including custodians or data sources subject to such laws in any ESI or other

22  discovery request.

23  **C.   ESI Discovery Procedures**

24

25  AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND [PROPOSED] ORDER                                    PAGE - 2
26  (Case No. 3:18-CV-05275-RBL)

1        1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be required

2   absent a demonstration by the requesting party of specific need and good cause or by agreement

3   of the parties.

4        2.      <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement

5   on appropriate search terms and queries, file type and date restrictions, data sources (including

6   custodians), and other appropriate computer- or technology-aided methodologies, before any such

7   effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the

8   search methodology.

9        a.      Prior to running searches:

10       i.      The producing party shall disclose the data sources (including

11  custodians), search terms and queries, any file type and date restrictions, and any other

12  methodology that it proposes to use to locate ESI likely to contain responsive and discoverable

13  information. The producing party may provide unique hit counts for each search query.

14       ii.      The requesting party is entitled to, within 14 days of the producing

15  party's disclosure, add no more than 10 search terms or queries to those disclosed by the

16  producing party absent a showing of good cause or agreement of the parties.

17       iii.      The following provisions apply to search terms / queries of the

18  requesting party.  Focused terms and queries should be employed; broad terms or queries, such

19  as product and company names, generally should be avoided.  A conjunctive combination of

20  multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as

21  a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer"

22  or "system") broadens the search, and thus each word or phrase shall count as a separate search

23  term unless they are variants of the same word.  The producing party may identify each search

24

25  AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
    STORED INFORMATION AND [PROPOSED] ORDER                                    PAGE - 3
26  (Case No. 3:18-CV-05275-RBL)

term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

   b.   After production:  Within 21 days of the producing party notifying the receiving party that it has substantially completed the production of documents responsive to a request, the responding party may request no more than 10 additional search terms or queries. The immediately preceding section (Section C(2)(a)(iii)) applies.

   3.   <u>Format.</u>

   a.   ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

   b.   Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

   c.   Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

   d.   If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

1    4.    <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodian

2  and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian

3  information removed during the de-duplication process tracked in a duplicate/other custodian

4  field in the database load file.

5    5.    <u>Email Threading.</u>   The parties may use analytics technology to identify email

6  threads and need only produce the unique most inclusive copy and related family members and

7  may exclude lesser inclusive copies.   Upon reasonable request, the producing party will produce

8  a less inclusive copy.

9    6.    <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only

10  the following metadata fields need be produced, and only to the extent it is reasonably accessible

11  and non-privileged: document type; custodian and duplicate custodians (or storage location if no

12  custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size;

13  file extension; original file path; date and time created, sent, modified and/or received; and hash

14  value. The list of metadata type is intended to be flexible and may be changed by agreement of

15  the parties, particularly in light of advances and changes in technology, vendor, and business

16  practices.

17  **D.    Preservation of ESI**

18    The parties acknowledge that they have a common law obligation, as expressed in Fed. R.

19  Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in

20  the party's possession, custody, or control. With respect to preservation of ESI, the parties agree

21  as follows:

22    1.    Absent a showing of good cause by the requesting party, the parties shall not be

23  required to modify the procedures used by them in the ordinary course of business to back-up and

24

25  AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
   STORED INFORMATION AND [PROPOSED] ORDER                    PAGE - 5
26  (Case No. 3:18-CV-05275-RBL)

1   archive data; provided, however, that the parties shall preserve all discoverable ESI in their

2   possession, custody, or control.

3       2.      The parties will supplement their disclosures in accordance with Fed. R. Civ. P.

4   26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure

5   where that data is created after a disclosure or response is made (unless excluded under Sections

6   (D)(3) or (E)(1)-(2)).

7       3.      Absent a showing of good cause by the requesting party, the following categories

8   of ESI need not be preserved:

9           a.      Deleted, slack, fragmented, or other data only accessible by forensics.

10          b.      Random access memory (RAM), temporary files, or other ephemeral data
                    that are difficult to preserve without disabling the operating system.

11
12          c.      On-line access data such as temporary internet files, history, cache,
                    cookies, and the like.

13          d.      Data in metadata fields that are frequently updated automatically, such as
                    last-opened dates (see also Section (E)(5)).

14
15          e.      Back-up data that are duplicative of data that are more accessible
                    elsewhere.

16          f.      Server, system or network logs.

17          g.      Data remaining from systems no longer in use that is unintelligible on the
                    systems in use.

18          h.      Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or
                    from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that
19                  a copy of all such electronic data is automatically saved in real time
                    elsewhere (such as on a server, laptop, desktop computer, or "cloud"
20                  storage).

21

22

23

24

25  AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
    STORED INFORMATION AND [PROPOSED] ORDER                              PAGE - 6
26  (Case No. 3:18-CV-05275-RBL)

**E.      Privilege**

1.      A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production unless an earlier deadline is agreed to by the parties.

2.      Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  Information produced in discovery that is protected as privileged

1   or work product shall be immediately returned to the producing party, and its production shall not

2   constitute a waiver of such protection.

3

4   DATED: February 26, 2020

5

6                                                        By: /s/ Todd Logan

7                                                        EDELSON PC
                                                         Rafey Balabanian*
                                                         *rbalabanian@edelson.com*
8                                                        Todd Logan*
                                                         *tlogan@edelson.com*
9                                                        Brandt Silver-Korn*
                                                         *bsilverkorn@edelson.com*
10                                                       123 Townsend Street, Suite 100
                                                         San Francisco, California 94107
11                                                       Tel: 415.212.9300 | Fax: 415.373.9435

12                                                       By: /s/ Cecily C. Shiel

13                                                       TOUSLEY BRAIN STEPHENS PLLC
                                                         Cecily C. Shiel, WSBA #50061
14                                                       *cshiel@tousley.com*
                                                         1700 Seventh Avenue, Suite 2200
15                                                       Seattle, Washington 98101-4416
                                                         Tel: 206.682.5600 | Fax: 206.682.2992
16
                                                         *Admitted *pro hac vice*
17
                                                         *Attorneys for Plaintiff*
18

19

20

21

22

23

24

25   AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
     STORED INFORMATION AND [PROPOSED] ORDER                          PAGE - 8
26   (Case No. 3:18-CV-05275-RBL)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                        *s/* Christopher A. Wright
Christopher A. Wright, WSBA #26601
Emilia J. Sweeney, WSBA #23371
Attorneys for Defendant
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Tel: (206) 622-8020 / Fax: (206) 467-8215

                        *s/* Jennifer M. Jensen
Erik F. Stidham (Admitted *Pro Hac Vice*)
Jennifer M. Jensen *(*Admitted *Pro Hac Vice*)
Teague I. Donahey (Admitted *Pro Hac Vice*)
Holland & Hart LLP
800 W. Main Street, Suite 1750
Boise, ID 83702
Tel: (208) 342-5000 / Fax: (208) 343-8869
E-mail: efstidham@hollandhart.com
        jmjensen@hollandhart.com
        tidonahey@hollandhart.com

ATTORNEYS FOR DEFENDANT HIGH 5 GAMES, LLC.

1

**[PROPOSED] ORDER**

2

Based on the foregoing, IT IS SO ORDERED.

3

DATED: —————————————

4

5
_____
The Honorable Ronald B. Leighton
UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26