HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PTT, LLC, a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 18-cv-05275-RBL<br><br>ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

THIS MATTER is before the Court on Plaintiff Sean Wilson's Motion for Leave to Amend to add Barbara Lewis as an Additional Named Plaintiff. Dkt. # 93. This is one of several class action lawsuits brought against various companies that create app-based casino games. Wilson, like the plaintiffs in the other lawsuits, contends that these games constitute illegal gambling under RCW 9.46.0237 and that former players are thus entitled to recovery under RCW § 4.24.070 (the "Gambling Recovery Act"). However, Wilson himself only lost $1.99 playing High 5's games; Barbara Lewis lost much more.

Wilson would like to add Barbara Lewis as a named plaintiff to rebut High 5's narrative that this lawsuit "has nothing to do with gambling, addiction, or predatory business practices."

Motion, Dkt. # 93, at 1. In response, High 5 contends that Wilson cannot add another named plaintiff because he himself lacks standing to assert claims. Alternatively, High 5 argues that the Court should not grant leave to amend because it is untimely, brought in bad faith, and will prejudice High 5. Because the Court holds that amendment is improper under Rule 15(a), it is not necessary to address High 5's standing arguments.

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Ultimately, whether to grant leave to amend is "within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Having weighed Wilson's reasons for amending against the drain on time and resources it would entail, the Court concludes that allowing another named plaintiff to enter the fray at this late stage of litigation would be inappropriate. Wilson's rationale for adding Lewis boils down to a desire for a better "narrative" that highlights the addictive nature of High 5's games. But while these games may well be addictive, this has no bearing on the success of Wilson's claims or the likelihood of certifying a class. The definition of "gambling" in RCW 9.46.0237 does not include an addictiveness requirement. And although Wilson makes much of Lewis's desire to tell her story, nothing is currently stopping her from doing so. Lewis can submit declarations in support of Wilson's motions, testify at trial, or contact the media, all without being a named plaintiff.

Most importantly, Lewis will still recover her money if this class action succeeds. It would be legally pointless—indeed, futile—to add Lewis as a named plaintiff.

On the other hand, there are good reasons not to add her. For almost two years, Wilson and his lawyers have known that he lost a measly $1.99 on High 5's games and was not severely addicted. If they thought this was a problem for Wilson's case, there has been ample opportunity to find another individual who lost more money. Instead, Wilson waited until February 18, 2020 to file his Motion. The cutoff for fact discovery was March 6, and the deadline to certify a class is fast approaching on June 26.[1] Dkt. # 83. Granting Wilson's request would force the Court to once again move these dates back. It would also prejudice High 5, who would be compelled to expend additional time and resources on new discovery related to Lewis and perhaps even a new motion to compel arbitration. Given Wilson's poor rationale for adding Lewis, these concerns are enough to justify denying his Motion.

Wilson's Motion for Leave to Amend to add Barbara Lewis as an Additional Named Plaintiff is DENIED.

IT IS SO ORDERED.

Dated this 6th day of April, 2020.

Ronald B. Leighton
United States District Judge

---

[1] Wilson's Motion argues that "fact discovery remains open, class certification briefing is still five months away," but Wilson knew full well that his motion would only become ripe until *after* the cutoff for fact discovery. Dkt. # 93 at 1.