Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PTT, LLC., a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>*Defendant*. | No. 3:18-cv-05275-RSL<br><br>**PLAINTIFF'S MOTION FOR APPROVAL OF CLASS NOTICE PLAN**<br><br>NOTE ON MOTION CALENDAR:<br><br>March 5, 2021 |

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................1

II.  THE PROPOSED NOTICE PLAN'S REACH IS THE BEST PRACTICABLE
     UNDER THE CIRCUMSTANCES ......................................................................................2

     A.   Direct Notice to the Damages Class via Email and U.S. Mail ...........................3

     B.   Dedicated Website and Hotline ...........................................................................4

     C.   Digital Publication Notice ...................................................................................4

III. THE NOTICES ARE EASY TO READ AND UNDERSTAND, AND THUS
     COMPORT WITH RULE 23 AND DUE PROCESS ........................................................6

IV.  CONCLUSION ..................................................................................................................8

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Amchem Prod., Inc. v. Windsor*,
    521 U.S. 591 (1997) ...................................................................................................... 2

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) ...................................................................................................... 6

*Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*,
    446 U.S. 318 (1980) ...................................................................................................... 2

**United States Circuit Court of Appeals Cases**

*Briseno v. ConAgra Foods, Inc.*,
    844 F.3d 1121 (9th Cir. 2017) ...................................................................................... 2

*Equal Employment Opportunity Comm'n v. Gen. Tel. Co. of Nw.*,
    599 F.2d 322 (9th Cir. 1979) ........................................................................................ 2

**United States District Court Cases**

*Casey v. Coventry Healthcare of Kansas, Inc.*,
    No. 08-cv-0201-W-DGK, 2011 WL 8007035 (W.D. Mo. Dec. 6, 2011) ..................... 5

*Chesbro v. Best Buy Stores, L.P.*,
    No. 10-cv-774-RAJ, 2014 WL 1871030 (W.D. Wash. May 7, 2014) .......................... 5

*Flanagan v. Allstate Ins. Co.*,
    No. 01-cv-1541, 2007 WL 3085903 (N.D. Ill. Oct. 18, 2007) ..................................... 6

*In re Capital One Tel. Consumer Prot. Act Litig.*,
    80 F. Supp. 3d 781 (N.D. Ill. 2015) .............................................................................. 5

*In re Domestic Airline Travel Antitrust Litig.*,
    322 F. Supp. 3d 64 (D.D.C. 2018) ................................................................................ 5

*Kater v. Churchill Downs, Inc.*,
    No. 15-cv-612 (W.D. Wash.) ............................................................................... 2, 3, 5

*Logan v. City of Pullman Police Dep't*,
    No. 04-cv-214-FVS, 2006 WL 8438052 (E.D. Wash. Apr. 12, 2006) ......................... 6

*Pollard v. Remington Arms Co., LLC*,
    320 F.R.D. 198 (W.D. Mo. Mar. 14, 2017) .................................................................. 5

PL.'S MOT. FOR APPROVAL OF CLASS NOTICE PLAN
Case No. 3:18-cv-05275-RSL

iii

**EDELSON PC**
350 N LaSalle Drive, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370 • Fax: 312.589.6378

*Rosas v. Sarbanand Farms, LLC*,
   No. 18-cv-0112-JCC, 2019 WL 859225 (W.D. Wash. Feb. 22, 2019) .............................. 2

*Wilson v. Huuuge, Inc.*,
   No. 18-cv-5276 (W.D. Wash.) ................................................................................... 3, 5

*Wilson v. Playtika Ltd.*,
   No. 18-cv-5277 (W.D. Wash.) ................................................................................... 1, 3

**Miscellaneous Authority**

Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions*,
   § 11:53 (4th ed. 2002) .................................................................................................... 6

Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist
   and Plain Language Guide* (2010)
   https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf .......................................... 2

Fed. R. Civ. P. 23 ..................................................................................................... 2, 3, 6

*Illustrative Forms of Class Action Notices*,
   The Federal Judicial Center, https://www.fjc.gov/content/301253/illustrative-forms-
   class-action-notices-introduction (last visited Feb. 18, 2021) ....................................... 6

MANUAL FOR COMPLEX LITIGATION, § 21.311 (4th ed. 2004) ............................................. 4

Plaintiff Sean Wilson respectfully moves the Court for approval of a class notice plan that satisfies all requirements under Rule 23(c) and Due Process.[1] In support of his Motion, Plaintiff states as follows:

## I. INTRODUCTION

On January 21, 2021, the Court entered an Order in this case certifying a Damages Class consisting of "[a]ll individuals in Washington who purchased virtual casino chips on either High 5 Casino or High 5 Vegas after April 9, 2014" and also certifying an Injunctive Class consisting of "[a]ll individuals in Washington who played either High 5 Casino or High 5 Vegas after April 9, 2014." Dkt. 170 at 16.

Following the certification Order, Plaintiff engaged professional class action administrator Heffler Claims Group ("Heffler"), to serve—subject to Court approval—as the Notice Administrator in this case. Heffler has deep experience in developing and implementing notice plans in complex class actions like this one, including in *Wilson v. Playtika Ltd.*, No. 18-cv-5277 (W.D. Wash.). Given the similarities between the cases, Plaintiff proposes to use the same notice plan used in *Playtika* here. *Playtika*, No. 18-cv-5277, Dkt 124 at 5.

With Heffler's assistance, Wilson developed the proposed notice plan (the "Notice Plan"), which mirrors the approved notice plan in *Playtika*. As in *Playtika*, here Wilson proposes a multi-part Notice Plan that includes: (i) email notice sent to the Damages Class Members at the email addresses provided by Defendant and third party "Platform Providers" (Google, Apple, and Amazon); (ii) individual postcard notice sent to Damages Class Members with more than $100 in lifetime spending at the U.S. Mail addresses provided by the Defendant and Platform Providers; (iii) a dedicated case website and 1-800 hotline that provide additional information for members of both the Damages Class and the Injunctive Class; and (iv) digital publication notice (*e.g.*, banner advertisements) targeting Class Members. The Notice Plan is designed to yield the best notice practicable under the circumstances and to otherwise satisfy the requirements of Rule

---

[1] Despite good faith efforts to proceed by stipulation, Class Counsel was unable to reach complete agreement with High 5 on the content of the proposed notices.

23(c)(2)(B) and Due Process. Accordingly, Plaintiff respectfully requests that the Court approve the proposed Notice Plan and order that Notice be disseminated to both the Damages Class and the Injunctive Class, as described below.

## II. THE PROPOSED NOTICE PLAN'S REACH IS THE BEST PRACTICABLE UNDER THE CIRCUMSTANCES

For Plaintiff's Damages Class, which the Court certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). For the Injunctive Class, certified under Rule 23(b)(2), there is no specific notice requirement, but "the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A); *Equal Employment Opportunity Comm'n v. Gen. Tel. Co. of Nw.*, 599 F.2d 322, 334 (9th Cir. 1979) ("When an action is certified under Rule 23(b)(2), . . . absent class members are not required to receive notice or to have the opportunity to opt-out of the suit."), *aff'd sub nom. Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318 (1980). Plaintiff's Notice Plan therefore provides direct notice, along with a website and hotline and digital publication notice, to the Damages Class; the Notice Plan also provides website notice to the Injunctive Class.

Notice plans need not guarantee actual notice for every individual class member, *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017), and the Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable, Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* at 3 (2010) https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. "District courts possess broad discretion to shape [class] notice to comply with Rule 23." *Rosas v. Sarbanand Farms, LLC*, No. 18-cv-0112-JCC, 2019 WL 859225, at *1 (W.D. Wash. Feb. 22, 2019). Here, Plaintiff's proposed Notice Plan—a multi-tiered approach that includes direct U.S. mail, email notice, a case-specific website and hotline, and a digital notice campaign—is the best practicable under the circumstances, as the Court recognized in the *Playtika* case (in addition to *Kater v.*

*Churchill Downs Inc.*, *Thimmegowda v. Big Fish Games, Inc.*, and *Wilson v. Huuuge, Inc.*) Indeed, the nearly identical notice plans used in those cases are estimated to have reached over 95% of accounts on the class lists in those cases. *See Playtika*, No. 18-cv-5277, Dkt. 140 at 21 (email notice successfully delivered to 99% of the class list); *Huuuge*, No. 18-cv-5276, Dkt. 120 at 22, (email notice successfully delivered to 99% of the class list); *Kater*, No. 15-cv-612, Dkt. 262 at 22 (email notice successfully delivered to 95.8% of the class list).

### A. Direct Notice to the Damages Class via Email and U.S. Mail

First, the direct notice called for in the proposed Notice Plan provides "individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Plaintiff proposes to identify class members using the same methodology as in *Playtika*. Specifically, to create a list of all Damages Class members (a "Class List"), Plaintiff will obtain from Defendant and from the Platform Providers all reasonably available class member contact information, including names, usernames/Player IDs, phone numbers, email addresses, and mailing addresses. To the extent such information is reasonably available, Plaintiff will also obtain from Defendant and the Platform Providers the total spending amount for each UserID with any spending amount greater than zero. Plaintiff will provide all information obtained from Defendant and the Platform Providers to Heffler, which will then (1) attach to each unique and identifiable person all of his/her associated accounts in the High 5 Casino and High 5 Vegas applications; and (2) calculate the total spending amount for each unique and identifiable person.

Under the Notice Plan, Heffler will send Notice via email to all class members for whom a valid email address is available in the Class List. In the event transmission of email notice results in any "bounce-backs," Heffler shall, where reasonable, (1) correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice; and (2) send Notice via First Class U.S. Mail if a U.S. mailing address was contained in the Class List. Copies of the proposed email and U.S. Mail notices are attached as Exhibits 1 and 2 to the Declaration of Todd Logan ("Logan Decl."), respectively. In addition, Heffler will send Notice

via First Class U.S. Mail to all class members with a Lifetime Spending Amount greater than $100.00, if a U.S. mailing address was contained in the Class List. *See* Ex. 2.

### B. Dedicated Website and Hotline

Each of the notices sent via email and U.S. mail will direct class members to a dedicated, toll-free hotline and a dedicated case website, both of which will be created and maintained by Heffler.[2] The case website will be hosted at an easily-remembered domain (*e.g.*, www.high5lawsuit.com) and will contain "long form" notice for both the Damages Class and the Injunctive Class (the "Website Notices"). These Website Notices will also contain documents relevant to the case, answers to frequently asked questions, and additional information about the litigation, including class members' options and rights. The case website, as well as the U.S. mail and email notice, will all include a toll-free number that class members can call to speak to a live operator to receive additional information about the case. Additional contact information for Class Counsel and Heffler will also be provided through the case website. The proposed Website Notices for the Damages Class and the Injunctive Class are attached as Exhibits 3 and 4, respectively, to the Logan Declaration.

### C. Digital Publication Notice

Heffler will also supplement the direct notice program with a digital publication notice

---

[2] The MANUAL FOR COMPLEX LITIGATION confirms that using a dedicated website to provide supplemental information is an effective notice technique:

> Posting notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed certification information, is a useful supplement to individual notice, might be provided at a relatively low cost, and will become increasingly useful as the percentage of the population that regularly relies on the Internet for information increases. An advantage of Internet notice is that follow-up information can easily be added, and lists can be created to notify class members of changes that may occur during the litigation. Similarly, referring class members to an Internet site for further information can provide complete access to a wide range of information about a class settlement. Many courts include the Internet as a component of class certification and class settlement notice programs.

MANUAL FOR COMPLEX LITIGATION, § 21.311 (4th ed. 2004).

program that will deliver more than ten million (10,000,000) impressions to likely class members. The digital publication notice campaign will be targeted, to the extent reasonably possible, to the state of Washington, will run for at least one month, and will contain active hyperlinks to the case website.

\* \* \*

In sum, the proposed Notice Plan is the best practicable under the circumstances and has already proven effective in related cases. This Plan replicates the notice plan that the Court approved and Heffler implemented in Playtika, and it mimics the notice plans approved in *Huuuge,* No. 18-cv-5276, and *Kater*, No. 15-cv-612, as well. Other courts have approved analogous notice plans. *See, e.g.*, *Chesbro v. Best Buy Stores, L.P.*, No. 10-cv-774-RAJ, 2014 WL 1871030, at *4 (W.D. Wash. May 7, 2014) (finding that notice by "e-mail and/or mail to all class members" is reasonable and satisfies Rule 23(c)(2)(B)); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 786 (N.D. Ill. 2015) (calling a multi-tiered notice plan that included email, postcard, as well as a website a "robust and effective notice plan"); *Casey v. Coventry Healthcare of Kansas, Inc.*, No. 08-cv-0201-W-DGK, 2011 WL 8007035, at *3 (W.D. Mo. Dec. 6, 2011) (finding notice plan including postcard notice and the establishment of a website "the best practicable notice under the circumstances"); *In re Domestic Airline Travel Antitrust Litig.*, 322 F. Supp. 3d 64, 72 (D.D.C. 2018) (affirming use of email component in class action notice plan); *Pollard v. Remington Arms Co., LLC*, 320 F.R.D. 198, 212 (W.D. Mo. Mar. 14, 2017) (approving of use of email and U.S. mailing notice). Plaintiff respectfully submits that here too—with the combination of email and U.S. mail notice, as well as the establishment of a dedicated case website and a digital publication program—the Notice Plan offers the best practicable notice under the circumstances. Accordingly, the Court should approve the proposed Notice Plan.

### III. THE NOTICES ARE EASY TO READ AND UNDERSTAND, AND THUS COMPORT WITH RULE 23 AND DUE PROCESS

Each of the proposed forms of notice also satisfy Rule 23 and Due Process with respect to their content. Rule 23(c)(2)(B) requires that class notice:

> [C]learly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Rule 23 was "designed to fulfill requirements of due process," by ensuring that absent class members receive notice and an opportunity to opt out. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (citing Advisory Comm. Notes (1966) to Fed. R. Civ. P. 23(d)). "Accordingly, each class member who can be identified through reasonable effort must be notified that he may request exclusion from the action and thereby preserve his opportunity to press his claim separately or that he may remain in the class and perhaps participate in the management of the action." *Id.* at 176. Ultimately, notice is "adequate if it may be understood by the average class member." Alba Conte & Herbert B. Newberg, 4 *Newberg on Class Actions*, § 11:53, 167 (4th ed. 2002).

Each of the proposed forms of notice contemplated herein satisfy these requirements, and are in fact modeled after and consistent with the Federal Judicial Center's *Illustrative Forms of Class Action Notices*, including the suggested question-answer format.[3] *See* Exs. 1-3; *Logan v. City of Pullman Police Dep't*, No. 04-cv-214-FVS, 2006 WL 8438052, at *2 (E.D. Wash. Apr. 12, 2006) (ordering plaintiffs to model class notice "after the samples provided by the Federal Judicial Center"); *Flanagan v. Allstate Ins. Co.*, No. 01-cv-1541, 2007 WL 3085903, at *1 (N.D. Ill. Oct. 18, 2007) ("We begin by adopting, generally, defendant's template, since it is taken directly from the Federal Justice Center's archive of sample Notice forms."); Advisory Comm. Notes (2003) to Fed. R. Civ. P. 23(c) ("The federal judicial center has created illustrative clear-

---

[3] *Illustrative Forms of Class Action Notices*, The Federal Judicial Center, https://www.fjc.gov/content/301253/illustrative-forms-class-action-notices-introduction (last visited Feb. 18, 2021).

notice forms that provide a helpful starting point for actions similar to those described in the forms."). The content of the proposed forms of notice is also modeled after the notices used in *Playtika*.

Each of the proposed notices describe this action, identify the class and its definition, and provide instructions on how to request exclusion in clear, neutral, easy-to-read language that will be readily understood by the average Damages Class Member. First, the email and U.S. mail notice concisely define the Damages Class and provide a basic neutral description of the nature of the action and the Damages Class's claims. *See* Exs. 1-2. They go on to inform each Damages Class Member that he or she may enter an appearance through counsel if the Damages Class Member so desires, of the binding effect of a class-wide judgment on Damages Class Members, and that the Court will exclude from the Damages Class any Class Member who requests exclusion. *Id.* If any Damages Class Member wants additional information regarding the suit, or has any questions regarding their options to exclude themselves, the email and U.S. mail notices provide a toll-free telephone number where they can speak to Heffler and Class Counsel, as well as the case website address at which they can view important case documents and additional information. *Id.*

Similarly, the long-form notices that will be posted on the case website—one for the Damages Class and one for the Injunctive Class—also use easy-to-understand language that provides additional neutral detail about the case. *See* Exs. 3-4. The first page of each Website Notice provides a basic description of the nature of the action, who is included in the class, and sets out Class Members' options to exclude themselves from the Class. *Id.* The Website Notices go on to provide additional details related to the case and its administration, describing the posture of the action, the issues in the litigation, the claims asserted by the Damages Class or the Injunctive Class, the Defendant's response, and the relief sought. *Id.* The Website Notices further explain Class Members' rights and how they are affected should Class Members choose to remain in the case or exclude themselves. *Id.* Instructions are also provided on how Class

Members can exclude themselves should they elect to. And, of course, the Website Notices provide contact information for Class Counsel and Heffler that potential Class Members can call with questions or to find out whether they may be included in either the Damages Class or the Injunctive Class.

In sum, the format and language of each form of notice has been drafted so that it is conveyed in plain language, easy to read, and will be readily understood by the members of the Classes. As such, Plaintiff's proposed Notice Plan satisfies the requirements of Rule 23 and Due Process and should be approved by the Court.

## IV. CONCLUSION

For the reasons explained herein, Plaintiff respectfully requests that the Court enter an Order (i) approving the proposed Notice Plan, finding that it comports with both Federal Rule of Civil Procedure 23 and Due Process; (ii) authorizing U.S. mail and email notice to be sent to the Damages Class; (iii) authorizing the creation of a case-specific hotline and a case-specific website that contains the Website Notices for both the Damages Class and the Injunctive Class; (iv) authorizing digital publication notice targeting potential class members; and (v) awarding such other and further relief as the Court deems reasonable and just.

Dated: February 18, 2021             Respectfully submitted,

                                     **SEAN WILSON,** individually and on behalf of all others similarly situated,

                                     Respectfully submitted,

                                     By: /s/ Todd Logan

                                     Rafey S. Balabanian*
                                     rbalabanian@edelson.com
                                     Todd Logan*
                                     tlogan@edelson.com
                                     Brandt Silver-Korn*

|   |   |
|---|---|
| 1 | bsilverkorn@edelson.com |
|   | EDELSON PC |
| 2 | 123 Townsend Street, Suite 100 |
|   | San Francisco, California 94107 |
| 3 | Tel: 415.212.9300 / Fax: 415.373.9435 |

By: /s/ Alexander G. Tievsky

Jay Edelson*
jedelson@edelson.com
Alexander G. Tievsky, WSBA #57125
atievsky@edelson.com
EDELSON PC
350 N LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: 312.589.6370 / Fax: 312.589.6378

By: /s/ Cecily C. Shiel

Cecily C. Shiel, WSBA #50061
cshiel@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600

*Admitted *pro hac vice*

# [PROPOSED] ORDER

Plaintiffs' motion for approval of a class notice plan is **GRANTED.**

**IT IS SO ORDERED.**

DATED this _____ day of _____, 2021.

_____
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE