# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PTT, LLC, a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>*Defendant*. | No. 18-cv-05275-RSL<br><br>**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY APPLE INC.** |

This agreement is entered into between and among nonparty Apple Inc. ("Apple") and Class Counsel in the Action captioned above, *Wilson v. PTT, LLC, d/b/a High 5 Games, LLC*, No. 18-cv-05275-RSL (the "Parties"). The Parties anticipate that Apple will produce documents to the Court-approved Class Action Administrator in this Action that contain sensitive consumer information. The Parties continue to dispute whether Class Counsel may directly obtain that same information, and anticipate further motion practice in an appropriate venue for that dispute. This agreement is intended to supplement the protective ordered entered by the Court on September 19, 2018 (ECF No. 51) ("Protective Order"); capitalized terms not defined in this agreement adopt the definitions of the Protective Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Apple Inc. ("Rider").

**PURPOSES AND LIMITATIONS**

Apple Protected Material designated under the terms of this Rider shall be used by the Parties solely for the purpose of providing notice to and verifying and paying any ultimate recovery amount owed to each member of the Settlement Class. Apple Protected Material shall not be used directly or indirectly for any other purpose whatsoever.

No Apple Protected Material provided by Apple to the Class Action Administrator under the terms of this Rider may be shared with any of the parties to the Action, unless specifically authorized by this Rider or otherwise specifically authorized in writing by Apple.

It is the intention of Apple and the Parties that this Rider will protect all materials produced by Apple in the Action unless otherwise specified.

**DEFINITIONS**

"Class Action Administrator" means Heffler Claims Group, now doing business as Kroll Business Services, acting as class action administrator to effect notice to the Class and administer any future award or settlement.

"Class" means the class(es) certified in this Action by order dated January 21, 2021 (ECF No. 170).

"Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

"Apple Protected Material" means any discovery produced by Apple in the Action.

**COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

**SCOPE**

The protections conferred by this Rider cover not only the Apple Protected Material governed by this Rider as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Apple Protected Material.

Nothing in this Rider shall prevent or restrict Apple's own disclosure or use of its own Apple Protected Material for any purpose, and nothing in this Rider shall preclude Apple from showing its Apple Protected Material to an individual who prepared the Apple Protected Material.

**DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs, subject to the Final Disposition clause herein.

**ACCESS TO APPLE PROTECTED MATERIAL**

<u>Basic Principles</u>. All Apple Protected Material shall be used solely for the purpose of providing notice to and verifying and paying any ultimate recovery amount owed to members of the Class, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Apple Protected Material shall not be provided, distributed, disclosed, or made available to anyone except as expressly provided in this Rider.

<u>Secure Storage, No Export</u>. Apple Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Rider. To ensure compliance with applicable United States Export Administration Regulations, Apple Protected Material may not be exported outside the United States.

<u>Legal Advice Based on Apple Protected Material</u>. Nothing in this Rider shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Apple Protected Materials, provided counsel does not disclose the Apple Protected Material itself except as provided in this Rider.

<u>Limitations</u>. Nothing in this Rider shall restrict in any way Apple's use or disclosure of its own Apple Protected Material.

<u>Designation</u>. For the avoidance of doubt, in all circumstances not specifically addressed by this Rider, all Apple Protected Material shall be treated as if designated "CONFIDENTIAL" under the Protective Order regardless of whether the Apple Protected Material has been stamped or marked in accordance with that Order.

**USE OF PROTECTED MATERIAL**

It is Apple's and the Parties' intention that Apple will produce Apple Protected Materials directly to the Class Action Administrator, with no production to any of the Parties.

Unless otherwise ordered by the Court or authorized through the prior written consent of Apple, the Class Action Administrator may disclose Apple Protected Materials only (i) directly to each specific class member to whom the disclosed portion of the Apple Protected Materials directly relates (*e.g.*, their membership in the class, their qualifying email addresses, and their spending amount), and (ii) to those members of the Class Action Administrator's staff, or to any copying, clerical or other support services working at the direction of the Class Action Administrator, to whom disclosure is reasonably necessary in order to provide notice to and/or to verify and pay any future recovery amount owed to members of the Settlement Class, provided that each such person to whom disclosure is made must first agree to be bound by the provisions of this Rider by signing a copy of Exhibit A.

Nothing in the foregoing paragraph is intended to restrict the Class Action Administrator from disclosing to a member of the Settlement Class any Apple Protected Material that specifically relates to that individual.

**CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

This Rider is intended to provide no mechanism to the Parties through which they can challenge the designation or protected status of Apple Protected Materials.

**SUBPOENAS OR COURT ORDERS**

If at any time Apple Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to Apple and to its counsel and shall provide Apple with an opportunity to move for a protective order regarding the production of Apple Protected Materials implicated by the subpoena.

**FILING PROTECTED MATERIAL**

Absent written permission from Apple or a court Order secured after appropriate notice to all interested persons, the Parties may not publicly file or disclose in the public record any Apple Protected Material.

**INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

In the event of a disclosure of any Apple Protected Material pursuant to this Rider to any person or persons not authorized to receive such disclosure under this Rider, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for Apple and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Apple Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

Unauthorized or inadvertent disclosure does not change the status of Apple Protected Material or waive the right to hold the disclosed document or information as Protected.

**FINAL DISPOSITION**

Not later than ninety (90) days after closure of the Final Disposition of this case, each Party and the Class Action Administrator shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of Apple. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned Action with prejudice, including all appeals.

All Parties that have received any such Discovery Material, as well as the Class Action Administrator, shall certify in writing that all such materials have been returned to counsel for Apple or destroyed.

**MISCELLANEOUS**

<u>Termination of Matter and Retention of Jurisdiction</u>. The Parties and Apple agree that the terms of this Rider shall survive and remain in effect after the Final Determination of the

Action. The Court shall retain jurisdiction after Final Determination of the matter to hear and resolve any disputes arising out of this Rider.

Successors.  This Rider shall be binding upon Apple and the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

Modification by Court.  This Rider is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Western District of Washington is responsible for the interpretation and enforcement of this Order.  All disputes concerning Apple Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Western District Washington.

Reservation of Rights.  Notwithstanding its agreement to this Rider, Plaintiff, the Class, and Class Counsel reserve all rights to move to compel the production of Apple Protected Material directly to Plaintiff. Specifically, the Parties agree that Class Counsel may file a motion to compel production to Class Counsel of the Apple Protected Material in the Northern District of California.

Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Western District of Washington, or the Court's own orders.

*          *          *

Stipulation and Order
Case No. 18-CV-05275-RSL - 6

EDELSON PC
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370 • Fax: 312.589.6378

Respectfully submitted,

**Dated**: June 8, 2021          By: /s/ Todd Logan

Rafey S. Balabanian*
rbalabanian@edelson.com
Todd Logan*
tlogan@edelson.com
Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300/Fax: 415.373.9435

By: /s/ Alexander G. Tievsky

Jay Edelson*
jedelson@edelson.com
Alexander G. Tievsky, WSBA #57125
atievsky@edelson.com
EDELSON PC
350 N LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: 312.589.6370 / Fax: 312.589.6378

By: /s/ Cecily C. Shiel
TOUSLEY BRAIN STEPHENS PLLC
Cecily C. Shiel, WSBA #50061
cshiel@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600

*Plaintiff's Attorneys and Class Counsel*

*Admitted *pro hac vice*

**Dated**: June 8, 2021          By: /s/ Tobias G. Snyder

Tobias G. Snyder
tsnyder@lewisllewellyn.com

Lewis & Llewellyn LLP
601 Montgomery Street, Suite 2000
San Francisco, CA 94111
415-480-0663

*Attorney for Nonparty Apple Inc.*

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this 8th day of June, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Apple Inc. ("Rider") in *Wilson v. PTT, LLC*, No. 18-cv-5275-RSL, United States District Court, District of Washington, Western District. Having read and understood the terms of the Rider, I agree to be bound by the terms of the Rider and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Rider.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]