**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PTT, LLC, a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>*Defendant*. | No. 18-cv-05275-RSL<br><br>**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY FACEBOOK INC.** |

This agreement is entered into between and among nonparty Facebook, Inc. ("Facebook") and Class Counsel in the action captioned above (the "Parties"). The Parties anticipate that Facebook will produce data to the Court-approved Class Action Administrator in the action captioned above, *Wilson v. PTT, LLC., d/b/a High 5 Games, LLC*, No. 18-cv-0565-RSL (the "Action") that contain sensitive information that is necessary to provide notice of the Action to members of the Court-approved Class, because Defendants do not possess this information. The Parties continue to dispute whether Class Counsel may directly obtain that data, and they anticipate further motion practice in an appropriate venue to resolve that dispute. This agreement is intended to supplement the protective ordered entered by the Court on September 19, 2018 (ECF No. 51) ("Protective Order"); capitalized terms not defined in this agreement adopt the definitions of the Protective Order.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Facebook, Inc. ("Rider").

**PURPOSES AND LIMITATIONS**

Facebook Protected Material designated under the terms of this Rider shall be used solely for the purpose of providing notice of the Action to each member of the Class.  Facebook Protected Material shall not be used directly or indirectly for any other purpose whatsoever.

No Facebook Protected Material provided by Facebook to the Class Action Administrator under the terms of this Rider may be shared with any of the parties to the Action, unless specifically authorized in writing by Facebook and/or ordered by a court of competent jurisdiction.

It is the intention of the Parties that this Rider will protect all materials produced by Facebook in the Action and any materials derived from such produced materials unless otherwise specified.

**DEFINITIONS**

"Class Action Administrator" means Heffler Claims Group, now doing business as Kroll Business Services, acting as class action administrator to effect notice of the Action to the Class and administer any future award or settlement.

"Class" means the class(es) certified in this Action by order dated January 21, 2021 (ECF No. 170).

"Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

"Facebook Protected Material" means data and information produced by Facebook in the Action, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties, non-parties, expert witnesses or their counsel in court or in other settings that might reveal data or information produced by Facebook.

**COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

**SCOPE**

The protections conferred by this Rider cover not only all data produced by Facebook in this Action, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties, non-parties, expert witnesses or their counsel in court or in other settings that might reveal Facebook Protected Material.

Nothing in this Rider shall prevent or restrict Facebook's own disclosure or use of Facebook Protected Material for any purpose, and nothing in this Rider shall preclude Facebook from showing Facebook Protected Material to an individual who prepared the Facebook Protected Material.

1 **DURATION**

2 Even after the termination of this case, the confidentiality obligations imposed by
3 this Order shall remain in effect until Facebook agrees otherwise in writing or a court order
4 otherwise directs, subject to the Final Disposition clause herein.

5 **ACCESS TO FACEBOOK PROTECTED MATERIAL**

6 <u>Basic Principles</u>. All Facebook Protected Material shall be used solely for the
7 purpose of providing notice of this Action to members of the Class, and not for any other purpose
8 whatsoever, including without limitation any other litigation, patent prosecution or acquisition,
9 patent reexamination or reissue proceedings, or any business or competitive purpose or function.
10 Facebook Protected Material shall not be provided, distributed, disclosed, or made available to
11 anyone except as expressly provided in this Rider. Class Counsel further agrees that it will not
12 raise Facebook's production of Facebook Protected Material in this Action for any purpose in any
13 other action, including, without limitation, *Wilkinson v. Facebook, Inc.*, No. 3:21-cv-02777 (N.D.
14 Cal.) and *Boorn v. Facebook, Inc.*, 3:21-cv-02818 (N.D. Cal.).

15 <u>Secure Storage, No Export</u>. Facebook Protected Material must be stored and
16 maintained by a Receiving Party at a location in the United States and in a secure manner that
17 ensures that access is limited to the persons authorized under this Rider. To ensure compliance
18 with applicable United States Export Administration Regulations, Facebook Protected Material
19 may not be exported outside the United States.

20 <u>Legal Advice Based on Facebook Protected Material</u>. Nothing in this Rider shall
21 be construed to prevent counsel from advising their clients with respect to this case based in whole
22 or in part upon Facebook Protected Materials, provided counsel does not disclose or use the
23 Facebook Protected Material itself except as provided in this Rider.

24 <u>Limitations</u>. Nothing in this Rider shall restrict in any way Facebook's use or
25 disclosure of its own Facebook Protected Material.

26 <u>Designation</u>. For the avoidance of doubt, in all circumstances not specifically
27 addressed by this Rider, all Facebook Protected Material shall be treated as if designated

"CONFIDENTIAL" under the Protective Order regardless of whether the Facebook Protected Material has been stamped or marked in accordance with that Order.

### USE OF PROTECTED MATERIAL

It is the Parties' intention that Facebook will produce Facebook Protected Materials directly to the Class Action Administrator, with no production to any of the parties in this Action.

Unless otherwise ordered by the Court or authorized through the prior written consent of Facebook, the Class Action Administrator may disclose Facebook Protected Materials only (i) directly to each specific class member to whom the disclosed portion of the Facebook Protected Materials directly relates (*e.g.*, their membership in the class, and their qualifying email addresses), and (ii) to those members of the Class Action Administrator's staff, or to any copying, clerical or other support services working at the direction of the Class Action Administrator, to whom disclosure is reasonably necessary in order to provide notice of the Action to members of the Class, provided that each such person to whom disclosure is made must first agree to be bound by the provisions of this Rider by signing a copy of Exhibit A.

Nothing in the foregoing paragraph is intended to restrict the Class Action Administrator from disclosing to a member of the Class any Facebook Protected Material that specifically relates to that individual.

### CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

This Rider is intended to provide no mechanism through which the designation or protected status of Facebook Protected Materials can be challenged.

### SUBPOENAS OR COURT ORDERS

If at any time Facebook Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to Facebook and to its counsel and shall provide Facebook with an opportunity to move for a protective order regarding the production of Facebook Protected Materials implicated by the subpoena.

**FILING PROTECTED MATERIAL**

Absent written permission from Facebook or a court Order secured after appropriate notice to all interested persons, the Class Action Administrator and/or any other party that receives Facebook Protected Material may not publicly file or disclose in the public record any Facebook Protected Material.

**INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

In the event of a disclosure of any Facebook Protected Material pursuant to this Rider to any person or persons not authorized to receive such disclosure under this Rider, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for Facebook and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Facebook Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

Under no circumstances will disclosure of Facebook Protected Material change the protected status or CONFIDENTIAL designation of Facebook Protected Material or waive the right to maintain the disclosed document or information as protected pursuant to the terms of this Rider.

**FINAL DISPOSITION**

Not later than ninety (90) days after closure of the Final Disposition of this case, the Class Action Administrator and any other party that receives Facebook Protected Material shall return all Facebook Protected Material to Facebook's Outside Counsel or destroy such Facebook Protected Material, at the option of Facebook. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the Action with prejudice, including all appeals.

The Class Action Administrator and any other party that receives Facebook Protected Material shall certify in writing that all Facebook Protected Material has been returned to counsel for Facebook or destroyed.

**MISCELLANEOUS**

Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Rider shall survive and remain in effect after the Final Determination of the Actions. The Court shall retain jurisdiction after Final Determination of the matter to hear and resolve any disputes arising out of this Rider.

Successors. This Rider shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

Reservation of Rights. Notwithstanding its agreement to this Rider, Plaintiff, the Class, and Class Counsel reserve all rights to move to compel the production of Facebook Protected Material directly to Plaintiff. Specifically, the Parties understand that Class Counsel is not prohibited from filing a motion to compel production in the Northern District of California. Facebook reserves all rights to oppose such motion.

Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, the Local Rules for the United States District Court for the Northern District of California or the Court's own orders where greater protections of the Facebook Protected Material are provided.

\*         \*         \*

Respectfully submitted,

**Dated**: June 15, 2021    By: /s/ Todd Logan

        Rafey S. Balabanian*
        rbalabanian@edelson.com
        Todd Logan*
        tlogan@edelson.com
        Brandt Silver-Korn*
        bsilverkorn@edelson.com
        EDELSON PC
        150 California Street, 18th Floor
        San Francisco, CA 94111
        Tel: 415.212.9300/Fax: 415.373.9435

*Plaintiffs' Attorneys and Class Counsel*

*Admitted *pro hac vice*

**Dated**: June 15, 2021    By: /s/ Michael G. Rhodes

        Michael G. Rhodes (Cal. Bar No. 116127)
        rhodesmg@cooley.com
        COOLEY LLP
        101 California Street, 5th Floor
        San Francisco, CA  94111-5800
        Telephone:    (415) 693-2000
        Facsimile:     (415) 693-2222

*Attorneys for Nonparty Facebook, Inc.*

# ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated this 15th day of June, 2021.

*[signature: M S Lasnik]*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Facebook, Inc. ("Rider") in *Wilson v. PTT, LLC., d/b/a High 5 Games, LLC*, No. 18-cv-0565-RSL, United States District Court, District of Washington, Western District. Having read and understood the terms of the Rider, I agree to be bound by the terms of the Rider and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Rider.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]