1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>PTT, LLC, a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,<br><br>*Defendant.* | No. 3:18-cv-05275-RSL<br><br>**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY META PLATFORMS, INC.** |

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370  •  Fax: 312.589.6378

1    This agreement is entered into between and among nonparty Meta Platforms, Inc. ("Meta")

2  and Sean Wilson ("Plaintiff"), the named plaintiff in *Wilson v. PTT, LLC*, No. 3:18-cv-05275-

3  RSL, (the "Action").  Plaintiff and Meta anticipate that Meta will produce to Plaintiff's counsel

4  documents in this action that contain sensitive information. This agreement is intended to

5  supplement the protective order entered by the Court on September 19, 2018 (ECF No. 51)

6  ("Protective Order").

7    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause

8  for the following Agreed Rider To Protective Order Regarding The Use And Disclosure Of

9  Discovery Produced By Nonparty Meta Platforms, Inc. ("Rider").

10  **PURPOSES AND LIMITATIONS**

11    The discovery produced by Meta in this Action in response to the October 22, 2021

12  subpoena issued to Meta by Plaintiff ("Meta Protected Material") shall be used by Plaintiff in

13  connection with this case only for prosecuting, defending, or attempting to settle this litigation.

14  Meta Protected Material shall not be used directly or indirectly for any other purpose whatsoever.

15  **SCOPE**

16    The protections conferred by this Rider cover not only the Meta Protected Material

17  governed by this Rider as addressed herein, but also any information copied or extracted therefrom,

18  as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations,

19  or presentations by the Parties or their counsel in court or in other settings that might reveal Meta

20  Protected Material.

21    Nothing in this Rider shall prevent or restrict Meta's own disclosure or use of its own Meta

22  Protected Material for any purpose, and nothing in this Rider shall preclude Meta from showing

23  its Meta Protected Material to an individual who prepared the Meta Protected Material.

24  **DURATION**

25    Even after the termination of this case, the confidentiality obligations imposed by this

26  Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order

27  otherwise directs, subject to the Final Disposition clause herein.

**EDELSON PC**
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370 • Fax: 312.589.6378

1     **ACCESS TO META PROTECTED MATERIAL**

2     <u>Basic Principles</u>.  All Meta Protected Material shall be used in connection with this case

3 only for prosecuting, defending, or attempting to settle this litigation, and not for any other purpose

4 whatsoever, including without limitation any other litigation, patent prosecution or acquisition,

5 patent reexamination or reissue proceedings, or any business or competitive purpose or function.

6     <u>Secure Storage, No Export</u>. Meta Protected Material must be stored and maintained by a

7 Receiving Party at a location in the United States and in a secure manner that ensures that access

8 is limited to the persons authorized under this Rider.  To ensure compliance with applicable United

9 States Export Administration Regulations, Meta Protected Material may not be exported outside

10 the United States or released to any foreign national (even if within the United States).

11     <u>Limitations</u>.  Nothing in this Rider shall restrict in any way Meta's use or disclosure of its

12 own Meta Protected Material.

13     <u>Designation</u>.  For the avoidance of doubt, all Meta Protected Material shall be treated as if

14 designated "CONFIDENTIAL" under the Protective Order regardless of whether the Meta

15 Protected Material has been stamped or marked in accordance with that Order.

16     **SUBPOENAS OR COURT ORDERS**

17     If at any time Meta Protected Material is subpoenaed by any court, arbitral, administrative,

18 or legislative body, the party to whom the subpoena or other request is directed shall immediately

19 give prompt written notice thereof to Meta and to its counsel and shall provide Meta with an

20 opportunity to move for a protective order regarding the production of Meta Protected Materials

21 implicated by the subpoena.

22     **FILING PROTECTED MATERIAL**

23     Before filing Meta Protected Material or discussing or referencing such material in court

24 filings, the Parties shall confer with Meta to determine whether Meta will remove the confidential

25 designation, whether the document can be redacted, or whether a motion to seal or stipulation and

26 proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed

27

1  and the standards that will be applied when a party seeks permission from the court to file material

2  under seal.

3  **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

4  In the event of a disclosure of any Meta Protected Material pursuant to this Rider to any

5  person or persons not authorized to receive such disclosure under this Rider, or in any circumstance

6  not authorized under this Rider, the party responsible for having made such disclosure, and each

7  party with knowledge thereof, must immediately notify counsel for Meta (a) in writing, (b) use its

8  best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

9  persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

10  such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is

11  attached hereto as Exhibit A.

12  Unauthorized or inadvertent disclosure does not change the status of Meta Protected

13  Material or waive the right to hold the disclosed document or information as Protected.

14  **FINAL DISPOSITION**

15  Within 60 days after the termination of this Action, including all appeals, each recipient

16  of Meta Protected Material must return all such material to Meta, including all copies, extracts

17  and summaries. Alternatively, the parties may agree upon appropriate methods of destruction.

18  **MISCELLANEOUS**

19  Termination of Matter and Retention of Jurisdiction. The Parties and Meta agree that the

20  terms of this Rider shall survive and remain in effect after the Final Determination of the Actions.

21  The Court shall retain jurisdiction after Final Determination of the matter to hear and resolve any

22  disputes arising out of this Rider.

23  Successors.  This Rider shall be binding upon Meta and the Parties hereto, their attorneys,

24  and their successors, executors, personal representatives, administrators, heirs, legal

25  representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and

26  experts, and any persons or organizations over which they have direct control.

27

1        <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the

2    discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States

3    District Court for the Western District of Washington, or the Court's own orders.  Identification

4    of any individual pursuant to this Rider does not make that individual available for deposition or

5    any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil

6    Procedure, the Local Rules for the United States District Court for Western District of Washington,

7    or the Court's own orders.

                                                      Respectfully submitted,

8

9    **Dated**: February 22, 2023                      By: /s/ Todd Logan

10                                       Rafey S. Balabanian*
     rbalabanian@edelson.com

11   Todd Logan*
     tlogan@edelson.com

12   Brandt Silver-Korn*
     bsilverkorn@edelson.com

13   EDELSON PC

14   150 California Street, 18th Floor
     San Francisco, California 94111

15   Tel: 415.212.9300/Fax: 415.373.9435

16   By: /s/ Alexander G. Tievsky

17   Jay Edelson*

18   jedelson@edelson.com
     Alexander G. Tievsky, WSBA #57125

19   atievsky@edelson.com
     Amy B. Hausmann*

20   abhausmann@edelson.com

21   EDELSON PC
     350 N LaSalle Street, 14th Floor

22   Chicago, IL 60654
     Tel: 312.589.6370 / Fax: 312.589.6378

23

24   By: /s/ Cecily C. Jordan

25   Cecily C. Jordan, WSBA #50061
     cjordan@tousley.com

26   TOUSLEY BRAIN STEPHENS PLLC

27   1200 Fifth Avenue, Suite 1700

Seattle, Washington 98101
Tel: 206.682.560

*Plaintiff's Attorneys and Class Counsel*

*Admitted pro hac vice

**Dated**: February 22, 2023           By: /s/ Timothy Loose

GIBSON, DUNN & CRUTCHER LLP
TIMOTHY LOOSE, SBN 241037
  tloose@gibsondunn.com
ADRIENNE LIU, SBN 331262
  aliu@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Attorneys for Nonparty Meta Platforms, Inc.*

EDELSON PC
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370  •  Fax: 312.589.6378

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated this 23rd day of February, 2023.


ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

EDELSON PC
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370 • Fax: 312.589.6378

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Meta Platforms, Inc. ("Rider") in *Wilson v. PTT, LLC*, No. 3:18-cv-05275-RSL, United States District Court, District of Washington, Western District. Having read and understood the terms of the Rider, I agree to be bound by the terms of the Rider and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Rider.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

EDELSON PC
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370 • Fax: 312.589.6378