1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

SEAN WILSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PTT, LLC (d/b/a HIGH 5 GAMES, LLC), a Delaware limited liability company,

Defendant.

Case No. 18-cv-05275-RSL

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND SUBSTITUTE**

This matter comes before the Court on "Plaintiff's Motion for Leave to Amend and Substitute Rick Larsen as Class Representative." Dkt. # 196. Class representative Sean Wilson (now Kipinä) has moved out of the country, apparently for personal reasons. There are now 4,000 miles and ten time zones between him and class counsel, making his continued prosecution of this lawsuit significantly more difficult and raising potential issues regarding his ability to seek injunctive relief on behalf of the class. Class member Rick Larsen, a Washington resident, has stepped forward as a substitute class representative.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND AND SUBSTITUTE

strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." (*Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted)). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the motion is GRANTED. The deadline for amending pleadings is April 5, 2023, and there is ample time for defendant to take discovery from and about Mr. Larsen before the discovery cutoff of June 4, 2023. Because defendant has not provided "strong evidence" of undue delay, bad faith, prejudice, or futility, amendment is appropriate. Defendant's speculation that Mr. Larsen never played the hundreds of dollars of virtual chips he purchased in High 5 Casino is not relevant to the Rule 15(a) analysis. If discovery reveals that Mr. Larsen's claims are atypical in some way or that he will not be an adequate representative for the class , defendant may move to decertify the class at that time.

Plaintiff shall file an amended complaint in substantially the form of Exhibit 1 to the Declaration of Amy B. Hausmann (Dkt. # 197-1) within fourteen days of the date of this Order. The Court hereby appoints Rick Larsen as representative of the classes certified at Dkt. # 170. Defendant need not file an answer to the amended pleading.

Dated this 6th day of March, 2023.

*Robert S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND AND SUBSTITUTE