Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

RICK LARSEN, individually and on behalf of all others similarly situated,

   *Plaintiff*,

   v.

PTT, LLC, a Delaware limited liability company, d/b/a HIGH 5 GAMES, LLC, a Delaware limited liability company,

   *Defendant*.

No. 18-cv-05275-RSL

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DOCUMENTS RESPONSIVE TO SIXTEEN REQUESTS**

**NOTING DATE:** November 24, 2023

**ARGUMENT IN REPLY**

In its Opposition to Plaintiff's Motion to Compel, Defendant High 5 does not dispute the relevance or proportionality of any of the identified Requests for Production. Rather, High 5 asserts—after not responding to Plaintiff's inquiries in February, May, or November—that Plaintiff's "Motion does little more than ask questions that could have been addressed through conferral." Opp'n at 2. But High 5 cannot decline to respond to Plaintiff's emails, delay complete production of responsive documents for two years, force Plaintiff to seek Court intervention at the close of the discovery period, and then accuse Plaintiff of failing to confer. While Plaintiff certainly appreciates the additional information provided for the first time in High 5's Opposition, as well as the additional 1,948 documents High 5 produced on November 22, 2023, Plaintiff should not have to file a motion in order to receive responses to simple discovery questions and to receive documents that were requested years ago.

In any event, while many of the issues raised in Plaintiff's Motion may have been resolved by High 5's latest production (an issue still unclear, as discussed below), a handful of disputes remain outstanding and High 5 still has not certified that it has completed its production. Given the imminent close of discovery on December 1, Plaintiff files this short reply regarding those unresolved issues and respectfully seeks the Court's assistance in reaching a clear resolution on each.

**I.      Plaintiff's Conferral Efforts Satisfied LCR 37(a)(1).**

High 5's first argument—that Plaintiff failed to comply with LCR 37(a)(1)—relies on the odd premise that Plaintiff raised these discovery disputes *too long ago*. The fact that High 5 did not respond to Plaintiff's multiple emails, over multiple years, in no way negates Plaintiff's certification that his counsel "has in good faith conferred or attempted to confer with [High 5] in an effort to resolve the dispute without court action," as required by LCR 37(a)(1). *See* Mot. at 3. For example, on RFP Nos. 13 and 16-17, High 5 acknowledges that the parties previously met and conferred on the Requests and were at an impasse, yet expects Plaintiff to have divined that High 5's position may have changed following a Court order regarding a different RFP. *See*

Opp'n at 3. On the other RFPs raised in Plaintiff's Motion, High 5 suggests that its supplemental production of documents in July 2023 (transmitted without any description and without any answer to the simple questions Plaintiff had posed) absolved its failure to respond to Plaintiff's emails in February and May 2023. *Id.* at 2. Not so, especially since High 5's contention that it "believed that the July 20, 2023 production resolved the disputes" is belied by the many promises in the Opposition to search for and produce additional responsive documents by November 22, 2023. *Id.* at 4-6.

High 5 also suggests that Plaintiff's Motion is somehow both premature and untimely. *See id.* at 2 n.1 (incorrectly claiming that "the deadline for discovery motions is the same as the deadline for the close of discovery"); *id.* at 4 ("[T]he Motion is incredibly delayed."). Neither is true, since both arguments seem to forget the operative scheduling order in this case, which requires all discovery motions to be filed by November 9, 2023. *See* Dkt. #227 at 4 ("All motions related to discovery must be noted on the motion calendar no later than the Friday before discovery closes pursuant to LCR 7(d) or LCR 37(a)(2)."). In short, Plaintiff attempted in good faith to confer regarding each of the Requests in his Motion; receiving no response from High 5 by the deadline to file discovery motions, he was forced to seek Court intervention on the day of the deadline.[1]

**II.     Plaintiff's Motion to Compel Remains Unresolved as to RFP Nos. 13, 16-17, and 49.**

Though High 5's November 22 production may have resolved many of the disputes raised in Plaintiff's Motion to Compel, other issues remain outstanding. High 5's Opposition does not challenge the relevance or proportionality of any Plaintiff's Requests, yet it still does not commit to conducting appropriate searches for documents responsive to RFP Nos. 13, 16-17,

---

[1] The single case High 5 cites in its Opposition, *see* Opp'n at 4, is inapposite for the same reason: there was no set deadline for discovery motions in that case, so the Court looked to other factors to determine timeliness. *Feit Elec. Co., Inc. v. CFL Techs. LLC*, No. 13 CV 9339, 2023 WL 3436346, at *6 (N.D. Ill. May 12, 2023) ("In the absence of hard and fast rules governing the timeliness of a motion to compel filed before the close of discovery, some courts in this District have looked to three factors when assessing delay of a moving party . . . ." (internal quotation marks omitted)).

or 49. Moreover, it still remains unclear whether High 5 has completed production of the documents it committed to producing. The time for certainty is now, prior to the upcoming December 1 discovery cut-off.

### A. RFP Nos. 13, 16-17

These Requests seek documents regarding "written Research" related to addiction and High 5 Casino, as well as policies related to player communications with the company. *See* Mot. at 5. High 5's Opposition claims that any responsive documents have "likely" already been produced, Weiner Decl. ¶ 4, but the searches described do not constitute reasonable searches for *all* documents responsive to these RFPs.

More specifically, High 5 contends that its search for documents responsive to RFP No. 67—as compelled by the Court, Dkt. #213—"almost certainly would have captured any documents also responsive to [RFP Nos. 13, 16, and 17]." Opp'n at 3. Not only is this incorrect, but guesswork is insufficient to satisfy High 5's discovery obligations. RFP No. 67 sought documents containing "Addiction Phrases" (a defined set of search terms) that were sent or received by fifteen specific custodians. *See* Dkt. #186 (Pl.'s Mot. to Compel re RFP No. 67) at 2. The fact that High 5 ran the search terms against these particular custodians does not mean that it has already satisfied its obligation to search for "All written Research . . . Related to High 5 Casino that includes any Addiction Phrases" (RFP No. 13) or "Documents sufficient to Identify all of Your policies Related To when a Guest uses an Addiction Phrase or Life Event Phrase in a Communication with You" (RFP No. 17). It is even more of a stretch for High 5 to suggest that its searches for documents responsive to RFP No. 67 would "likely" have collected documents responsive to RFP No. 16, which seeks "Documents sufficient to Identify all of Your policies Related To when a Guest requests to have their High 5 Casino account and/or credit card information Disabled." *See* Opp'n at 3; Weiner Decl. ¶ 4 (asserting vaguely that "it is my understanding that documents responsive to RFP Nos. 13, 16, and 17 were likely collected through those searches [for documents responsive to RFP No. 67].").

Because these are unique Requests that do not simply duplicate RFP No. 67, the Court should compel High 5 to search for and produce all documents responsive to these specific RFPs.

### B. RFP No. 49

Similarly, RFP No. 49 requests "All Communications received by Deanna Ishikawa that raised a red flag or concern that a VIP player was a gambling addict, Including the Communications that Deanna Ishikawa referenced at 42:10-20 of her Deposition transcript." *See* Mot. at 7. High 5 claims there is no dispute regarding this Request based on its "understanding that any documents responsive to RFP No. 49 were collected" through the use of the "Addiction Phrases" listed in *other* RFPs. Weiner Decl. ¶ 7. But again, conjecture is inadequate here. RFP No. 49 seeks "All Communications," including the specific communications discussed during Ms. Ishikawa's deposition; running a set of search terms from a different Request does not satisfy High 5's obligations.

### III.    High 5 Should Certify Complete Production.

Finally, though High 5's Opposition claims that Plaintiff's "Motion fails to identify anything in particular that Defendant has failed to produce," it also concedes that it will be producing supplemental documents in response to Plaintiff's Motion (and indeed produced 1,948 additional documents on November 22). *See* Opp'n at 2; *id.* at 4-6 (noting that High 5 will be producing "any additional documents" in response to RFP Nos. 47-48, 50, 52-55, and 69 by November 22). Even after this this eleventh-hour supplemental production, made in response to a Motion to Compel, High 5 *still* has not confirmed that it has completed production of responsive documents.[2] It is long past time for High 5 to complete production of documents requested years ago. The ongoing uncertainty, even in the final days of the discovery period, underscores the necessity of a certification from High 5 that it has completed good faith searches and has

---

[2] After receiving High 5's November 22, 2023 production, Plaintiff asked whether High 5 had completed production of all documents responsive to RFP Nos. 47-48, 50, 52-55, and 69. *See* Declaration of Amy B. Hausmann ¶ 4. High 5 responded that "a handful of documents might not have gotten swept up for [] production," but was not able to confirm in light of the Thanksgiving holiday. *Id.* ¶ 6. High 5 committed to providing an update on November 27, after Plaintiff's deadline to file this Reply. *Id.*

produced all responsive documents for all RFPs it was compelled to or agreed to respond to. *See* Mot. at 8-9.

**IV.     Conclusion.**

For all the foregoing reasons, the Court should grant Plaintiff's Motion to Compel and enter Plaintiff's Proposed Order, Dkt. #232-1, which requires High 5 (i) to either produce or certify that it has produced all documents responsive to RFP Nos. 13, 16-17, 46-56, and 68-69, and (ii) for all other RFPs that High 5 has been compelled to or agreed to respond to, to certify that it has completed good faith searches and produced all responsive documents.

Respectfully submitted,

**RICK LARSEN**, individually and on behalf of all others similarly situated,

Dated: November 24, 2023

By: /s/ Todd Logan
Rafey S. Balabanian*
rbalabanian@edelson.com
Todd Logan, WSBA #60698
tlogan@edelson.com
Brandt Silver-Korn*
bsilverkorn@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300 / Fax: 415.373.9435

By: /s/ Alexander G. Tievsky
Jay Edelson*
jedelson@edelson.com
Alexander G. Tievsky, WSBA #57125
atievsky@edelson.com
Amy B. Hausmann*
abhausmann@edelson.com
Hannah Hilligoss*
hhilligoss@edelson.com
EDELSON PC
350 N LaSalle Street, 14th Floor
Chicago, Illinois 60654

Tel: 312.589.6370 / Fax: 312.589.6378

By: /s/ Cecily C. Jordan
Cecily C. Jordan, WSBA #50061
cjordan@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600

*Class Counsel and Attorneys for Plaintiff Larsen*

*Admitted *pro hac vice*

**LCR 7(e) Certification**

I certify that this memorandum contains 1,659 words, in compliance with the Local Civil Rules.

By: /s/ Todd Logan