UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK LARSEN, | CASE NO. 3:18-cv-05275-RSL |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |
| PTT, LLC, | |
| Defendant. | |

This matter comes before the Court on "Plaintiff's Motion to Compel Documents Responsive to Sixteen Requests." Dkt. # 232. Only four of the sixteen discovery requests remain at issue following defendant's November 22nd supplemental production. Plaintiff also seeks an order compelling defendant to certify that it has conducted a good faith search in response to plaintiff's requests for production and has produced all responsive documents.

**A. Request for Production No. 13**

Plaintiff seeks all written research regarding High 5 Casino that was conducted by or for defendant and includes specific words or phrases related to gaming or gambling addiction. Defendant argues that the motion to compel a response to this RFP should be denied because plaintiff failed to meet and confer on this request, defendant searched for

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 1

and produced addiction-related documents in response to a different RFP, and no responsive research was conducted.

The parties conducted a meet and confer regarding RFP 13 in 2019, and defendant sent a letter indicating that it was standing on its objections. Plaintiff reached out again on November 8, 2023, to see if defendant would commit to completing production of responsive documents by December 1st: otherwise, plaintiff would assume the parties remain at an impasse and file a motion to compel by the November 9th deadline. Dkt. # 233-8 at 3.  Defendant promised to be in touch the following week and noted that it was "waiting on updates" from plaintiff. Dkt. # 233-8 at 2. Having already met and conferred regarding RFP 13, having no indication that defendants had changed its mind or supplemented its response, and facing an imminent case management deadline, plaintiff properly raised the issue in a motion to compel.

RFP 67, a discovery request to which defendant was compelled to respond by order dated January 31, 2023, is not co-extensive with RFP 13. RFP 67 sought the production of addiction-related documents sent by or to fifteen records custodians. RFP 13, on the other hand, is not limited by sender/recipient and would apply to third-party research conducted for defendant. A response to RFP 67 is not, therefore, an acceptable substitute for a response to RFP 13.

With regards to Mr. Weiner's assertion that "[n]o research was conducted that would be responsive to RFP No. 13," Dkt. # 234-1 at ¶ 4, the basis for the statement is unclear. Mr. Weiner is defendant's in-house counsel, has been involved in searching for and producing documents in this case since 2021, and worked with IT to run the searches necessary to respond to RFP 67. As discussed above, however, the universe of documents responsive to RFP 13 differs from the universe that would have been revealed in response to RFP 67. There is nothing in the record to suggest that the broader search was performed or that Mr. Weiner would have personal knowledge of what research, if any, was

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 2

performed by or for defendant over the years. The bald assertion that there is no responsive research – in the absence of any evidence of a good faith search or personal knowledge -- does not satisfy defendant's discovery obligations.

### B. Request for Production Nos. 16 and 17

RFP 16 seeks defendant's policies related to the handling of a customer's request to have his or her High 5 Casino account and/or credit card information disabled. RFP 17 seeks any polices that would come into play when a customer mentions addiction or major life events in his or her communications with defendant. Defendant argues that the motion to compel a response to these RFPs should be denied because plaintiff failed to meet and confer, defendant searched for and produced addiction-related documents in response to RFP 67, and no documents are created when customers disable their accounts as described in RFP 16. These arguments are rejected for the reasons stated above.

### C. Request for Production No. 49

Plaintiff seeks all communications received by Deanna Ishikawa that raised a red flag or concern that a customer was addicted to gambling.[1] As an example, RFP 49 identifies a communication Ms. Ishikawa discussed during her deposition. Defendant argues that it has already searched for and produced responsive documents, an assertion that appears to be based on the search for documents containing "Addiction Phrases" in response to RFP 67. Dkt. # 234-1 at ¶ 7; Dkt. # 234-2 at ¶ 13. The list of record custodians identified in RFP 67 includes Ms. Ishikawa. While there does not appear to be any justification for making defendant again search Ms. Ishikawa's records for general addiction-related words or phrases, a more narrow search for the specific communication Ms. Ishikawa mentioned during her deposition is warranted.

---

[1] Ms. Ishikawa no longer works for defendant.

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 3

**D. Certification**

During the meet and confer process and the briefing of this motion, defendant promised to search for additional documents and has made supplemental productions. Plaintiff seeks assurance, in the form of an attorney certification, that defendant has now completed its search for and production of all responsive documents. Defendant did not respond to this request for relief.

Pursuant to Federal Rule of Civil Procedure 34(b)(2), a party responding to requests for production must do so in writing and complete production within thirty days of the request. Rule 26(g)(1) requires that discovery responses be signed by at least one attorney of record. While neither Rule 26(g) nor Rule 34(b) requires the signing attorney to certify the truthfulness of the client's factual responses to a discovery request, her signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the responsive information and documents then available. *See* Fed. R. Civ. P. 26(g), Advisory Committee Notes (1993). In addition, the requesting party "is entitled to individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request . . . ." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006). A party should not have to piece together requests, initial responses, correspondence, promises, and supplemental productions in an attempt to ascertain that all responsive documents have been produced. *Id*. Because that is exactly what plaintiff must attempt to do here, his request for a certification of completeness will be granted.

For all of the foregoing reasons, plaintiff's motion to compel (Dkt. # 232) is GRANTED. Defendant shall, within fourteen days of the date of this Order, (a) supplement its responses to RFP Nos. 13, 16, 17, and 49 and (b) certify that it has

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL - 4

completed good faith searches in response to the initial requests for production, as compelled by the Court, and/or as agreed during the meet and confer process and that it has produced all responsive documents.

Dated this 18th day of December, 2023.

*MMS Lasnik*
Robert S. Lasnik
United States District Judge