<pre>
1
2
3
4
5                         UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
6                                    AT SEATTLE

7    RICK LARSEN, individually and on behalf     No. 3:18-cv-05275-RSL
     of all others similarly situated,
8
                                                 STIPULATION AND ORDER RE
9                    Plaintiff,                  AGREED RIDER TO PROTECTIVE
                                                 ORDER REGARDING THE USE AND
10         v.                                    DISCLOSURE OF DISCOVERY
                                                 PRODUCED BY NONPARTY META
11                                               PLATFORMS, INC.
     PTT, LLC, a Delaware limited liability
12   company, d/b/a HIGH 5 GAMES, LLC, a
     Delaware limited liability company,
13
                     Defendant.
14
</pre>

Stipulation and Order
Case No. 3:18-CV-05275-RSL- i

This agreement is entered into between and among nonparty Meta Platforms, Inc. ("Meta") and PTT, LLC (dba High 5 Games, LLC), the Defendant in *Larsen v. PTT, LLC*, No. 3:18-cv-05275-RSL, (the "Action"). Defendant and Meta anticipate that Meta will produce to Defendant's counsel documents in this action that contain sensitive information. This agreement is intended to supplement the protective order entered by the Court on September 19, 2018 (ECF No. 51) ("Protective Order").

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Meta Platforms, Inc. ("Rider").

**PURPOSES AND LIMITATIONS**

The discovery produced by Meta in this Action in response to the December 1, 2023 subpoena issued to Meta by Defendant ("Meta Protected Material") shall be used by Defendant in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Meta Protected Material shall not be used directly or indirectly for any other purpose whatsoever.

**SCOPE**

The protections conferred by this Rider cover not only the Meta Protected Material governed by this Rider as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Defendant or their counsel in court or in other settings that might reveal Meta Protected Material.

Nothing in this Rider shall prevent or restrict Meta's own disclosure or use of its own Meta Protected Material for any purpose, and nothing in this Rider shall preclude Meta from showing its Meta Protected Material to an individual who prepared the Meta Protected Material.

**DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs, subject to the Final Disposition clause herein.

**ACCESS TO META PROTECTED MATERIAL**

<u>Basic Principles</u>.  All Meta Protected Material shall be used in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.

<u>Secure Storage, No Export</u>. Meta Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Rider.  To ensure compliance with applicable United States Export Administration Regulations, Meta Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

<u>Limitations</u>.  Nothing in this Rider shall restrict in any way Meta's use or disclosure of its own Meta Protected Material.

<u>Designation</u>.  For the avoidance of doubt, all Meta Protected Material shall be treated as if designated "CONFIDENTIAL" under the Protective Order regardless of whether the Meta Protected Material has been stamped or marked in accordance with that Order.

**SUBPOENAS OR COURT ORDERS**

If at any time Meta Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to Meta and to its counsel and shall provide Meta with an opportunity to move for a protective order regarding the production of Meta Protected Materials implicated by the subpoena.

**FILING PROTECTED MATERIAL**

Before filing Meta Protected Material or discussing or referencing such material in court filings, the Defendant shall confer with Meta to determine whether Meta will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that

must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

In the event of a disclosure of any Meta Protected Material pursuant to this Rider to any person or persons not authorized to receive such disclosure under this Rider, or in any circumstance not authorized under this Rider, the party responsible for having made such disclosure, and each party with knowledge thereof, must immediately notify counsel for Meta (a) in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of Meta Protected Material or waive the right to hold the disclosed document or information as Protected.

**FINAL DISPOSITION**

Within 60 days after the termination of this Action, including all appeals, each recipient of Meta Protected Material must return all such material to Meta, including all copies, extracts and summaries. Alternatively, the parties may agree upon appropriate methods of destruction.

**MISCELLANEOUS**

Termination of Matter and Retention of Jurisdiction. The Defendant and Meta agree that the terms of this Rider shall survive and remain in effect after the Final Determination of the Actions. The Court shall retain jurisdiction after Final Determination of the matter to hear and resolve any disputes arising out of this Rider.

Successors. This Rider shall be binding upon Meta and the Defendant, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

1    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the
2    discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States
3    District Court for the Western District of Washington, or the Court's own orders.  Identification
4    of any individual pursuant to this Rider does not make that individual available for deposition or
5    any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil
6    Procedure, the Local Rules for the United States District Court for Western District of Washington,
7    or the Court's own orders.

Respectfully submitted,

**Dated**: January 3, 2024

By: <u>/s/ Jessica J. Smith</u>
HOLLAND & HART LLP
JESSICA J. SMITH (*pro hac vice*)
  jjsmith@hollandhart.com
555 17th St, Suite 3200
Denver, CO 80202
Telephone: 303.295.8374

By: <u>/s/ Mark Rosencrantz</u>
CARNEY BADLEY SPELLMAN, P.S.
Christopher A. Wright, WSBA #26601
  wright@carneylaw.com
Mark Rosencrantz, WSBA #26552
  rosencrantz@carneylaw.com
701 5th Avenue, Suite 3600
Seattle, WA 98104
Telephone: 206.622.8020

*Attorneys for Defendant*

**Dated**: January 3, 2024

By: <u>/s/ Adrienne Liu</u>
GIBSON, DUNN & CRUTCHER LLP
TIMOTHY LOOSE, SBN CA 241037
  tloose@gibsondunn.com
ADRIENNE LIU, SBN CA 331262
  aliu@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000

*Attorneys for Nonparty Meta Platforms, Inc.*

1
2
3  **ORDER**
4  PURSUANT TO STIPULATION, IT IS SO ORDERED.
5
6
7  Dated this 5th day of January, 2024.
8
9  _____
   ROBERT S. LASNIK
   UNITED STATES DISTRICT JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Meta Platforms, Inc. ("Rider") in *Larsen v. PTT, LLC*, No. 3:18-cv-05275-RSL, United States District Court, District of Washington, Western District. Having read and understood the terms of the Rider, I agree to be bound by the terms of the Rider and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Rider.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]