UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs<br><br>       v.<br><br>PTT, LLC,<br><br>             Defendant. | Cause No. C18-5275RSL<br><br>ORDER DENYNG IN PART PLAINTIFF'S MOTION TO SEAL |

This matter comes before the Court on "Plaintiff's Motion to Seal." Dkt. # 249. The documents at issue are the transcript of the deposition of Anthony Singer, defendant's Chief Executive Officer (Dkt. # 250-1), transaction data for defendant's on-line casinos (submitted on a USB per Dkt. # 253), and the unredacted motion for leave to amend that discusses the other documents (Dkt. # 250). The motion to seal was filed on January 4, 2024, and noted for consideration on the Court's calendar for January 19, 2024. Neither defendant nor the third-parties who designated the transaction data as confidential filed a response.

"There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). A party's

ORDER DENYING IN PART PLAINTIFF'S
MOTION TO SEAL - 1

unilateral designation of a document as confidential under a protective order does not, in and of itself, justify a seal under LCR 5(g)(2). Defendant received timely notice of plaintiff's intent to file the deposition transcript of Mr. Singer but has not attempted to show that legitimate private or public interests warrant a seal, that injury would result from public disclosure, or that the public's right of access should give way. The transcript will, therefore, be unsealed.

With regards to the materials that Apple Inc. and Meta Platforms, Inc., designated as confidential, there is no indication that plaintiff gave notice to the third-parties that the information they provided would be filed in the public record or that he conferred with the interested parties about withdrawing or minimizing the designations. *See* Dkt. # 62 at ¶ 4.4; Dkt. # 183 at 6; Dkt. # 254 at 3-4. Until the designating parties are given an opportunity to support their claims of confidentiality, it would be premature to unseal the transaction data or the memorandum that references it.

For all of the foregoing reasons, plaintiff's motion to seal is DENIED in part, and the remainder of the issues are taken under consideration. The Clerk of Court is directed to unseal Dkt. # 250-1, to ensure that the USB referenced in Dkt. # 253 is sealed for the time being, to send a copy of this Order to Apple's counsel at tsnyder@lewisllewellyn.com and Meta's counsel at aliu@gibsondunn.com, and to renote plaintiff's motion to seal (Dkt. # 249) on the Court's calendar for Friday, February 9, 2024. If the designating parties fail to overcome the strong

ORDER DENYING IN PART PLAINTIFF'S
MOTION TO SEAL - 2

presumption of public access to the Court's files, the motion will be denied and the documents unsealed.

Dated this 26th day of January, 2024.

*MRS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING IN PART PLAINTIFF'S
MOTION TO SEAL - 3