UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>PTT, LLC,<br><br>Defendant. | Cause No. C18-5275RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO SEAL |

This matter comes before the Court on "Defendant's Motion to Seal." Dkt. # 255. The documents at issue are excerpts of the transcript of the deposition of Anthony Singer, defendant's Chief Executive Officer, and the unredacted memorandum that discusses the excerpts. Dkt. # 258. The motion to seal was filed on January 16, 2024, and incorrectly noted for consideration on the first Friday thereafter. Defendant has failed to show in its opening memorandum that a seal is warranted, however, so there is no need to hear from plaintiff before the Court issues its decision.

"There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). A party's

ORDER DENYING DEFENDANT'S
MOTION TO SEAL - 1

unilateral designation of a document as confidential under a protective order does not, in and of itself, justify a seal under LCR 5(g)(2). In support of its motion to seal, defendant states only that it provisionally designated the transcript as confidential, that it intends to provide final designations in the future, that defendant and its subsidiary, High 5 Entertainment are privately held entities, and that the transcript "discusses sensitive, nonpublic topics that would have a substantial and injurious effect on both entities' business" if made public. Dkt # 255 at 2.

The bare recitation of the standard for granting a seal -- that the transcript contains sensitive and nonpublic information and its disclosure would be detrimental -- is insufficient to justify a seal, especially where defendant acknowledges that its designation of the transcript as confidential was provisional. Defendant does not identify what information qualifies as both "sensitive" and "nonpublic," nor does it show that a particularized, concrete harm may result from its public disclosure. A review of the portions of the transcript cited in defendant's opposition memorandum does not support the claim: those portions discuss items such as the procedure a customer follows to play High 5 Casino, the formation and ownership of High 5 Entertainment, whether High 5 Entertainment pays rent and certain operational costs, and whether individuals from Washington can play High 5 Casino. Some of this information is publicly available, and it is not clear how disclosure of any of these items would cause defendants competitive harm.[1]

---

[1] Even if defendant had offered some support for a seal at this juncture, the deposition transcript was unsealed last week when defendant failed to support the claim of confidentiality in response to Dkt.

ORDER DENYING DEFENDANT'S
MOTION TO SEAL - 2

For all of the foregoing reasons, defendant's motion to seal, Dkt. # 255, is DENIED.

Dated this 29th day of January, 2024.

*MhT S Lasnik*
Robert S. Lasnik
United States District Judge

---

# 249. *See* Dkt. # 284. Sealing one copy of the deposition transcript when another is publicly available is inconsistent with the nature and purpose of a seal.

ORDER DENYING DEFENDANT'S
MOTION TO SEAL - 3