UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PTT, LLC, doing business as High 5 Games, LLC,<br><br>Defendant. | Case No. 3:18-cv-05275-TMC<br><br>ORDER DENYING DKT. 272 MOTION TO SEAL |

## I.   ORDER

Before the Court is Defendant High 5 Games's motion to seal. Dkt. 272. The documents at issue are Exhibits 1–6 to the Declaration of Craig Stewart in support of High 5's cross motion for summary judgment, which Defendant has provisionally filed under seal attached to the Declaration of Jessica Smith at Dkt. 273.[1] The exhibits consist of deposition transcripts of High 5 employees as well as the current and former named plaintiffs in this class action.

This District's Local Civil Rules make clear that a motion to seal must include "[a]

---

[1] Although the motion itself identifies only four exhibits, Dkt. 272 at 1, the declarations themselves include six sealed documents. *See* Dkt. 271, 273.

ORDER DENYING DKT. 272 MOTION TO SEAL - 1

specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Civ. R. 5(g)(3)(B). "There is a strong presumption of public access to the court's files." Local Civ. R. 5(g).

High 5's motion does not overcome this presumption. High 5 offers only the conclusory argument that "High 5 Games and High 5 Entertainment are both privately held entities, and these . . . depositions discuss[] sensitive, nonpublic topics that would have a substantial and injurious effect on both entities' business if an unredacted deposition transcript were to be publicly released." Dkt. 272 at 2. High 5 does not explain what that injurious effect would be, why it overcomes the public's interest in access to court files, or why a less restrictive alternative is insufficient.

High 5's motion (Dkt. 272) is therefore DENIED, and the Clerk is directed to unseal Dkt. 273 and all its exhibits.

Dated this 16th day of February, 2024.

Tiffany M. Cartwright
United States District Judge