UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PTT, LLC, doing business as High 5 Games, LLC; HIGH 5 ENTERTAINMENT LLC,<br><br>Defendant. | Case No. 3:18-cv-05275-TMC<br><br>ORDER ON PLAINTIFF'S FIRST MOTION FOR SANCTIONS |

## I.  ORDER

Before the Court is Plaintiff Rick Larsen's first motion to sanction Defendant High 5 Games, LLC. Dkt. 344. Larsen contends that High 5 Games has recently "filed two overlength briefs and concealed its violations of the Local Rules with false certifications to the Court." *Id.* at 2. Specifically, Larsen submits that High 5 Games' summary judgment response at Dkt. 317 is more than 9,000 words (despite a certification of 8,400) and that its summary judgment reply at Dkt. 331 is more than 4,300 words (despite a certification of 4,199). Dkt. 344 at 2.

In response, High 5 Games concedes that its certifications are incorrect and its briefs are overlength but insists "this was an isolated, inadvertent error that was made in good faith."

ORDER ON PLAINTIFF'S FIRST MOTION FOR SANCTIONS - 1

Dkt. 359 at 2. Counsel for High 5 Games explains that when preparing the briefs, without her knowledge, "my Microsoft Word settings had deselected the option to include footnotes within the final word count of the document." Dkt. 360 at 2. Using screenshots of the word count function, counsel demonstrates that while the briefs are overlength when footnotes are included in the count, they are within the limits allowed by the local rules when footnotes are excluded. *See id* at 2–3.

While the explanation that this mistake occurred without anyone's knowledge is somewhat hard to believe given the experience and sophistication of counsel for High 5 Games, the Court need not resolve this question of credibility. The Local Civil Rules provide that the Court "may refuse to consider any text, including footnotes, which is not included within the word or page limits." Local Civ. R. 7(e)(6). High 5 Games agrees this is warranted. *See* Dkt. 360 at 3. Consistent with the local rules, the Court will decline to consider any text contained in the footnotes of the briefs filed by High 5 Games at Dkt. 317 and Dkt. 331.

Because sanctions are unnecessary for this remedy, Larsen's first motion for sanctions (Dkt. 344) is DENIED.

Dated this 28th day of March, 2024.

Tiffany M. Cartwright
United States District Judge