UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PTT, LLC, doing business as High 5 Games, LLC; HIGH 5 ENTERTAINMENT LLC,<br><br>Defendants. | Case No. 3:18-cv-05275-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DKT. 429 AND DKT. 434 MOTIONS TO SEAL |

## I.   INTRODUCTION AND BACKGROUND

Before the Court are Defendant High 5 Entertainment's ("H5E") motion to seal and to file redacted exhibits (Dkt. 429) and Plaintiff Rick Larsen's motion to seal (Dkt. 434). The documents at issue are:

(1) an unredacted version of Exhibit 1 (excerpts of transcripts of the Rule 30(b)(6) deposition of the Defendant entities) to the Declaration of Craig Stewart in Support of H5E's Motion for Summary Judgment (Dkt. 427-1; 430-1) (the "deposition excerpts");

(2) Exhibits 7 and 9–17 to the Declaration of Craig Stewart in Support of H5E's

ORDER GRANTING IN PART AND DENYING IN PART DKT. 429 AND DKT. 434 MOTIONS TO SEAL - 1

Motion for Summary Judgment (Dkt. 427-7, 427-9–17) (the "redacted exhibits");

(3) Unredacted versions of Exhibits 1, 17, and 18 to the Declaration of Lauren Blazing in support of Larsen's Motion for Permanent Injunction (Dkt. 438-1, 438-4–5) (the "permanent injunction exhibits");

(4) Unredacted versions of Exhibits 8 and 9 to the Declaration of Lauren Blazing in support of Larsen's Motion for Partial Summary Judgment (Dkt. 435-2–3) (the "partial summary judgment exhibits"); and

(5) Unredacted versions of Larsen's Motion for Permanent Injunction (Dkt. 435) and Motion for Partial Summary Judgment (Dkt. 438) and H5E's Motion for Summary Judgment (Dkt. 430).

The deposition excerpts contain discussion of H5E's corporate and ownership structures and company histories. *See, e.g.*, Dkt. 430-1 at 3–6, 9, 12–15. The redacted exhibits include individual purchase records of Plaintiff Larsen (Dkt. 427-7), customer service inquiries (Dkt. 427-9–15), and High 5's communications with advertising vendors (Dkt. 427-16–17).

Consistent with Local Civil Rule 5(g), as a party "wishing to file a confidential document it obtained from another party in discovery," H5E filed its motion to seal the document designated confidential by Larsen (Dkt. 427-7) but H5E's position is that the materials do not warrant sealing. *See* W.D. Wash. Local Civ. R. 5(g)(3). "[T]he party who designated the document confidential must satisfy" those standards "in its response to the motion to seal or in a stipulated motion" (*id*.), but Larsen withdrew his confidentiality designation of Dkt. 427-7 after conferring with H5E, and instead provided H5E a redacted version of the document.

The permanent injunction exhibits include messages High 5 customers sent to customer service representatives and deposition testimony from Larsen regarding gambling addiction. Dkt. 438-1, 438-4–5. The partial summary judgment exhibits include an advisory legal opinion

commissioned by High 5 (Dkt. 435-2) and an independent auditor's report on High 5's finances (Dkt. 435-3). Consistent with Local Civil Rule 5(g), as a party "wishing to file a confidential document it obtained from another party in discovery," Larsen filed its motion to seal the documents designated confidential by High 5 (Dkt. 435-2–3) but takes no position on whether the materials require sealing. *See* W.D. Wash. Local Civ. R. 5(g)(3). "[T]he party who designated the document confidential must satisfy" those standards "in its response to the motion to seal or in a stipulated motion." *Id*. H5E has asserted that the partial summary judgment exhibits contain sensitive legal research in the form of a commissioned legal opinion, and complete financial statements that comprise sensitive internal business and financial information unrelated to the public's understanding of this litigation. Dkt. 448.

## II. DISCUSSION

A court considering a sealing request starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome this presumption and seal court records relating to a dispositive motion must provide "compelling reasons" that are "sufficiently specific" for doing so. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). The Ninth Circuit has recently reminded district courts that any decision ordering the sealing of records must offer "compelling reasons and specific factual findings," and that a district court abuses its discretion when it fails to articulate both requirements. *Drammeh v. Uber Technologies, Inc.*, No. 22-36038, 2024 WL 4003548, at *3–4 (9th Cir. Aug. 30, 2024).

### A.     Deposition Excerpts

The deposition excerpts generally discuss High 5 and H5E's corporate and ownership structures and company history. Although it contains some broad discussion of the companies' valuation, the information lacks detail, and the Court has already unsealed similar testimony. *See*

Dkt. 350 at 3. H5E's one-sentence assertion that information about the valuation of itself or High 5 could be used unfairly by competitors is conclusory and not supported by a specific factual basis. The companies' respective valuation is also relevant to the merits of the pending dispositive motions. The strong presumption in favor of public access outweighs the business concerns H5E expresses over the general information contained in the deposition excerpts. Accordingly, H5E's motion to seal (Dkt. 429) is DENIED IN PART as to the deposition excerpts (Dkt. 427-1; Dkt. 430-1).

      **B.**    **Redacted Exhibits**

The first of the redacted exhibits contains Plaintiff Larsen's personal purchase history. Dkt. 427-7. Plaintiffs' counsel has redacted Larsen's credit card numbers, personal email address, and limited records of purchases unrelated to the topic of this litigation. *See, e.g.*, *id.* at 3–144, 146, 179. The Court finds that Larsen has a compelling privacy interest in this information, and because the information has no relevance to the substance of this case, his privacy interest outweighs the public's interest in access to court records. H5E's motion to seal Dkt. 427-7 is GRANTED, and this exhibit will remain in redacted form.

The second set of redacted exhibits are documents that contain personally identifying information of High 5's customers. Dkt. 427-9–427-15. The Court finds that the customers have a compelling privacy interest in their personally identifying information, and that because the information is not relevant to the merits of this litigation, their privacy interest outweighs the public's interest in access to court records. H5E's motion to seal these exhibits is GRANTED, and they will remain in redacted form. *See, e.g.*, *Silver Fern Chem., Inc. v. Lyons*, No. 2:23-cv-00775-TL, 2023 WL 4624477, at *2 (W.D. Wash. July 19, 2023) (explaining that courts regularly seal information to protect "customers whose identities are not generally known to the

public and who have an interest in maintaining their privacy" when the information is "inconsequential to the merits of the underlying dispute" (cleaned up)).

The third set of redacted exhibits are partially redacted contracts between High 5 and advertising platforms. Dkt. 427-16, 427-17. H5E has not offered a factual basis for why these exhibits should be sealed. *See* Dkt. 429 at 3. H5E's motion to seal these exhibits is DENIED, and H5E is ORDERED to file unredacted copies of these exhibits within 7 days of this Order's entry.

### C. Permanent Injunction Exhibits

The permanent injunction exhibits (Dkt. 438-1, 438-4, 438-5) are unredacted versions of publicly-filed exhibits that contain personally identifying information of High 5's customers such as email addresses, home addresses, and usernames. For the reasons previously explained, the Court agrees with the parties that there is a compelling privacy interest in sealing this information that outweighs the public's interest in accessing court records. Accordingly, Larsen's motion to seal (Dkt. 434) is GRANTED IN PART as to the unredacted permanent injunction exhibits (Dkt. 438-1, 438-4–5) and these exhibits will remain under seal.

### D. Partial Summary Judgment Exhibits

The partial summary judgment exhibits contain an advisory legal opinion commissioned by High 5 discussing the same legal questions examined by the Court in this litigation (Dkt. 435-2) and an independent auditor's report regarding High 5's financial statements (Dkt. 435-3).

High 5 and H5E have not offered a specific factual basis or compelling reasons for sealing the commissioned legal opinion. They concede the document is not protected by attorney-client privilege and that it was shared with third parties. Dkt. 448 at 2–3. They offer only the conclusory statement, unsupported by evidence, that "[t]his information could be used unfairly by competitors to harm High 5's business interests." This is insufficient to meet the compelling reasons standard. Larsen's motion to seal (Dkt. 434) is DENIED IN PART as to the

exhibit at Dkt. 435-2 and this exhibit will be ordered unsealed.

In contrast, High 5 and H5E have provided a sufficient factual basis and authority for sealing the exhibit at Dkt. 435-3, which contains High 5's "complete and audited consolidated financial statements from 2022." Dkt. 448 at 3. The Court finds that this exhibit contains detailed information on High 5's assets, liabilities, revenues, costs, cash flow, and equity that could harm High 5's business interests if made public and goes beyond what is related to the public's understanding of this litigation. High 5 has a compelling interest in keeping this material confidential, and that interest outweighs the public interest in access to court records. *See Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. C17-1340-BHS, 2019 WL 6829886, at *1–2 (W.D. Wash. Dec. 13, 2019) (sealing documents containing "specific historical, present, and projected financial data," "sales and distribution figures, and financial figures and projections"). Larsen's motion to seal (Dkt. 434) is GRANTED IN PART as to Dkt. 435-3.

E.  **Larsen's Motion for Permanent Injunction, Larsen's Motion for Partial Summary Judgment, and H5E's Motion for Summary Judgment**

There is "a strong presumption in favor of access to court records" (*Foltz*, 331 F.3d at 1135) and a party seeking to overcome this presumption must provide "compelling reasons" that are "sufficiently specific" for doing so. *Kamakana*, 447 F.3d at 1183. Larsen moves to file under seal unredacted copies of his Motion for Permanent Injunction and Motion for Partial Summary Judgment because they contain brief references to information contained in sealed exhibits.

On the Court's review of the redactions, the references to sealed material are isolated, brief, and limited to material that goes to the merits of the dispositive motions. The Court finds that these minimal references do not present the same risk of harm to privacy or business interests as the sealed exhibits in their entirety, and there are not compelling reasons for keeping this information sealed from the public. Accordingly, Larsen's unredacted Motion for Permanent

Injunction (Dkt. 435) and Motion for Partial Summary Judgment (Dkt. 438) will be unsealed, and Larsen's motion to seal those motions is DENIED.

H5E's motion to seal its own Motion for Summary Judgment was based solely on a reference in that motion to material contained in the exhibit at Dkt. 430-1, which the Court has already ordered unsealed. H5E's motion to seal the unredacted version of its summary judgment motion is DENIED.

### III.  CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

- High 5's motion to seal (Dkt. 429) is GRANTED IN PART and DENIED IN PART. The Clerk is directed to UNSEAL the documents at Dkt. 430 and 430-1 and High 5 is directed to file unredacted versions of Dkt. 427-16 and 427-17 within 7 days of this Order's entry.

- Larsen's motion to seal (Dkt. 434) is GRANTED IN PART and DENIED IN PART. The Clerk is directed to UNSEAL the documents at Dkt. 435, 435-2, and 438.

Dated this 6th day of September, 2024.

Tiffany M. Cartwright
United States District Judge