UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PTT, LLC, doing business as High 5 Games, LLC; HIGH 5 ENTERTAINMENT LLC,<br><br>Defendants. | Case No. 3:18-cv-05275-TMC<br><br>ORDER GRANTING DKT. 457 MOTION TO FILE REDACTED EXHIBITS |

Before the Court is Defendant High 5 Entertainment LLC's ("H5E") motion (Dkt. 457) to file redacted versions of Exhibits 10–18 to the declaration of Craig Stewart (Dkt. 456) in support of H5E's opposition to Plaintiff Rick Larsen's motion for partial summary judgment.

The exhibits at issue, Dkt. 456-10–18, are identical to the exhibits at Dkt. 427-9–17 previously addressed by this Court's order at Dkt. 470. In that order, the Court found that the first six exhibits (which contain personally identifying information of High 5's customers) warranted sealing, but that the final two exhibits (which consist of contracts between High 5 and advertising platforms) did not. Dkt. 470 at 4–5. Following that order, H5E withdrew its request to redact the advertising contracts in this motion and filed unredacted versions of those contracts

ORDER GRANTING DKT. 457 MOTION TO FILE REDACTED EXHIBITS - 1

on the public docket. *See* Dkt. 471. All that remains at issue in this motion is the customer documents the Court previously ordered could remain in redacted form.

A court considering a sealing request starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome this presumption and seal court records relating to a dispositive motion must provide "compelling reasons" that are "sufficiently specific" for doing so. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). The Ninth Circuit has recently reminded district courts that any decision ordering the sealing of records must offer "compelling reasons and specific factual findings," and that a district court abuses its discretion when it fails to articulate both requirements. *Drammeh v. Uber Technologies, Inc.*, No. 22-36038, 2024 WL 4003548, at *3–4 (9th Cir. Aug. 30, 2024).

The exhibits contain personally identifying information of High 5's customers. The Court's conclusion regarding these documents (Dkt. 427-9–15; Dkt. 456-10–16) remains the same as in its previous order at Dkt. 470. The customers have a compelling privacy interest in their personally identifying information, and because the information is not relevant to the merits of this litigation, their privacy interest outweighs the public's interest in access to court records. H5E's motion is GRANTED, and they will remain in redacted form. *See, e.g.*, *Silver Fern Chem., Inc. v. Lyons*, No. 2:23-cv-00775-TL, 2023 WL 4624477, at *2 (W.D. Wash. July 19, 2023) (explaining that courts regularly seal information to protect "customers whose identities are not generally known to the public and who have an interest in maintaining their privacy" when the information is "inconsequential to the merits of the underlying dispute" (cleaned up)).

For these reasons, the Court GRANTS H5E's motion to file Exhibits 10–16 (Dkt. 456-10–16) to the Declaration of Craig Stewart in redacted form (Dkt. 457).

1 | Dated this 27th day of September, 2024.

*[signature]*

Tiffany M. Cartwright
United States District Judge