UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PTT, LLC, doing business as High 5 Games, LLC; HIGH 5 ENTERTAINMENT LLC,<br><br>Defendants. | Case No. 3:18-cv-05275-TMC<br><br>ORDER GRANTING DKT. 462 MOTION TO FILE REDACTED EXHIBITS |

Before the Court is Defendants High 5 Games and High 5 Entertainment's (together, "H5E") motion (Dkt. 462) for leave to file redacted versions of Exhibits 3 and 5 to the Declaration of Craig Stewart (Dkt. 459) in support of H5E's Opposition to Plaintiff Rick Larsen's Motion for Permanent Injunction. The documents at issue are:

(1) Exhibit 3 (names, notes on, and other identifying information of H5E customers) to the Declaration of Craig Stewart (Dkt. 459-3); and

(2) Exhibit 5 (containing sensitive mental health information) to the Declaration of Craig Stewart (Dkt. 459-5).

The two exhibits as filed are in redacted form.

ORDER GRANTING DKT. 462 MOTION TO FILE REDACTED EXHIBITS - 1

   A court considering a sealing request starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome this presumption and seal court records relating to a dispositive motion must provide "compelling reasons" that are "sufficiently specific" for doing so. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). The Ninth Circuit has recently reminded district courts that any decision ordering the sealing of records must offer "compelling reasons and specific factual findings," and that a district court abuses its discretion when it fails to articulate both requirements. *Drammeh v. Uber Technologies, Inc.*, No. 22-36038, 2024 WL 4003548, at *3–4 (9th Cir. Aug. 30, 2024).

   Exhibit 3 (Dkt. 459-3) contains personally identifying information of H5E customers that the Court has previously determined meets the standard to seal. The Court concludes that the customers have a compelling privacy interest in their personally identifying information, and that because the information is not relevant to the merits of this litigation, their privacy interest outweighs the public's interest in access to court records. H5E's motion to file the redacted version of Exhibit 3 is GRANTED, and it will remain in redacted form. *See, e.g.*, *Silver Fern Chem., Inc. v. Lyons*, No. 2:23-cv-00775-TL, 2023 WL 4624477, at *2 (W.D. Wash. July 19, 2023) (explaining that courts regularly seal information to protect "customers whose identities are not generally known to the public and who have an interest in maintaining their privacy" when the information is "inconsequential to the merits of the underlying dispute" (cleaned up)).

   Exhibit 5 (Dkt. 459-5) contains sensitive mental health information of a H5E customer not relied on in the motions to which it is associated. The Court concludes that the customer has a compelling privacy interest in their mental health information and that because the information is not relevant to the merits of this litigation, their privacy interest outweighs the public's interest in access to court records. H5E's motion to file the redacted version of Exhibit 5 is GRANTED,

and it will remain in redacted form. *See, e.g.*, *Silver Fern Chem.*, 2023 WL 4624477, at *2.

For the reasons explained above, the Court GRANTS H5E's motion to file redacted versions of Exhibits 3 and 5 (Dkt. 459-3; Dkt. 459-5) to the Declaration of Craig Stewart (Dkt. 459) in support of H5E's Opposition to Plaintiff Rick Larsen's Motion for Permanent Injunction. The exhibits will remain in redacted form as filed.

Dated this 27th day of September, 2024.

Tiffany M. Cartwright
United States District Judge