|   |   |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>PTT, LLC, doing business as High 5 Games, LLC; HIGH 5 ENTERTAINMENT LLC, <br><br>Defendants. | Case No. 3:18-cv-05275-TMC <br><br>ORDER GRANTING IN PART AND DENYING IN PART DKT. 465 MOTION TO SEAL |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

## I. INTRODUCTION AND BACKGROUND

Before the Court are Plaintiff Rick Larsen's motion for leave to file under seal (Dkt. 465) portions of Exhibit 4 and the entirety of Exhibits 9 and 11 to the Declaration of Brandt Silver-Korn (Dkt. 468) in support of Larsen's Response (Dkt. 467) to Defendants High 5 Games and High 5 Entertainment's (together, "H5E") Motion for Summary Judgment or to Compel Arbitration (Dkt. 430). The documents at issue are:

(1) Exhibit 4 (corporate governing document for H5E) to the Declaration of Brandt Silver-Korn (Dkt. 468-4;

(2) Exhibit 9 (financial statement of H5E) to the Declaration of Brandt Silver-Korn

ORDER GRANTING IN PART AND DENYING IN PART DKT. 465 MOTION TO SEAL - 1

(Dkt. 468-9); and

(3) Exhibit 11 (H5E-commissioned legal counsel advisory opinion) to the Declaration of Brant Silver-Korn (Dkt. 468-11).

Consistent with Local Civil Rule 5(g), as a party "wishing to file a confidential document it obtained from another party in discovery," Larsen filed his motion to seal documents designated confidential by H5E (Dkt. 465). *See* W.D. Wash. Local Civ. R. 5(g)(3). "[T]he party who designated the document confidential must satisfy" those standards "in its response to the motion to seal or in a stipulated motion." *Id*. In its response to Larsen's motion, H5E withdrew its confidentiality designation for Exhibit 11 (Dkt. 468-11).

A court considering a sealing request starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to overcome this presumption and seal court records relating to a dispositive motion must provide "compelling reasons" that are "sufficiently specific" for doing so. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). The Ninth Circuit has recently reminded district courts that any decision ordering the sealing of records must offer "compelling reasons and specific factual findings," and that a district court abuses its discretion when it fails to articulate both requirements. *Drammeh v. Uber Technologies, Inc.*, No. 22-36038, 2024 WL 4003548, at *3–4 (9th Cir. Aug. 30, 2024).

Exhibit 4 is a corporate governing document for H5E. Dkt. 468-4 Similar information is already in the public docket in this case and H5E has not sufficiently explained how the public availability of Exhibit 4 would cause them harm. H5E's corporate governance structure is material to the pending dispositive motions, and the Court finds that H5E has not shown a compelling privacy interest that would outweigh the public's interest in access to the Court's records. Larsen's motion to seal as to Exhibit 4 is DENIED.

ORDER GRANTING IN PART AND DENYING IN PART DKT. 465 MOTION TO SEAL - 2

Exhibit 9 (Dkt. 468-9) contains complete, audited financial statements of H5E. The Court has previously ordered this information sealed. *See* Dkt. 470 at 6. H5E has a compelling interest in keeping this material confidential, and that interest outweighs the public interest in access to court records. *See Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. C17-1340-BHS, 2019 WL 6829886, at *1–2 (W.D. Wash. Dec. 13, 2019) (sealing documents containing "specific historical, present, and projected financial data," "sales and distribution figures, and financial figures and projections"). Accordingly, Larsen's motion as to Exhibit 9 is GRANTED.

Exhibit 11 (Dkt. 468-11) is an advisory legal opinion commissioned by H5E, previously ordered unsealed by the Court. *See* Dkt. 470 at 5–6. H5E has withdrawn its confidentiality designation (*see* Dkt. 474 at 3) and Larsen's motion as to Exhibit 11 is accordingly DENIED.

For the reasons explained above, the Court ORDERS as follows:

- Larsen's motion to seal (Dkt. 465) is GRANTED IN PART and DENIED IN PART.
- Larsen is directed to file unredacted versions of Dkt. 468-4 and 468-11 within 7 days of this Order's entry.

Dated this 27th day of September, 2024.

_____
Tiffany M. Cartwright
United States District Judge