UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PTT, LLC, doing business as High 5 Games, LLC; HIGH 5 ENTERTAINMENT LLC, <br><br> Defendant. | Case No. 3:18-cv-05275-TMC <br><br> COURT'S PROPOSED VOIR DIRE |

## I. VOIR DIRE PROCESS

The Court will ask most questions in voir dire, based on the general questions asked in every case and questions adapted from the proposals by the parties. Voir dire will begin with each juror answering introductory questions about their hometown, their educational and work background, and their hobbies. The Court will then ask the proposed questions listed below and conduct follow-up questioning if necessary. After the Court's questions are finished, each side will be allowed 20 minutes of follow-up questions. During the attorney questioning, the Court will not allow questions that:

1. Have already been asked,

COURT'S PROPOSED VOIR DIRE - 1

2. Anticipate instructions on the law which have not yet been given,

3. Ask a juror to speculate or comment on his/her verdict if certain facts are proved,

4. Are in substance arguments of the case,

5. Solicit a juror's opinion as to law or legal terms,

6. Are clearly irrelevant or seek to establish improper rapport with a juror, or

7. Are grossly unfair or embarrassing to the juror, and where the average juror cannot know the answer.

After the attorney follow-up is completed, the Court will excuse the potential jurors and then discuss potential hardships and for-cause challenges with counsel. After the parties make any for-cause challenges, and the Court decides whom to excuse for hardship, each side will write down its 3 peremptory challenges on a form. The Court will then confirm the final makeup of the jury with counsel before having the potential jurors return and announcing the composition of the jury. The jury will have 8 members. All jurors will deliberate and the verdict must be unanimous.

## II. COURT'S PROPOSED VOIR DIRE

The Court plans to ask the following questions during voir dire in this case. The Court may modify the questions as necessary based on the circumstances of the voir dire process or time constraints.

1. This trial is expected to last for no more than **five** days. We will start each day at 9:00 a.m. and finish no later than 4:30 p.m. each day. We will have a morning break of fifteen minutes, a lunch break of an hour and a half, and an afternoon break of fifteen minutes. At the end of the last day, there is no time limit on the amount of time that the jury may deliberate. Is there any prospective juror who cannot be here for the anticipated duration of the trial? (explain hardship)

COURT'S PROPOSED VOIR DIRE - 2

2. Is there any health issue, physical problem, or persistent physical aggravation or other problem that would make it difficult for you to sit as a juror? (bad back, migraines, etc.)

3. [**Read Neutral Statement of the Case**]: Have any of you heard or read anything about this case?

4. Is there anything about the nature of this case that would cause any prospective juror to start the trial with any bias or prejudice, either one way or another?

5. I will now have counsel for the Plaintiff introduce themselves, their law firm, and the Plaintiff. [**Introduction by Plaintiffs' counsel.**] Does anyone know the Plaintiffs or their attorneys or law firms, or know anyone who works for the Plaintiffs' law firms?

6. I will now have counsel for the Defendant introduce themselves, their law firm, and the Defendant. [**Introduction by Defendants' counsel.**] Does anyone know the Defendant or their attorneys or law firm, or anyone who works for the Defendants' law firm?

7. I will now ask counsel for the Plaintiff to list all the witnesses that may be called to testify. Please raise your card if you believe that you know any of these witnesses. [**Plaintiff's Counsel reads names.**]

COURT'S PROPOSED VOIR DIRE - 3

8. I will now ask counsel for the Defendant to list any additional witnesses that may be called to testify. Please raise your card if you believe that you know any of these witnesses. [**Defense counsel reads names.**]

9. Do any of you know anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc.?

10. Does anyone have any training or work experience in the field of law?

11. Has anyone served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court? Have you ever served as the foreperson?

12. Has anyone ever testified before in any court proceeding, other than a deposition?

13. Does anyone know any of the other prospective jurors from any contact other than your meeting this morning?

14. This case involves online games or apps that the parties may refer to as social casino games or virtual slot machines. Have you, your family members, or close friends had any experience playing these types of games?

15. Has anyone here played the online games High 5 Casino or High 5 Vegas?

COURT'S PROPOSED VOIR DIRE - 4

16. Have you or a family member been employed by High 5 Games LLC or High 5 Entertainment LLC?

17. Have you or a family member been employed by Big Fish Games or Double Down Interactive?

18. Have you or a family member been employed by a company that develops social casino games?

19. Does anyone have any specialized training, education, or work experience in online game design or development?

20. Do you, a family member, or close friends have any specialized training, education, or experience with gambling?

21. Have you, a family member, or a close friend believe you have been harmed by gambling or by other games of chance?

22. Have you, a family member, or close friend struggled with addiction, including but not limited to gambling addiction?

23. Do you have strong feelings one way or the other about gambling or gambling addiction?

COURT'S PROPOSED VOIR DIRE - 5

24. Do any of you have any moral, religious, philosophical, or other beliefs that would prevent you from fulfilling your duties and responsibilities as a juror?

25. As a juror in this case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court. You must follow the court's instructions on the law even if you disagree with them. Is there any juror who can think of any reason why you would be unable or unwilling to follow the court's instructions of law?

26. If you were the plaintiff or defendant in this case, is there anyone who would not want a juror with your present state of mind sitting on the jury?

27. Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?

**[Attorney Follow-Up – 20 minutes per side]**

FINAL QUESTION: Having heard the questions put to you by the Court and the attorneys, is there any reason why you could not sit on this jury and render a fair verdict based on the evidence presented to you and the Court's instructions to you on the law?

Dated this 17th day of January, 2025.

Tiffany M. Cartwright
United States District Judge