UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PTT, LLC, doing business as High 5 Games, LLC; HIGH 5 ENTERTAINMENT LLC,<br><br>Defendant. | Case No. 3:18-cv-05275-TMC<br><br>ORDER ON JURY TRIAL |

### I.  ORDER

On January 14, 2025, the Court directed the parties to file supplemental briefs addressing (1) whether the Seventh Amendment requires a jury to decide whether to award treble damages under the Washington Consumer Protection Act ("CPA") when CPA claims are brought in federal court; and (2) if so, how the jury should be instructed. Dkt. 544. The parties filed their supplemental briefs on January 24, 2025. Dkt. 556, 557.

The parties agree that the Seventh Amendment and Federal Rule of Civil Procedure 38 provide a right to a jury trial in federal court on treble damages under the CPA. Dkt. 556 at 1–6; Dkt. 557 at 2–3. The Court agrees with that analysis in the parties' briefs, which tracks the

ORDER ON JURY TRIAL - 1

analysis of other courts in this district concluding that the enhanced damages provision of Washington's Insurance Fair Conduct Act, a similar statute, is subject to the Seventh Amendment's jury trial right. *See, e.g., F.C. Bloxom Co. v. Fireman's Fund Ins.*, No. C10-1603RAJ, 2012 WL 5992286 (W.D. Wash. Nov. 30, 2012); *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611JLR, 2015 WL 1188533 (W.D. Wash. Mar. 16, 2015), *aff'd*, 711 F. App'x 834, 838 (9th Cir. 2017).

For that reason, both actual and enhanced damages in the trial beginning February 3, 2025 will be submitted to the jury.

Defendant High 5 Games also argues in its supplemental brief that the CPA's enhanced damages provision is preempted by the Seventh Amendment, and that the correct remedy is to invalidate that provision when CPA claims are brought in federal court. Dkt. 557 at 3–6. This argument is essentially an untimely summary judgment motion, to which Plaintiff has had no opportunity to respond, and it cannot fairly be decided before trial begins in one week. If High 5 wishes to pursue this argument, it may do so in a post-trial motion under Rule 50.

It is so ordered.

Dated this 27th day of January, 2025.

Tiffany M. Cartwright
United States District Judge