1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>PTT, LLC, doing business as High 5 Games, LLC; HIGH 5 ENTERTAINMENT LLC<br><br>            Defendant. | Case No. 3:18-cv-05275-TMC<br><br>PRELIMINARY JURY INSTRUCTIONS |

## **COURT'S INSTRUCTIONS TO THE JURY**

Dated this 3rd day of February, 2025.

Tiffany M. Cartwright
United States District Judge

# INSTRUCTION NO. 1

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

1

### INSTRUCTION NO. 2

2        To help you follow the evidence, I will give you a brief summary of the positions of the

3  parties:

4        This case is a class action brought by Plaintiff Rick Larsen, a Washington resident. A

5  class action is a lawsuit brought by an individual on behalf of a larger group of individuals who

6  have similar legal claims. In this case, Mr. Larsen has brought a lawsuit, on behalf of himself and

7  a class, against PTT, LLC (doing business as High 5 Games, LLC). High 5 is a casino-themed

8  games provider that develops the content for land-based, mobile, online, and social casino

9  games. Social casino games are electronic social gaming applications where players play casino-

10  style games online using virtual coins.

11        During the relevant time period, High 5 ran and operated two social casino game

12  applications called High 5 Casino and High 5 Vegas. High 5 Casino and High 5 Vegas are

13  electronic social casino gaming applications. Virtual coins are used to play the games contained

14  in the social casino game applications.

15        Mr. Larsen claims that by offering High 5 Casino and High 5 Vegas to players in the state

16  of Washington, High 5 violated the Washington Recovery of Money Lost at Gambling Act and

17  Washington Consumer Protection Act. High 5 maintains that, under a reasonable interpretation

18  of the applicable law, it did not understand its social casino game applications offered in

19  Washington to be illegal gambling.

20        The Court has already decided that High 5 Casino and High 5 Vegas were illegal

21  gambling games in Washington under Washington's Recovery of Money Lost in Gambling Act

22  and Washington's Consumer Protection Act and that High 5 Games is liable for damages, i.e.,

23  the cumulative value of the virtual coins purchased by the Class in Washington between April 6,

24

2014, and October 1, 2022. Your task in this trial is to decide the amount of damages that the Plaintiff has proved.

1

**INSTRUCTION NO. 3**

2      The parties have agreed to certain facts. You must therefore treat these facts as having

3  been proved:

4      1.  Defendant High 5 Games, LLC ("High 5") develops and licenses software used in

5          physical gambling machines which are operated in casinos and in online gaming.

6      2.  High 5 also developed social casino game applications.

7      3.  High 5's social casino game applications were called High 5 Casino and High 5

8          Vegas.

9      4.  The Court has found that the virtual coins in High 5's social casino game applications

10         are "things of value" because they extend "the privilege of playing the game."

11     5.  Plaintiff Larsen represents a class of persons who purchased virtual coins while in

12         Washington while playing High 5 social casino game applications from April 6, 2014

13         through September 30, 2022.

14

15

16

17

18

19

20

21

22

23

24

PRELIMINARY JURY INSTRUCTIONS - 5

**INSTRUCTION NO. 4**

All parties are equal before the law and are entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO. 5**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 6**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits that are admitted into evidence;

(3)     any facts to which the lawyers have agreed; and

(4)     any facts that I instruct you to accept as proved.

**INSTRUCTION NO. 7**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 8**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**INSTRUCTION NO. 9**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 10**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# INSTRUCTION NO. 11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 12**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

1    Because you will receive all the evidence and legal instruction you properly may consider

2    to return a verdict: do not read, watch or listen to any news or media accounts or

3    commentary about the case or anything to do with it, although I have no information that

4    there will be news reports about this case; do not do any research, such as consulting

5    dictionaries, searching the Internet, or using other reference materials; and do not make

6    any investigation or in any other way try to learn about the case on your own. Do not visit

7    or view any place discussed in this case, and do not use the Internet or any other resource

8    to search for or view any place discussed during the trial. Also, do not do any research

9    about this case, the law, or the people involved—including the parties, the witnesses, or

10    the lawyers—until you have been excused as jurors. If you happen to read or hear

11    anything touching on this case in the media, turn away and report it to me as soon as

12    possible.

13    These rules protect each party's right to have this case decided only on evidence that has

14    been presented here in court. Witnesses here in court take an oath to tell the truth, and the

15    accuracy of their testimony is tested through the trial process. If you do any research or

16    investigation outside the courtroom, or gain any information through improper communications,

17    then your verdict may be influenced by inaccurate, incomplete, or misleading information that

18    has not been tested by the trial process. Each of the parties is entitled to a fair trial by an

19    impartial jury, and if you decide the case based on information not presented in court, you will

20    have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it

21    is very important that you follow these rules.

22    A juror who violates these restrictions jeopardizes the fairness of these proceedings. If

23    any juror is exposed to any outside information, please notify the court immediately.

24

## INSTRUCTION NO. 13

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

## INSTRUCTION NO. 14

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**INSTRUCTION 15**

After the attorneys have completed questioning of a witness, you will have the opportunity to write questions for the witness on a form and pass the form to me. I will review these questions and then confer with the attorneys at a sidebar. Attorneys may object to the questions at this time. Unless the rules of evidence do not permit a particular question, I will then ask the witness the questions on your behalf.  After your questions, if any, the attorneys may ask additional questions.

## INSTRUCTION 16

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION 17**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.