UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK LARSEN, individually and on behalf
of all others similarly situated,

                Plaintiff,

      v.

PTT, LLC, doing business as High 5
Games, LLC,

                Defendant.

CASE NO. 3:18-cv-05275-TMC

FINAL JURY INSTRUCTIONS

## COURT'S INSTRUCTIONS TO THE JURY

Dated this 6th day of February, 2025.

Tiffany M. Cartwright
United States District Judge

**INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**

All parties are equal before the law and are entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO. 3**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

**INSTRUCTION NO. 4**

2  The evidence you are to consider in deciding what the facts are consists of:

3        (1)     the sworn testimony of any witness;

4        (2)     the exhibits that are admitted into evidence;

5        (3)     any facts to which the lawyers have agreed; and

6        (4)     any facts that I instruct you to accept as proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**INSTRUCTION NO. 5**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 6**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 7**

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Other charts and summaries were shown to you to illustrate information brought out in the trial, but not admitted into evidence. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**INSTRUCTION NO. 8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case, if any;

    (5)    the witness's bias or prejudice, if any;

    (6)    whether other evidence contradicted the witness's testimony;

    (7)    the reasonableness of the witness's testimony in light of all the evidence; and

    (8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

FINAL JURY INSTRUCTIONS - 9

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 9**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

**INSTRUCTION NO. 10**

2       This case involves a class action lawsuit. A class action is a lawsuit that has been brought

3  by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All

4  of these people together are called a "class." The class representative who brings this action is

5  Rick Larsen.

6       In a class action, the claims of many individuals can be resolved at the same time instead

7  of requiring each class member to sue separately. If you find it appropriate, you may apply the

8  evidence at this trial to all class members. All members of the class will be bound by the results

9  of this trial. The fact that this case is proceeding as a class action does not mean any decision has

10  been made about what your verdict should be.

11       In this case, the Court has certified a Class consisting of all individuals in Washington

12  who purchased virtual coins on either High 5 Casino or High 5 Vegas after April 9, 2014 and

13  before October 1, 2022.

14

15

16

17

18

19

20

21

22

23

24

1

**INSTRUCTION NO. 11**

2    The parties have agreed to certain facts. You must therefore treat these facts as having

3    been proved:

4    1.  Defendant High 5 Games, LLC ("High 5") develops and licenses software used in

5        physical gambling machines which are operated in casinos and in online gaming.

6    2.  High 5 also developed social casino game applications.

7    3.  High 5's social casino game applications were called High 5 Casino and High 5

8        Vegas.

9    4.  The Court has found that the virtual coins in High 5's social casino game applications

10       are "things of value" because they extend "the privilege of playing the game."

11   5.  Plaintiff Larsen represents a class of persons who purchased virtual coins while in

12       Washington while playing High 5 social casino game applications from April 6, 2014

13       through September 30, 2022.

14

15

16

17

18

19

20

21

22

23

24

**INSTRUCTION NO. 12**

It is the duty of the Court to instruct you about the measure of damages. The Court has already determined that Defendant High 5 Games is liable for damages to Plaintiff Larsen and the Class for violating Washington's Recovery of Money Lost at Gambling Act and Consumer Protection Act. You must determine the amount of damages that were caused by these violations. The Court's decision that High 5 Games violated the Recovery of Money Lost at Gambling Act and the Consumer Protection Act should not influence you in deciding the amount of damages.

Plaintiff Larsen has the burden of proving damages by a preponderance of the evidence. The Court has determined that in this case, actual damages under the Recovery of Money Lost at Gambling Act and the Consumer Protection Act are measured by the cumulative value of virtual coins purchased by the Class in High 5 Casino and High 5 Vegas between April 9, 2014 and October 1, 2022. It is for you to determine what amount of damages have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**INSTRUCTION NO. 13**

Under the Consumer Protection Act, you may decide to award enhanced damages in addition to actual damages. In considering whether to award enhanced damages you may consider whether Plaintiff has proven that an enhanced award is necessary to 1) rehabilitate Plaintiff and the Class financially; 2) encourage private citizens to bring actions benefitting the public; 3) deter High 5 from engaging in similar conduct in the future; or 4) punish High 5 for its conduct. You may also consider whether High 5's violations were made under a good faith belief that its conduct was not improper.

You may award whatever enhanced damages you believe are appropriate, but the enhanced damages may not exceed twice the amount of the actual damages.

# INSTRUCTION NO. 14

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court

immediately and refrain from viewing such materials. Do not remove the computer or any

electronic data from the jury room, and do not copy any such data.

**INSTRUCTION NO. 15**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to

read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 16**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 17

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO. 18**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign, and date it, and advise the clerk that you are ready to return to the courtroom.