The Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>PTT, LLC (d/b/a HIGH 5 GAMES, LLC), a Delaware limited liability company, and HIGH 5 ENTERTAINMENT, LLC, a New Jersey limited liability company,<br><br>   Defendants. | NO. 3:18-cv-05275-TMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611**<br><br>Noting Date: March 21, 2025 |

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## INTRODUCTION

A jury in this case determined not only that Plaintiff and the Class were entitled to over $17 million in actual damages, but that they were entitled to over $7 million in enhanced damages under the CPA. High 5 again seeks to evade responsibility for the misconduct that led to that jury verdict—this time, by asking the Court to eliminate or reduce the jury's enhanced damages award. There is no basis for that request, and the Court should deny it.

## BACKGROUND

High 5 Casino and High 5 Vegas violate Washington's Recovery of Money Lost at Gambling Act, RCW 4.24.070 ("RMLGA"), and High 5's operation of these social casinos violates Washington's Consumer Protection Act, RCW 19.86 ("CPA"). In his Complaint, filed in 2018, Plaintiff pled both actual damages and treble damages under the CPA, as well as attorneys' fees and costs. Dkt. 1. Plaintiff also demanded a jury. *Id.* at 17.

Defendant High 5 Games filed its Answer to Plaintiff's Complaint on January 7, 2019, and its Answer to Plaintiff's Second Amended Complaint on March 14, 2024. In both, High 5 demanded "trial by jury on all issues so triable." Dkt. 60 at 12; Dkt. 369 at 15. Nowhere did High 5 plead an affirmative defense based on "preemption."

In January 2024, Plaintiff and High 5 Games filed cross motions for summary judgment. At no time did High 5 raise a "preemption" defense or argue that RCW 19.86.090 was unconstitutional as applied in this Court. *See generally* Dkts. 269, 317. In June 2024, the Court granted summary judgment in Plaintiff's favor as to High 5's liability, while reserving damages issues for the jury. *See* Dkt. 408.

As the parties prepared for trial, the Court requested briefing regarding whether the Seventh Amendment requires a jury to decide enhanced damages under CPA and how the jury

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 2

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

should be instructed. Dkt. 544. In response, Plaintiff and High 5 each submitted supplemental briefing contending that the Seventh Amendment provides a right to a jury trial on enhanced damages. Dkt. 556 at 1–6; Dkt. 557 at 2–3. Despite that concession, High 5 also argued—for the first time—that the CPA's enhanced damages provision is preempted by the Seventh Amendment. Dkt. 557 at 3–6. The Court rejected that argument as untimely and required High 5 to pursue it, if at all, in a post-trial motion. *See* Dkt. 563 at 2.

On February 7, the jury awarded Plaintiff Larsen $7,470.50 in actual damages and $4,183.48 in enhanced damages, and awarded the Class $17,742,855.64 in actual damages and $7,185,856.53 in enhanced damages. Dkt. 609.

## LEGAL STANDARD

"Under Rule 50 a party may renew a motion of for judgment as a matter law that was not granted by the Court." *Goldstine v. FedEx Freight Inc.*, C18-1164 MJP, 2021 WL 952354, at *1 (W.D. Wash. Mar. 11, 2021). Such a motion should be granted only "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)). "The district court must uphold the jury's award if there was any legally sufficient basis to support it." *Id.* (internal quotation omitted).

## ARGUMENT

**I.    The jury's award of enhanced damages was appropriate under Rule 38 and the Seventh Amendment.**

High 5 Games asks this Court to set aside the jury's award of enhanced damages on the basis that the Seventh Amendment's right to a jury trial "preempts" the application of RCW 19.86.090 in federal court. But High 5 fails to address the relevant choice of law analysis for a federal court sitting in diversity: the Court is required to apply state *substantive* law and

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 3

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

federal *procedural* law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 428 n.7 (1996). Because federal procedural law dictates that the parties had a right to try the issue of enhanced damages to a jury here, and because this Court has no obligation to apply state *procedural* law allocating such factfinding responsibility to a trial court, there is no conflict of law and no issue of "preemption" for the Court to address.

### A. Federal courts sitting in diversity are not bound to follow state law on the allocation of fact-finding responsibility between a jury and the court.

High 5's "preemption" argument is based RCW 19.86.090's provision that "the court" decide whether to award enhanced damages. But "[f]ederal courts, of course, are not bound by state law when allocating responsibility between the court and fact-finder." *Lewis v. Kansas City Life Ins. Co.*, 859 F.2d 154 (9th Cir. 1988). "The right to a jury trial in federal court is a question of federal law, even when the federal court is enforcing state-created rights and obligations . . . ." *Gipson v. KAS Snacktime Co.*, 83 F.3d 225, 230 (8th Cir. 1996). That remains true "even when a state statute or state constitution would preclude a jury trial in state court." *Id.*; *see also Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 538–39 (1958).

"An essential characteristic of [the federal] system is the manner in which, in civil common-law actions, it distributes trial functions between judge and jury . . . ." *Byrd*, 356 U.S. at 537. In *Byrd*, the Supreme Court held that the plaintiff was entitled to a jury trial notwithstanding contrary state law. *Id.* at 535. While South Carolina was entitled to "distribute the functions of its judicial machinery as it sees fit," *id.* at 536, its decision to assign the particular immunity question at issue to a judge was merely the "form and mode of enforcing the immunity" rather than a rule "intended to be bound up with the definition of the rights and obligations of the parties." *Id.* at 536; *see also TIG Ins. Co. v. Reliable Research Co.*, 334 F.3d 630, 637 (7th Cir. 2003) (explaining "judge/jury allocations in state courts do not bind federal

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

courts"). As such, the federal court sitting in diversity was not obligated to give effect to it. *Id.* at 536. The same is true here.

> **B.    The Court appropriately applied state substantive law and federal procedural law.**

It is a fundamental principle of our legal system that federal courts can override state procedural rules in favor of federal procedure. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010). Ignoring this longstanding precedent, High 5 completely overlooks the relevant analysis. Because the court must supplant any state procedural law in the CPA with federal procedural law, the initial question is not whether the Seventh Amendment preempts the CPA, but whether there is even a conflict to address.

A federal court sitting in diversity applies state substantive law and federal procedural law. *Gasperini*, 518 U.S. at 428 n. 7; *MKB Constructors v. Am. Zurich Ins. Co.*, C13-0611JLR, 2014 WL 2526901, at *5 (W.D. Wash. May 27, 2014). The court "must first determine whether [the federal rule] answers the question in dispute." *Shady Grove*, 559 U.S. at 398. "If so, [the court] will apply that rule—***even in the face of a countervailing state rule***—as long as it is constitutional and within the scope of the Rules Enabling Act, 28 U.S.C. § 2072." *In re Cnty. of Orange*, 784 F.3d 520, 527 (9th Cir. 2015) (emphasis added). Thus, if a federal rule applies, the court need not consider the state's purpose in passing the conflicting state law. *Shady Grove*, at 400–01; *see also Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1203 (10th Cir. 2012).

Here, Rule 38 is on point and is dispositive of High 5's arguments. It dictates that the "right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). Additionally, Rule 39 provides that "[w]hen a jury trial has been demanded under Rule 38, . . . trial on all issues so demanded must be by jury unless . . . there is no federal right to a jury trial." *Nw. Mut. Life Ins. Co. v. Koch*,

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

771 F. Supp. 2d 1253, 1255 (W.D. Wash. 2009). Thus, Rules 38 and 39 require the Court to submit the question of CPA enhanced damages to the jury so long as the Seventh Amendment provides the right to a jury on that question. As High 5, Plaintiff, and this Court all agree that the Seventh Amendment establishes a right to a jury trial on enhanced damages, *see* Dkt. 563, that is the end of the analysis, and the Court must apply Rule 38.

But even if the Court were to look beyond Rule 38, the state's allocation of fact-finding in the CPA is procedural and thus, there is no conflict in this Court supplanting it with federal procedure. "A substantive rule is one that creates rights or obligations, or is bound up with [state-created] rights and obligations in such a way that its application in the federal court is required." *In re Cnty. of Orange*, 784 F.3d at 527 (quotation omitted). "A procedural rule, by contrast, defines 'a form and mode of enforcing' the substantive right or obligation." *Id.* (quotation omitted). Numerous courts "have applied *Erie* to hold that the right to a jury trial is a federal procedural issue controlled by federal law." *Id.* at 528. Accordingly, Rule 38 is indeed "procedural." *F.C. Bloxom Co. v. Fireman's Fund Ins. Co.*, C10-1603RAJ, 2012 WL 5992286, at *5 (W.D. Wash. Nov. 30, 2012); *see also Jones*, 674 F.3d at 1206 ("Rule 38 governs procedure."). A rule "which allocates tasks between a judge and a jury—describes 'merely a form and mode of enforcing' the law." *In re Cnty. of Orange*, 784 F.3d at 529–30 (quoting *Byrd*, 356 U.S. at 536).

This conclusion is consistent with the policies underlying *Erie*, which require the Court "to consider whether application of the federal rule would (1) be 'outcome determinative,' (2) encourage 'forum-shopping' between state and federal courts, or (3) lead to 'inequitable administration of the laws.'" *Id.* at 528. "The *Erie* doctrine is rooted in the recognition that it would be unfair to permit 'the character or result of a litigation' to differ materially because it

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

had been brought in federal, rather than state court." *MKB Constructors*, 2014 WL 2526901, at *7 (quoting *Hanna*, 380 U.S. at 467). Here, applying the federal procedural rule to allow enhanced damages under the CPA to be tried to a jury would support each of these core principles. If, in contrast, a plaintiff could seek enhanced damages only in state court, the result would promote forum shopping and lead to inequitable results. *See Jones*, 674 F.3d at 1206 (holding that the court did not err in determining Rule 38 was procedural or in instructing the jury to determine punitive damages notwithstanding contrary state law); *F.C. Bloxom*, 2012 WL 5992286, at *5–6 (determining federal procedural law required a jury on enhanced damages under IFCA); *MKB Constructors*, 2015 WL 1188533 at *30–31 (same); *Koch*, 771 F. Supp. 2d at 1256 (same).

### C. There is no basis to vacate the jury's enhanced damages under RCW 19.86.090.

Because the Court here can apply state substantive law under the CPA and federal procedural law without conflict, there is no issue of law to "preempt," and no basis to invalidate the jury's enhanced damages award. The Court does not need to "rewrite" the CPA, as High 5 claims. *See* Dkt. 615 at 2, 6. High 5's argument that the Washington legislature "never contemplated" that a jury would determine such issues is mere self-serving speculation. *See* Dkt. 615 at 6. High 5 provides no legislative history or other authority to support its arguments. Moreover, this bold claim is undermined by Washington's Civil Rule 39(c), which expressly authorizes courts to "try an issue with an advisory jury," or order "a trial by jury with the consent of both parties" even when no right to a jury trial exists. And even if High 5 were correct that the Washington legislature "never contemplated" a jury would decide CPA enhanced damages, this federal court would not be bound by that lack of contemplation. *See MKB Constructors*, 2014 WL 2526901, at *6.

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Compounding the flaws in its analysis, High 5 relies almost exclusively on Washington state court decisions for its preemption argument. As an initial matter, those state cases fail to have any weight, as the question here is one of federal law. *See Shady Grove*, 559 U.S. at 404–05; *Gipson*, 83 F.3d at 230. But High 5's Washington cases are also inapplicable. Several are distinguishable in that they address a conflict between state substantive law and *substantive* constitutional rights, whereas the issue here is a purported conflict with federal *procedural* requirements under the Seventh Amendment and Rule 38. *See, e.g.*, *In re Parentage of C.A.M.A.*, 154 Wn.2d 52, 57–58, 69 (2005); *Jensen v. Henneford*, 185 Wash. 209, 53 P.2d 607 (1936). Moreover, even the cases that dealt with procedural issues did so under the confines of state law; they thus fail to have any applicability here, where the state court does not have to reckon with the Seventh Amendment, and where the state is bound to follow state procedural law. *See State v. Hughes*, 154 Wash. 2d 118 (2005); *In re Pers. Restraint of Hall*, 163 Wn.2d 346 (2008). There is no question that Rule 38 here is constitutional, was issued within the bounds of the Rules Enabling Act, and this Court is required to apply it here. *See*, *e.g.*, *Jones*, 674 F.3d at 1206.

### D. Defendant waived its preemption argument.

Setting aside the fact that High 5 is wrong on the law, High 5's motion fails for another reason: High 5 waived its "preemption" defense by failing to timely plead or assert it. High 5 first raised its new "preemption" defense to enhanced damages **ten days** before trial. It did not raise the argument at summary judgment, and it did not plead preemption as an affirmative defense in its Answers. *See generally* Dkts. 60, 317. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Although the word "preemption" does not expressly appear in Rule 8(c), a number of courts have held

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

preemption defenses waived when not asserted in the pleadings, at least where the preemption issue "implicates a mere choice of law rather than a choice of forum." *Taylor v. JP Morgan Chase*, 2011 WL 13175902, at *6 (C.D. Cal. Feb. 24, 2011); *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 447–48 (1st Cir. 1995); *Florida Health Sciences Center, Inc. v. Humana Medical Plan, Inc.*, 190 F. Supp. 2d 1297, 1303 (M.D. Fla. 2001)). By failing to raise to raise its preemption defense—or any related challenge—until ten days before trial, High 5 waived it.

## II. The Court should apply the enhanced damages cap on a per transaction basis.

The text of the CPA is plain: the enhanced damages award "**for violation of RCW 19.86.020** may not exceed $25,000." *See* RCW 19.86.090 (emphasis added). The Court's analysis of the statutory cap, therefore, focuses on the "violation" of RCW 19.86.020—not the "persons" entitled to bring suit.

### A. High 5 violated the Washington CPA with every transaction.

High 5 violated the CPA every time it accepted funds from individuals its games in Washington. There is no question that each individual class member would have been entitled to bring separate claims for CPA violations against High 5—High 5 argued as much in opposition to class certification. *See* Order Certifying Classes and Denying Permanent Inj., Dkt. 170 at 13 ("Defendant argues that the superior mechanism for resolving this dispute is for each player who lost money on High 5 Casino and High 5 Vegas to file an individual action."). Nor can there be any doubt that an individual plaintiff suing High 5 for violations of the CPA would be barred from bringing claims based on violations—i.e., *transactions*—that occurred outside the statute of limitations. *See, e.g.*, *Dillon v. Allstate Fire & Cas. Ins. Co.*, Case No. No. 3:22-cv-05339-RSM-TLF, 2022 WL 3588226, at *3; *State v. Living Essentials, LLC*, 8 Wn. App. 2d 1, 35 (2019); *see also* Dkt. 170 at 16 (certifying a damages class of individuals who purchased

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

virtual coins four years prior to the Complaint). Finally, there can be no doubt that a plaintiff who successfully sued High 5 for violation of the CPA (but did not receive a permanent injunction) could thereafter bring a separate lawsuit for CPA violations post-dating his successful jury verdict. Each transaction is therefore a separate violation of the statute.

Washington courts' interpretation of the CPA's related civil penalty provision reinforces this reading, insofar as Washington courts have declined to read "violation" to mean on a "per consumer basis." Specifically, "[u]nder RCW 19.86.140, every person who is liable to private parties for violations of RCW 19.86.020, .030, or .040 is *also* subject to a civil penalty if sought by the Attorney General." *Aungst v. Roberts Cont. Co., Inc.*, 95 Wn.2d 439, 442 (1981). The civil penalties provision provides that "[e]very person who violates RCW 19.86.030 or 19.86.040 shall pay a civil penalty of up to three times the unlawful gains or loss avoided as a result of each violation," and "[e]very person who violates 19.86.020 shall forfeit and pay a civil penalty of not more than $7,500 for each violation." *See* RCW 19.86.140. In interpreting what it means to be a "violation" for the purposes of the civil penalties provision, Washington courts have specifically *declined* to limit civil penalty "violations" to a per-consumer basis. Beginning with *Ralph Williams' N. W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298 (1976), the Washington Supreme Court has impliedly rejected the "unitary course of conduct" argument that High 5 makes here. *See* Dkt. 615 at 8 (citing *N. Seattle Health Ctr. Corp. v. Allstate First & Cas. Ins. Co.*, Case No. 14-1680JLR, 2016 WL 1643979 (W.D. Wash. Apr. 26, 2016)). Instead, the Court held that it would "decline to follow the one-violation-per-consumer rule." *Ralph Williams*, 87 Wn.2d at 316–17. The Court reasoned that where the complaining party was required to "prove divergent facts to establish a violation," the

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 10

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

defendant was liable for civil penalties for each such proof of divergent facts, and the award was not limited to penalties on a per consumer basis. *See id.*

Several Washington courts following *Ralph Williams* have extended this line of reasoning. In *State v. Comcast Cable Commc'ns Mgmt., LLC*, 16 Wn. App. 2d 664, 667 (2021), for example, the Court of Appeals found that the trial court erred by calculating "civil penalties for those subscribed to the Service Protection Plan without consent on a per-consumer basis, rather than on a per-account, basis." *Id.* at 689. Observing that "the Consumer Protection Act does not limit the possible number of violations to the number of aggrieved consumers," *id.* (internal quotation and alteration omitted), the Court reasoned that because Comcast had been required to "obtain consent for each account—not just each consumer"—that Comcast had "violated the Consumer Protection Act by subscribing accounts, rather than consumers, to the Service Protection Plan without consent," *id.* at 691. "As such, the trial court was statutorily required to assess civil penalties based on the number of **accounts** so subscribed," *id.* at 691 (emphasis added)—not the number of individuals—because each account subscription was a separate CPA violation. The Court of Appeals applied that same reasoning to separate cases finding that each deceptive mailer a defendant business mailed out "was a separate violation" of the CPA, *see State v. LA Invs., LLC*, 2 Wn. App. 2d 524, 547 (2018), as was each deceptive advertisement a different defendant business ran in Washington, *see Living Essentials*, 8 Wn. App. 2d at 37. The inquiry, in short, does not end with the number of class members.[1]

"Violation" of the CPA is not focused on a uniform course of conduct—violations can occur on

---

[1] High 5's continued reliance on *Smith v. Behr Process Corp.*, 113 Wn. App. 306, 346 (2002) is inapt. In *Smith*, the Court of Appeals held that the trial court erred in finding that it could order treble damages *only* to the named class representatives. *See id.*

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

a per misstatement (*see Ralph Williams*, 87 Wn.2d at 317), per account (*Comcast*, 16 Wn. App. 2d at 691), per mailer (*LA Invs., LLC*, 2 Wn. App. 2d at 547), per advertisement (*see Living Essentials*, 8 Wn. App. 2d at 37), or (as in this case) per transaction basis.

High 5's reliance on *Edmonds* is therefore inapposite. There, the court noted that while there were separate violations of the CPA, an enhanced damages award "must be based on the party's actual damages." The *Edmonds* plaintiff "sustained only one injury as a result of those violations, namely the loss of $5,001 in earnest money"—and the trial court could not enhance those actual damages more than once. *Edmonds v. John L. Scott Real Estate, Inc.*, 87 Wn. App. 834, 850 (1997). Here, there was not "one injury" stemming from High 5's violation of the CPA—there was a separate injury for each transaction under which High 5 collected money from its users. Nor is this case like *North Seattle*, where the court's analysis was cabined entirely to what Allstate had pleaded in its answer and third-party complaint. *See id.* at *3. Based *solely* on that pleading, the Court declined to treble damages for each separate invoice the plaintiff/third party defendants had issued. *See id.* at *5 & n.4. Importantly, the *North Seattle* court also noted that "in the context of this motion for default judgment, the court declines to exercise its discretion to award Allstate treble damages totaling more than $25,000." *Id.* at *5 n.4. That case, in short, does not stand for the blanket proposition that the Court cannot uphold the jury's treble damages determination on a per-violation basis—particularly considering more recent decisions from this Court that have considered separate violations to be potentially subject to separate $25,000 caps. *See, e.g.*, *Macho v. First Nat'l Ins. Co. of Am.*, 2017 WL 3712906, at *2 (W.D. Wash. Aug. 29, 2017).

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 12

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**B.     On a per-transaction basis, there is no need to limit the jury's award.**

The jury heard testimony in this case from Deanna Ishikawa that the maximum coin package High 5 offered was likely $1,800, *see* Dkt. 567-4 (Ishikawa Dep. 62:5–12), and none of the Platform data spreadsheets show any individual transactions exceeding that amount. Applying the jury's enhanced damages award to each transaction, therefore, would never hit the cap—and to answer the Court's first question, *see* Dkt. 611, there would be no need to apply any cap for a hypothetical plaintiff who sued High 5 individually and incurred $50,000 in actual damages, all in coin purchases smaller than $25,000.[2] That is, the Court could apply the 40.5% jury's enhanced damages award to each transaction and never hit the $25,000 cap.

**C.     The Court has sufficient evidence to cap transactions on a per-class member basis.**

Finally, should the Court decide to apply the cap on a per-class member basis, there is sufficient evidence in the record for the Court to apply that cap. The Court received the Platform spreadsheets into evidence. *See* ECF 602. While some of the versions of the Platform data given to the jury did have redactions for individual users (to avoid confidentiality/sealing concerns mid-trial), there is no reason the Court could not—with the assistance of either a class action administrator or presentations from counsel—determine the number of unique class members. *See, e.g.*, Dkt. 408 at 19–20 (noting that damages could be deal with on a claims procedure after trial). Indeed, Mr. Davis did just that, and he summarized that process during his testimony: specifically, Mr. Davis identified unique purchasers and summarized the number

---

[2] Though it waived this objection to the Court's proposed verdict form, High 5 now argues that the jury's different enhancement to Plaintiff Larsen requires decertification or that the $25,000 cap be applied to the entire Class. That position is nonsensical; this motion is about the *Class's* enhanced damages award, and High 5 points to no authority that the class representative cannot be awarded a different enhanced damages proportion.

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 13

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

of transactions (and total dollar amounts) by banded user class based on the Platform data. There is no reason that Mr. Davis (or a court-appointed administrator) could not make the same determinations with the same evidence post-verdict. And High 5 presents the Court with no evidence that the "matrices" provided to the jury in *Smith* are materially any different from the potential analysis the Court would undertake with the Platform data, *see* Dkt. 615 at 9—in fact, Plaintiff suspects the "matrices" produced in that case were nothing more than an "if a class member bought X product, they would be entitled to Y damages" calculation. The Court can do that same analysis with the Platform data entered into evidence and credited by the jury.

## CONCLUSION

The Court should deny High 5's motion to vacate the jury's verdict.

I certify that this memorandum contains 4,200 words, in accordance with the local civil rules.

DATED this 17th day of March, 2025.

>By: */s/Kaleigh N. Boyd*
>Cecily C. Jordan, WSBA #50061
>cjordan@tousley.com
>Kaleigh N. Boyd, WSBA #52684
>kboyd@tousley.com
>TOUSLEY BRAIN STEPHENS PLLC
>1200 Fifth Avenue, Suite 1700
>Seattle, Washington 98101
>Tel: 206.682.5600
>
>Todd Logan, WSBA #60698
>tlogan@edelson.com
>Brandt Silver-Korn*
>bsilverkorn@edelson.com
>Lauren Blazing*
>lblazing@edelson.com
>Max Hantel*
>mhantel@edelson.com
>EDELSON PC
>150 California Street, 18th Floor

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY THE STATUTORY CAP, PER DKT. #608, #611 - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

San Francisco, California 94111
Tel: 415.212.9300/Fax: 415.373.9435

Amy B. Hausmann*
abhausmann@edelson.com
EDELSON PC
350 N LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370/Fax: 312.589.6378

*Admitted *pro hac vice*

*Attorneys for Plaintiff and Class Counsel*

PLAINTIFF'S OPPOSITION TO DEFENDANT HIGH 5 GAMES, LLC'S
MOTION TO VACATE ENHANCED DAMAGES AWARD OR APPLY
THE STATUTORY CAP, PER DKT. #608, #611 - 15

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992