The Honorable Tiffany M. Cartwright

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

RICK LARSEN, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

PTT, LLC (d/b/a HIGH 5 GAMES, LLC), a Delaware limited liability company, and HIGH 5 ENTERTAINMENT, LLC, a New Jersey limited liability company,

*Defendants*.

No. 3:18-cv-05275-TMC

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## ORDER

The above-captioned matter came before this Court upon Plaintiff's Motion for Preliminary Approval of Class Action Settlement Agreement. Based upon the memoranda, declaration, and exhibits submitted, as well as the files and proceedings in this case, and good cause being shown, IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning ascribed to them in the Settlement Agreement (Dkt. # 724-1).

2. Plaintiff has moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The Court, having read and considered the Settlement Agreement and its exhibits, hereby preliminarily approves the Settlement Agreement in its entirety, subject to the Final Approval Hearing referred to in this Order, and finds that it will likely be able to (a) approve the Settlement under Federal Rule of Civil Procedure 23(e)(2) as fair, reasonable, and adequate, and (b) certify the Settlement Class for purposes of judgment on the Settlement.

**<u>Certification of the Settlement Class</u>**

3. The Court grants the Parties' request for certification of the following Rule 23 Settlement Class for the sole and limited purpose of implementing the terms of the Settlement Agreement, subject to this Court's final approval:

> [A]ll individuals in Washington who played or purchased virtual coins on either High 5 Casino or High 5 Vegas Applications after April 9, 2014 and before October 1, 2022, including persons as reasonably determined by billing address information, IP address information, or other information furnished by Platform Providers to be located in Washington or associated with purchases in Washington.[1]

[1] Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any

4. On January 21, 2021, the Court certified a Rule 23(b)(3) Damages Class and a Rule 23(b)(2) Injunctive Class (Dkt. #170), and on April 17, 2024, it denied Defendants' motion to decertify those classes (Dkt. #385). The proposed Settlement Class is materially the same as the previously certified classes and adds only an end date of October 1, 2022, a clarification that does not alter the Court's prior Rule 23 analysis and is consistent with the Court's instructions to the jury at trial (Dkt. #601 at 12). Accordingly, for the reasons set out in the Court's prior certification orders, and subject to the Final Approval Hearing and for purposes of settlement only, the Court finds that the Settlement Class satisfies the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

5. For purposes of settlement only, the Court preliminarily appoints Todd Logan, Brandt Silverkorn, Amy B. Hausmann, and Lauren Blazing of Edelson PC and Cecily C. Jordan of Tousley Brain Stephens PLLC as Class Counsel for the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel, having litigated this Action through class certification, summary judgment, trial, and judgment, and having developed and litigated substantially similar social casino class actions in this District.

6. For purposes of settlement only, the Court confirms the prior appointment of Plaintiff Rick Larsen as the Class Representative. The Court finds that Plaintiff will continue to fairly and adequately protect the interests of the Settlement Class.

**Preliminary Approval of the Settlement**

7. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fundamentally fair, adequate, and reasonable, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class. The

---

entity in which the Defendants or their parent has a controlling interest and their current or former officers, directors, and employees; (3) persons who properly execute and file a timely request for exclusion from the Settlement Class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

Court grants preliminary approval of the Settlement based upon the terms set forth in the Settlement Agreement.

8. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action mechanism and provides substantial relief to the Settlement Class—including a non-reversionary Settlement Fund with a minimum value of $12,000,000 and a maximum of $30,000,000, secured by the Security Agreement and the Stipulated Consent Judgments to be held in escrow, together with prospective relief for Washington players—without the risks, burdens, costs, or delay associated with continued litigation, post-trial motion practice, appeal, and potential judgment collection efforts. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys, conducted after more than seven years of adversarial litigation—including class certification, partial summary judgment on liability, a five-day jury trial, and entry of judgment—facilitated by mediator Robert A. Meyer of JAMS and informed by an independent forensic accounting review of Defendants' financial condition; (b) is sufficient to warrant dissemination of Notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendants or any other party.

9. The Court approves the creation of the High 5 Social Casino Settlement Trust and the Parties' execution of the Security Agreement, pursuant to which the Settlement Trust holds a security interest in Defendants' assets, securing Defendants' payment obligations under the Settlement Agreement. Upon its creation, the Settlement Trust shall constitute a qualified settlement fund under Treasury Regulation § 1.468B-1.

## <u>Notice and Settlement Administration</u>

10. The Court appoints JND Legal Administration as the Settlement Administrator and directs it to carry out the Notice Plan in conformance with the Settlement Agreement and the

schedule set forth in this Order, and to perform all other tasks that the Settlement Agreement requires of it. The Court directs the current notice administrator, Kroll, LLC, to transfer the URL for the Settlement Website, www.high5lawsuit.com, to the Settlement Administrator within seven (7) days of entry of this Order.

11. The Court approves, as to form and content, the notice of proposed class action settlement (the "Notice") in substantially the forms attached to the Settlement Agreement as Exhibits C, D, and E. The Court finds that the Notice Plan set forth in the Settlement Agreement and the forms of Notice: (a) constitute the best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights to object to the Settlement or to exclude themselves from the Settlement Class; (c) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the Due Process Clause of the United States Constitution, and all other applicable legal requirements. The Parties, by agreement, may revise the Notice and the Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

12. The Court directs the dissemination of the Notice in accordance with the Notice Plan and the schedule set forth in this Order. The Court approves the procedures for Settlement Class Members to opt out of, or object to, the Settlement as set forth in the Settlement Agreement, the Notice, and this Order.

13. The Notice Date shall be no later than thirty-five (35) days after entry of this Order. Within seven (7) days after entry of this Order, the Settlement Administrator shall update the Settlement Website in accordance with the Settlement Agreement.

14. The Court approves the form and content of the Claim Form attached to the Settlement Agreement as Exhibit A. The Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud and shall deny Claim Forms where there is

evidence of abuse or fraud, including by cross-referencing Approved Claims with the Class List. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of the Settlement Agreement, or (b) provide full and complete information as requested on the Claim Form. If a person submits a timely Claim Form by the Claims Deadline that is not otherwise complete, the Settlement Administrator shall give that person a reasonable opportunity to provide any requested missing information, which must be received by the Settlement Administrator no later than twenty-eight (28) days after the Claims Deadline.

**Exclusion from the Settlement Class**

15. Any Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator that is received on or before the Objection/Exclusion Deadline.

16. To be valid, a request for exclusion must: (a) state the individual's name; (b) identify the case by name, *Larsen v. PTT, LLC (d/b/a High 5 Games, LLC) and High 5 Entertainment, LLC*, No. 3:18-cv-05275-TMC (W.D. Wash.), or in some substantially similar, reasonably identifiable fashion; (c) state the individual's Player ID(s) and the email address(es) associated with the Applications; (d) state the individual's current telephone number, U.S. Mail address, and email address; (e) be physically signed by the individual seeking exclusion; and (f) contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class." The Settlement Administrator shall create a dedicated email address to receive exclusion requests electronically. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not received within the time specified, shall be invalid, and the individual submitting such a request shall be deemed to remain a Settlement Class Member and shall be bound by the Settlement Agreement, if approved. Any person who timely and properly requests exclusion

from the Settlement Class shall not: (i) be bound by any orders or Final Judgment entered in the Action; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs; each individual who seeks to opt out must send an individual, separately signed request to the Settlement Administrator that complies with all requirements of this paragraph.

**Objections to the Settlement**

17. Any Settlement Class Member who has not timely submitted a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, to the entry of a Final Approval Order and Final Judgment dismissing the Action with prejudice, to the Fee and Expense Award sought by Class Counsel, or to the requested incentive award to the Class Representative. To object, a Settlement Class Member must sign and file a written objection on or before the Objection/Exclusion Deadline.

18. To be valid, an objection must be presented in writing, must be personally signed by the objector, and must include: (a) any Player ID(s); (b) any email address(es) associated with the use of the Applications; (c) the objector's current telephone number, U.S. Mail address, and email address; (d) the specific grounds for the objection; (e) all documents or writings that the objector desires the Court to consider; (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing, either personally or through counsel, who must file an appearance or seek *pro hac vice* admission before the Final Approval Hearing.

19. All written objections must be filed with or otherwise received by the Court, and emailed or delivered by U.S. Mail to Class Counsel and Defendants' Counsel, no later than the Objection/Exclusion Deadline. An unrepresented Settlement Class Member may timely submit

objection papers to the Clerk of the Court; any objection made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system. Objections shall be sent to Class Counsel: Todd Logan, Edelson PC, 150 California Street, 18th Floor, San Francisco, California 94111, and Cecily Jordan, Tousley Brain Stephens PLLC, 1200 5th Avenue Suite 1700, Seattle, Washington 98101; and to Defendants' Counsel: William Gantz, Duane Morris LLP, 100 High St. Suite 2400, Boston, Massachusetts 02110, and Craig Stewart, Holland & Hart LLP, 555 17th St. Suite 3200, Denver, Colorado 80202.

20. Any Settlement Class Member who fails to timely file a written objection with the Court, and notice of their intent to appear at the Final Approval Hearing, in the manner prescribed above and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means, and shall be deemed to have waived any objections and to be forever barred from making any such objections in the Action or in any other action or proceeding.

21. Settlement Class Members cannot both object to and exclude themselves from the Settlement. Any Settlement Class Member who submits both a timely request for exclusion and a timely objection will be deemed to have excluded themselves from the Settlement Class, and their objection will be deemed void.

**Claims Deadline and Objection/Exclusion Deadline**

22. The Claims Deadline is scheduled for Friday, November 13, 2026, fifty-six (56) days following the Notice Date.

23. The Objection/Exclusion Deadline is scheduled for Friday, November 13, 2026, fifty-six (56) days following the Notice Date.

**Final Approval Hearing**

24. A Final Approval Hearing is scheduled for Monday, December 14, 2026 at 9:30 AM, at which the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved; (b) whether to approve Class Counsel's application for a Fee and Expense Award and the manner of its payment; (c) whether to approve the incentive award to the Class Representative; and (d) whether a Final Approval Order and Final Judgment should be entered dismissing the Action with prejudice. The Court may continue or adjourn the Final Approval Hearing without further notice to Settlement Class Members.

25. Class Counsel shall file a memorandum of points and authorities in support of their motion for approval of the Fee and Expense Award and an incentive award no later than Friday, October 30, 2026, at least fourteen (14) days before the Objection/Exclusion Deadline. The motion shall be promptly posted to the Settlement Website upon filing.

26. Class Counsel shall file a memorandum of points and authorities in support of the final approval of the Settlement Agreement no earlier than Friday, December 4, 2026, twenty-one (21) days following the Claims Deadline.

**Additional Provisions**

27. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class. Any changes to the schedule of Settlement proceedings shall be posted on the Settlement Website.

28. If the Settlement Agreement is terminated pursuant to its terms, or if final approval of the Settlement does not occur for any reason, this Order shall become null and void and shall not be used or cited thereafter by any person or entity, the certification of the Settlement Class for settlement purposes shall be void, and the Parties shall be restored to the *status quo ante* in the Action as of the date the Settlement Agreement was executed, with the Court's prior order granting class certification (Dkt. #170) governing.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2026.

The Honorable Tiffany M. Cartwright
United States District Judge