Honorable Tiffany M. Cartwright

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| RICK LARSEN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PTT, LLC (d/b/a HIGH 5 GAMES, LLC), a Delaware limited liability company, and HIGH 5 ENTERTAINMENT, LLC, a New Jersey limited liability company,<br><br>*Defendants*. | No. 3:18-cv-05275-TMC<br><br>**DECLARATION OF LAUREN BLAZING IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL NONPARTY APPLE INC. TO PRODUCE DOCUMENTS** |

Pursuant to 28 U.S.C. § 1746, I declare and state as follows:

1. I am a partner at Edelson PC and one of the attorneys appointed by the Court as Class Counsel for the Settlement Class. (Dkt. #726 ¶ 5.) I am entering this declaration in support of Plaintiff's Motion to Compel Nonparty Apple Inc. ("Apple") to Produce Documents.

2. I have personal knowledge of the matters stated herein, or knowledge based on my review of the docket and filings in this action and the files and records maintained by



EDELSON PC
150 California Street, 18th Floor,
San Francisco, California 94111
Tel: 415.212.9300 • Fax: 415.373.9435

Edelson PC in the ordinary course of its representation of Plaintiff and the Settlement Class. If called upon, I could and would competently testify to the matters stated herein.

3. The Court granted preliminary approval of the Parties' class action settlement on Friday, August 14, 2026. (Dkt. #726.) On Monday, August 17, 2026—the first business day following the Court's order—Class Counsel sent subpoenas seeking updated contact and transaction information for Settlement Class Members to counsel for each of the four Platforms, and promptly issued each subpoena for service. Plaintiff's process server produced an affidavit stating that subpoena to Apple was served on Apple's registered agent on August 17, 2026. The compliance date on the subpoena was August 31, 2026. Attached hereto as Exhibit 1 is a true and accurate copy of the subpoena to Apple, together with its proof of service.

4. On August 20, 2026, Tobias Snyder of Lewis & Llewellyn LLP confirmed by email that he would be covering the subpoena on Apple's behalf. I subsequently repeatedly met and conferred with Mr. Snyder in a good faith effort to resolve the matter without motions practice.

5. I met and conferred with Mr. Snyder by videoconference on August 24, 2026. On that call, Mr. Snyder represented that Apple intends to pull the requested data for the full class period and to produce it directly to JND.

6. I met and conferred with Mr. Snyder by phone again on August 27, 2026. On that call, Mr. Snyder stated that Apple had not yet begun processing the subpoena requests, citing internal IT issues, and identified three to four weeks as the fastest timeline for Apple's production. I asked that Apple commit to substantially complete its production by a date certain of September 18, 2026, more than four weeks after the subpoena was served, and explained that a date certain would allow Plaintiff to seek a reasonable extension of the notice schedule while avoiding the need for subsequent extensions. I memorialized that conversation in an email to Mr. Snyder the following day.



EDELSON PC
150 California Street, 18th Floor,
San Francisco, California 94111
Tel: 415.212.9300 • Fax: 415.373.9435

7. Later on August 28, 2026, Mr. Snyder responded in writing that Class Counsel "should not expect Apple to agree to a date certain for production, in particular with as fast a turnaround as September 18."

8. I spoke with Mr. Snyder again by phone on August 31, 2026, and sent Apple an updated draft protective order rider on September 1, 2026. On September 2, 2026, Mr. Snyder provided the following statement regarding Apple's production: "Often, data requests of the type requested by Plaintiffs can be fulfilled within three to four weeks. However, the exact timing depends on the data's scope and the current volume of other data requests to Apple, which impacts the burden on Apple's data teams. Plaintiffs' data request is in process." Attached hereto as Exhibit 2 are true and accurate copies of my written correspondence with Mr. Snyder.

9. I followed up with Mr. Snyder by phone on September 3, 2026, and he confirmed Apple would not provide a date certain for production. As of the date of this declaration, Apple has not committed to September 18, 2026, or to any other date certain for production.

10. Amazon, through its outside counsel at Davis Wright Tremaine, confirmed the scope of its production within days of service and has agreed to complete its production no later than September 18, 2026. Meta, through its outside counsel at Gibson, Dunn & Crutcher, committed on August 31, 2026 to substantially complete its production by September 14, 2026. Google confirmed on September 2, 2026 that it will substantially complete its production by September 18, 2026.

11. JND has advised Class Counsel that it needs the Platforms' data at least fifteen (15) days before the Notice Date in order to compile and validate the Class List and prepare mailed and emailed notice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of September 2026 at Oakland, California.

/s/ *Lauren Blazing*
Lauren Blazing



**EDELSON PC**
150 California Street, 18th Floor,
San Francisco, California 94111
Tel: 415.212.9300 • Fax: 415.373.9435